1  CRISTINA D. HERNANDEZ, Bar No. 283500
   GONZALEZ SAGGIO & HARLAN LLP
2  2 North Lake Avenue, Suite 930
   Pasadena, California 91001
3  Tel: (626) 440-0022
   Fax: (626) 628-1725
4  Email: Cristina_Hernandez@gshllp.com

5  CYNTHIA TSAI BRADY, Bar No. 265151
   MACY'S LAW DEPARTMENT
6  611 Olive Street, 10th Floor
   St. Louis, MO 63101
7  Tel: (314) 342-6375
   Fax: (314) 342-6066
8  Email: Cynthia.Brady@macys.com

9  Attorneys for Defendant
   MACY'S, INC.

10

11                 UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13  SHAKE TER PETROSSIAN,          Case No. CV13-09085 -JAK
                                   (JCx)
14          Plaintiff,
                                   DEFENDANT MACY'S, INC.'S
15     v.                          NOTICE OF REMOVAL OF ACTION
                                   UNDER 28 U.S.C. §§ 1332, 1441, 1446
16  MACY'S, MACY'S, INC., REVA
    SHERMAN-MATTHEWS, AND DOES 1   Complaint Filed: September 26, 2013
17  THROUGH 100 INCLUSIVE,         Trial Date: None Set

18          Defendants.

19

20      **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

21  **DISTRICT OF CALIFORNIA AND TO PLAINTIFF'S COUNSEL OF**

22  **RECORD:**

23      **PLEASE TAKE NOTICE THAT** Defendant Macy's, Inc. ("Defendant")

24  hereby provides notice of removal to the United States District Court for the Central

25  District of California of the following lawsuit: *Shake Ter Petrossian v. Macy's,*

26  *Macy's, Inc., Reva Sherman-Matthews, and Does 1 Through 100 Inclusive.*, Case No.

27  BC-522612, Los Angeles County Superior Court ("State Court Action").

28

                                   1.

## I.    DESCRIPTION OF THE ACTION

On September 26, 2013, Plaintiff Shake Ter Petrossian ("Plaintiff") filed the State Court Action against the Defendant. A true and correct copy of the Summons, Complaint and Civil Case Cover Sheet (collectively, "Complaint") are attached hereto as Exhibit A. The Complaint was served on Defendant Macy's, Inc. on or about October 15, 2013. On October 24, 2013, Defendant served Plaintiff with a Request for a Statement of Damages. A true and correct copy of Defendant's Request for Statement of Damages is attached hereto as Exhibit B. On November 7, 2013, Plaintiff served Defendant with a Statement of Damages (Personal Injury or Wrongful Death). A true and correct copy of Plaintiff's Statement of Damages is attached hereto as Exhibit C. Defendant answered Plaintiff's Complaint on November 13, 2013. A true and correct copy of Defendant's Answer and Defenses to Plaintiff's Complaint for Damages is attached hereto as Exhibit D. No other process, pleadings, or orders have been served or filed in this action.

In her Complaint, Plaintiff alleges six causes of action based upon theories of disability discrimination and wrongful termination. (*See generally* Compl. Ex. A). Plaintiff seeks to recover general damages in the amount of $600,000, special damages in the amount of $750,000 and punitive damages in the amount of $250,000. (*See* Statement of Damages, Ex. C).

## II.    BASIS FOR REMOVAL (DIVERSITY JURISDICTION, 28 U.S.C. § 1332)

### A.    Diversity of Citizenship Exists

This action is between citizens of different States.

Here, Plaintiff is a citizen of the State of California. The citizenship of a natural person for diversity purposes is determined by the person's domicile. *See Gilbert v. David*, 235 U.S. 561, 569 (1915). A person is domiciled in a location "where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Lew v. Moss*, 797 F.2d 747, 749-50 (9th

2.

1    Cir. 1986). "The intention to remain may be established by factors such as: current
2    residence; voting registration and practices; location of personal and real property;
3    location of brokerage and bank accounts; location of spouse and family; membership
4    in unions and other organizations; place of employment or business; driver's license
5    and automobile registration; and payment of taxes." *Kyung Park v. Holder*, 572 F.3d
6    619, 625 (2009) (citing *Lew*, 797 F.2d at 750).

7    The application of the *Lew* factors to the instant matter demonstrates that
8    Plaintiff is a citizen of the State of California.  Plaintiff states in her Complaint that
9    she is a resident of the County of Los Angeles in the State of California. (Compl. Ex.
10   A, ¶ 1).  Additionally, from 2006 until her termination in 2012, Plaintiff worked at
11   Macy's West Stores, Inc.'s Burbank Town Center, located at 200 East Cypress Ave.,
12   Burbank, California, 91502-1149.  (Compl. Ex. A, ¶ 9; Declaration of Avins, Exhibit
13   E, ¶ 3).  During her employment with Macy's, Plaintiff's W-2 Wage and Tax
14   Statements listed her address first in Sun Valley, CA 91352 (from 2006 through 2008)
15   and then in Glendale, CA 91205 (from 2009 through 2012). (Declaration of Linda
16   Harding, Exhibit H, ¶ 3).  Plaintiff's W-2 Wage and Tax Statements also demonstrate
17   that Macy's withheld California State income taxes and disability insurance taxes
18   from Plaintiff's pay.  (*Id.*) Other documents signed by Plaintiff further demonstrate
19   that Plaintiff's addresses during her employment with Macy's were either in Sun
20   Valley, California or Glendale, California.  (Avins Decl. Ex. E, ¶ 4).  Prior to her
21   employment at the Burbank Town Center store, Plaintiff attended Los Angeles City
22   College in Los Angeles, California from 2002-2004 and Mashdots College in
23   Glendale, California from 2004-2005. (*Id.*)

24   Defendant "Macy's" does not exist, and there is no incorporated entity named
25   "Macy's" in the Macy's, Inc. family of businesses.  (Declaration of Linda Balicki,
26   Exhibit F, ¶ 3).

27   Defendant Macy's, Inc. is a citizen of the States of Delaware, Ohio, and New
28   York. (Balicki Decl. Ex. F, ¶¶ 4-5).  A corporation is deemed to be a citizen of both its

1    state of incorporation and the state in which it maintains its principal place of

2    business. 28 U.S.C. § 1332(c)(1).  At the time Plaintiff filed the State Court Action,

3    Defendant Macy's, Inc. was and remains incorporated under the laws of the state of

4    Delaware. (Balicki Decl. Ex. F, ¶¶ 4-5).  Further, at the time Plaintiff filed the State

5    Court Action, Macy's, Inc.'s principal places of business were and remain located in

6    Cincinnati, Ohio and New York, New York. (*Id*).

7       Defendant Reva Sherman-Matthews[1] is a citizen of the State of Ohio.  Ms.

8    Sherman-Matthews is employed by Macy's Corporate Services, Inc. as an

9    Accommodation/Disability Manager and maintains an office at 7 West Seventh Street,

10    Cincinnati, Ohio 45202. (Declaration of Reva Sherman-Matthews, Exhibit G, ¶ 2).

11    Ms. Sherman-Matthews was born in Cincinnati, Ohio and has resided in Cincinnati,

12    Ohio since birth, with the exception of a few years during which she attended college

13    at a location outside of Cincinnati, Ohio. (*Id*. at ¶ 5).  Ms. Sherman-Matthews resides

14    in Cincinnati, Ohio with her spouse and also has siblings who live in the State of

15    Ohio. (*Id*. at ¶¶ 5-6).  Ms. Sherman-Matthews is also registered to vote in the State of

16    Ohio, pays Ohio state income taxes, holds an Ohio driver's license, has registered her

17    car in the State of Ohio, keeps her personal and real property in the State of Ohio and

18    has bank accounts which are located in the State of Ohio. (*Id*. at ¶¶ 7-11).  Ms.

19    Sherman-Matthews has never resided in the State of California and has never been a

20    citizen of the state of California. (*Id*. at ¶ 4).  Ms. Sherman-Matthews intends on

21    residing in the State of Ohio permanently and indefinitely. (*Id*. at ¶ 5).

22       The defendants designated in the Complaint as Does 1-100 are fictitious

23    defendants whose citizenship is to be disregarded for purposes of removal pursuant to

24    28 U.S.C. § 1441(a).  *See also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th

25    Cir. 2002).

26

27    [1] To date, Ms. Sherman-Matthews has not been served with the Summons and

28    Complaint in the State Court Action. (Ex. G, Decl. of Reva Sherman-Matthews, ¶ 3).

In accordance with 28 U.S.C. § 1332, there is complete diversity of citizenship because Plaintiff (California) and Defendants (Delaware, Ohio, and New York) are citizens of different States.  *See* 28 U.S.C. § 1332(a)(1),(c)(1).

## B.    The Amount in Controversy Exceeds $75,000.00

In her Summons and Complaint, Plaintiff does not allege the total amount of damages sought, alleging only that the State Court Action is an unlimited civil case where the damages sought exceed $25,000 and that she seeks judgment against Defendants for compensatory damages, punitive damages, interest, costs of suit and attorneys' fees and costs.  (*See* Compl. Ex. A).   However, Plaintiff states in her Statement of Damages that she seeks the following damages in the State Court Action: $350,000 for pain, suffering and inconvenience, $250,000 for emotional distress, $100,000 for medical expenses (to date), $100,000 for future medical expenses (present value), $50,000 for loss of earnings (to date), $500,000 for loss of future earning capacity (present value), and $250,000 in punitive damages. (Statement of Damages, Ex. C).

Based on the Complaint, the Statement of Damages (which demonstrates that the amount in controversy exceeds the $75,000 removal threshold), and the citizenship of the parties, the requirements for diversity jurisdiction under 28 U.S.C. § 1332 are met.

## III.   THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER

Based on the foregoing, this action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

Venue is proper in this district and division because the Los Angeles County Superior Court is located within the federal Central District of California and this is the "district and division embracing the place where such action is pending."   28 U.S.C. § 1441(a).

5.

1    As required by 28 U.S.C. § 1446(a), a copy of the Complaint and all other

2    papers served in the State Court Action as of the filing of this Notice of Removal are

3    attached hereto.

4    This Notice of Removal is filed within the time prescribed by 28 U.S.C.

5    §1446(b)(3) (within thirty (30) days after receipt by the defendant, through service or

6    otherwise, of a paper from which it may first be ascertained that the case is one which

7    is or has become removable).  Plaintiff served the Complaint on October 15, 2013.

8    (*See* Compl. Ex. A). The case stated by the Summons and Complaint was not

9    removable because it did not indicate whether the amount in controversy exceeded the

10   $75,000 removal threshold.   On November 7, 2013, Plaintiff's counsel served a

11   Statement of Damages, indicating that Plaintiff's damages exceed $75,000.   (*See*

12   Statement of Damages, Ex. C). Defendant Macy's, Inc. received this Statement of

13   Damages on November 18, 2013.   Defendant filed this Notice of Removal on

14   December 9, 2013.

15   True and correct copies of this Notice of Removal are being contemporaneously

16   served upon Plaintiff and filed with the Los Angeles County Superior Court of the

17   State of California, pursuant to 28 U.S.C. § 1446(d).

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

1    WHEREFORE, Defendant respectfully requests that this Court exercise

2  jurisdiction over the above-captioned action and issue such further orders and

3  processes as may be necessary herein.

4

5

6  Dated: December 9, 2013

7                                                      CRISTINA D. HERNANDEZ
                                                       Attorneys for Defendant MACY'S,
8                                                      INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7.

# EXHIBIT A



# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
**ORIGINAL FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

SEP 26 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MACY'S, MACY'S INC., REVA SHERMAN-MATTHEWS, AND DOES
1 THROUGH 100 INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SHAKE TER PETROSSIAN

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |

LOS ANGELES SUPERIOR COURT
111 NORTH HILL STREET
LOS ANGELES, CALIFORNIA 90012

**B C 5 2 2 6 7 2**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
NANCY P. DOUMANIAN, ESQ.          (818) 248-4700   (818) 248-4701
DOUMANIAN & ASSOCIATES
2626 FOOTHILL BOULEVARD, SUITE 250
LA CRESCENTA, CALIFORNIA 91214

| DATE: | John A. Clarke | Clerk, by | Amber Hayes | , Deputy |
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

SEP 26 2013

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* MACY's

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 10/5/12

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)
### Case Number _____

**B C 5 2 2 6 1 2**

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judicial officer indicated below . There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | Hon. Michael Johnson | 56 | 514 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Terry A. Green | 14 | 300 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Rita Miller | 16 | 306 | Hon. Mark Mooney | 68 | 617 |
| Hon. Richard E. Rico | 17 | 309 | Hon. William F. Fahey | 69 | 621 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Yvette M. Palazuelos | 28 | 318 | | | |
| Hon. Barbara Scheper | 30 | 400 | | | |
| Hon. Mary H. Strobel | 32 | 406 | **Hon. Emilie H. Elias** | **324** | **CCW** |
| Hon. Maureen Duffy-Lewis | 38 | 412 | **Hon. Elihu M. Berle\*** | **323** | **CCW** |
| Hon. Michelle R. Rosenblatt | 40 | 414 | OTHER | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | | | |
| Hon. Debre Katz Weintraub | 47 | 507 | | | |
| Hon. Elizabeth Allen White | 48 | 506 | | | |
| Hon. Deirdre Hill | 49 | 509 | | | |
| Hon. John L. Segal | 50 | 508 | | | |
| Hon. Abraham Khan | 51 | 511 | | | |
| ✓ Hon. Susan Bryant-Deason | (52) | 510 | | | |
| Hon. Steven J. Kleifield | 53 | 513 | | | |
| Hon. Ernest M. Hiroshige | 54 | 512 | | | |
| Hon. Malcolm H. Mackey | 55 | 515 | | | |

**\*Complex**

All cases designated as complex (other than class actions) are initially assigned to Judge Elihu M. Berle in Department 323 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk



# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MACY'S, MACY'S INC., REVA SHERMAN-MATTHEWS, AND DOES
1 THROUGH 100 INCLUSIVE

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
**CONFORMED COPY**
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

SEP 26 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SHAKE TER PETROSSIAN

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>LOS ANGELES SUPERIOR COURT<br>111 NORTH HILL STREET<br>LOS ANGELES, CALIFORNIA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>BC522672 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
NANCY P. DOUMANIAN, ESQ.                    (818) 248-4700   (818) 248-4701
DOUMANIAN & ASSOCIATES
2626 FOOTHILL BOULEVARD, SUITE 250
LA CRESCENTA, CALIFORNIA 91214

DATE:                                          John A. Clarke    Clerk, by   Amber Hayes            , Deputy
*(Fecha)*                                                      *(Secretario)*                       *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]   SEP 26 2013

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*                                      Page 1 of 1

**COPY**

09/25/2013                Ace Attorney Service (213) 623-7527                    COPY

1   NANCY P. DOUMANIAN, ESQ., SBN: 168925                    **CONFORMED COPY**
                                                              ORIGINAL FILED
2   *DOUMANIAN & ASSOCIATES*                               SUPERIOR COURT OF CALIFORNIA
    2626 Foothill Boulevard, Suite 250                        COUNTY OF LOS ANGELES
3   La Crescenta, California  91214
    Telephone:    (818) 248-4700                                  SEP 20 2013
4   Facsimile:    (818) 248-4701
                                                          John A. Clarke, Executive Officer/Clerk
5   Attorneys for Plaintiff, SHAKE TER PETROSSIAN            By Amber Hayes, Deputy

6

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

10                                              B C 5 2 2 6 1 2

11  SHAKE TER PETROSSIAN,                  CASE NO.  BC

12              Plaintiff,                 **COMPLAINT FOR DAMAGES**

13        v.                               (1)   Unlawful Discrimination on the Basis
                                                 of Physical Disability and Medical
14  MACY'S, MACY'S INC., REVA                    Condition in Violation of Fair
    SHERMAN-MATTHEWS, AND DOES 1                  Employment & Housing Act;
15  THROUGH 100 INCLUSIVE,                        [*Government Code §12940* et seq.];
                                          (2)   Disability Discrimination - Failure to
16              Defendants.                       Provide Reasonable Accommodation
                                                 in Violation of Fair Employment &
17                                               Housing Act [*Government Code
                                                 §12940(a)*];
18                                        *(3)*   Disability Discrimination – Failure to
                                                 Engage in the Interactive Process in
19                                               Violation of Fair Employment &
                                                 Housing Act [*Government Code
20                                               §12940 et seq.*];
                                          (4)   Wrongful Termination/Retaliatory
21                                               Discharge of Employment in Violation
                                                 of Public Policy;
22                                        (5)   Intentional Infliction of Emotional
                                                 Distress; and
23                                        (6)   Violation of California Family Rights
                                                 Act
24
                                          *[DEMAND FOR JURY TRIAL]*
25
26        COMES NOW Plaintiff *SHAKE TER PETROSSIAN* and for her causes of action     BY FAX

27  against Defendants *MACY'S, MACY'S INC., REVA SHERMAN-MATTHEWS, AND DOES 1*

28  *THROUGH 100 INCLUSIVE*, alleges as follows:

─────────────────────────────────────────────
                    COMPLAINT FOR DAMAGES

### *GENERAL ALLEGATIONS*

1.      The plaintiff dutifully served her employer for over six years in various sales capacities and was mistreated, discriminated against and summarily terminated by Macy's after she was diagnosed with a physical disability/medical condition which required medical treatment, surgical intervention, complex medical care and time off of work for medical treatment.    Plaintiff, **SHAKE TER PETROSSIAN** [hereinafter referred to as "TER PETROSSIAN" or "plaintiff"] resides in the County of Los Angeles, State of California.  This is her Complaint against her former employers, supervisors, individuals or managing agents of her former employer, for damages arising out of her mistreatment, abuse, wrongful termination and discrimination on the basis of physical disability/medical condition, retaliation, failure to accommodation, failure to engage in the interactive process, all in violation of the *California Fair Employment & Housing Act*, and other actionable conduct by the defendants.  Plaintiff seeks compensatory and punitive damages in this action as a result of defendants' illegal and wrongful conduct.

2.      Plaintiff sues fictitious Defendants **DOES 1 through 100**, inclusive pursuant to *California Code of Civil Procedure* § 474, because their names and/or capacities are not presently known.  Plaintiff will amend the Complaint when such facts become known.  Plaintiff is informed and believes and based thereon, alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged and that Plaintiff's damages were legally and/or proximately caused thereby.  Moreover, the acts committed by **EMPLOYER** as described herein were duly authorized and directed by its officers, directors and managing agents.  Additionally, **EMPLOYER** participated in the acts of its employees and managing agents as described herein, and ratified and accepted the benefits of such wrongful acts.

3.      At all times referenced herein, Defendant, **MACY'S**, was and is a business entity believed to be a California Corporation [hereinafter referred to as **"EMPLOYER" or**

- 2 -

1   "MACY'S"], with its principal place of business in Southern California, and operating

2   department stores throughout Southern California, and specifically within the County of Los

3   Angeles.    At all times relevant, this defendant was plaintiff's **EMPLOYER** and the

4   **EMPLOYER** of all managers and supervisors or other managing agents who supervised

5   plaintiff and as further identified herein.  Plaintiff further alleges that this defendant was the

6   corporate parent or other corporate affiliate of the other defendants and set the management,

7   employment, personnel and labor policies to be implemented by the other defendants, and also

8   obtained monetary profit or gain from the business operations of the other defendants in this

9   action. Plaintiff further alleges that this defendant was the corporate parent of the other

10   defendants and set the corporate, management, employment, personnel and labor policies to be

11   implemented by the other defendants, and also obtained monetary profit or gain from the

12   business operations of the other defendants in this action.

13       4.    At all times referenced herein, Defendant **MACY'S INC.,** was and is a business

14   entity, with its principal place of business in Southern California, and believed to be a California

15   Corporation [hereinafter referred to as **"EMPLOYER" or "MACY'S INC."**], and operating

16   department stores throughout Southern California, and specifically within the County of Los

17   Angeles.    At all times relevant, this defendant was plaintiff's **EMPLOYER** and the

18   **EMPLOYER** of all managers and supervisors or other managing agents who supervised

19   plaintiff and as further identified herein.  Plaintiff further alleges that this defendant was the

20   corporate parent or other corporate affiliate of the other defendants and set the management,

21   employment, personnel and labor policies to be implemented by the other defendants, and also

22   obtained monetary profit or gain from the business operations of the other defendants in this

23   action. Plaintiff further alleges that this defendant was the corporate parent of the other

24   defendants and set the corporate, management, employment, personnel and labor policies to be

25   implemented by the other defendants, and also obtained monetary profit or gain from the

26   business operations of the other defendants in this action.

27       5.    At all times referenced herein, Defendant **REVA SHERMAN-MATTHEWS**, is

28   and was a resident of the County of Los Angeles, State of California, and was employed as the

corporate defendants' Accommodation Disability Manager, whose job duties involved communicating with employees out of work due to industrial injuries, making decisions about whether an injured worker would be permitted to return to work, the interactive process, policies regarding accommodations in the work place, as well as exploring work place accommodations with those employees to facilitate their return to work. Plaintiff is informed and believes, and based thereon contends, that said defendant intentionally, purposefully, and recklessly provided assurances to the plaintiff that she submit the required documentation to support her request for a medical leave of absence and that her job was waiting for her at the close of her leave. However, at the same time, this defendant issued a notice of termination to the plaintiff while plaintiff was still on an approved medical leave of absence, and before the period of approved leave had expired. This individual defendant also directed correspondence or other inquiries to the plaintiff suggesting that medical documents to confirm the medical condition or physical disability were lacking or insufficient when such documents where in the defendants' possession. At all times herein mentioned, the employer was aware of the plaintiff's medical condition and physical disability inasmuch as the employer received all of the plaintiff's medical records and reports relating to the work injury. Plaintiff further alleges that this individual defendant is a management level employee for the corporate defendants' and was charged with setting company and corporate policy for Macy's regarding the company's policies for returning injured workers to work following an industrial injury, sufficient to render her a "managing agent" of the corporate defendants.

6.     This action is filed in this venue (the Central District of the Los Angeles Superior Court) pursuant to *California Rules of Court, Rule* 2.0, given the allegations of discrimination on and harassment. Consistent with *Local Rules of Court, Rule* 2.0, jurisdiction in the Central District of the Los Angeles Superior Court is proper.

7.     At all times relevant, defendant **EMPLOYERS** were entities subject to suit under the *California Fair Employment and Housing Act-- Government Code § 12900, et. seq.*, in that they regularly employs five or more persons. Plaintiff is informed and believes that the

1    defendant regularly employees ten thousand or more persons at all times referenced herein

2    within its Southern California store operations and corporate office locations.

3        8.    Plaintiff properly and timely complied with the requirements of the *Fair*

4    *Employment and Housing Act [F.E.H.A.]* and exhausted her administrative remedies against the

5    named defendants prior to the filing of this civil action on or about **JULY 3, 2013** and received

6    her right-to-sue letter on or about **JULY 3, 2013.**  Plaintiff has therefore timely and properly

7    filed this civil action.

8

9                          *FACTUAL BACKGROUND*

10       9.    Plaintiff SHAKE TER PETROSSIAN was first hired by **EMPLOYER** in or

11   about **2006** as a full times sales associate at the Macy's location found at 200 East Cypress

12   Avenue, Burbank, California.  The plaintiff remained continuously employed at this location in

13   the same capacity through the date of her wrongful termination.

14       10.   On or about **DECEMBER 7, 2011,** the plaintiff sustained an injury at work

15   which was promptly reported to the employer.  At that time, she was in the stock room retrieving

16   shoes for a waiting customer when a box of shoes fell off of the shelving causing and onto the

17   plaintiff.  To this end, one shoe fell out of the cascading boxes causing the heel of the shoe to

18   strike the plaintiff's eye.  In connection with this industrial injury, the plaintiff was diagnosed

19   with the following medical conditions/physical disabilities:  Amblyopia, Refractive,

20   Astigmatism, Myopia, Presbyopia (age related vision difficulty) and Pinguecula, and capsular

21   cataract.  The plaintiff later suffered medical complications and increased injuries following

22   surgeries for this work injury.  The plaintiff filed a claim for worker's compensation benefits

23   relating to this eye injury which was industrial in origin.

24       11.   The plaintiff underwent the first of four eye surgeries on **FEBRUARY 7, 2012**

25   relating to this work injury.  The plaintiff underwent a second eye surgery on or about

26   **FEBRUARY 17, 2012** relating to this work injury.  The plaintiff underwent two more eye

27   surgeries in 2012, one on **MAY 5, 2012** and a fourth on **AUGUST 2, 2012,** both of which were

28   relating to this work injury.  With each surgery, plaintiff was aware of the risk of the loss of

1  vision and retinal detachment, which risk plaintiff accepted as she intended to return to her

2  position at Macy's.  Following these surgeries, the plaintiff suffered retinal detachment affecting

3  her vision, which was a risk of the surgical procedures performed for the work injury.  This

4  unexpected medical complication required the plaintiff to extend her leave of absence so that she

5  could complete the appropriate post-operative recovery and rehabilitation.  Plaintiff was ready,

6  willing and able to return to work at the expiration of her medical leave of absence and fully

7  expected to resume her former position in shoe sales, with some reasonable accommodation for

8  her medical condition/physical disability.

9          12.     At all times during the periods of her post-operative recovery, the plaintiff kept

10  Macy's informed about her medical status and submitted to Macy's return to work notices or

11  status reports relating to her medical leaves of absence for this work injury.  There was no period

12  of time that plaintiff was away from work other than relating to an approved medical leave of

13  absence.   The plaintiff was on an approved medical leave of absence following the

14  FEBRUARY 2012 eye surgeries.  On or about MARCH 8, 2012, Macys approved a leave of

15  absence for the plaintiff through APRIL 11, 2012.    The plaintiff underwent additional eye

16  surgery for the work injury on or about MAY 5, 2012.  On or about MAY 9, 2012, Macys

17  approved a leave of absence for the plaintiff through JULY 8, 2012.  The plaintiff underwent

18  additional eye surgery for this work injury on AUGUST 2, 2012, and suffered post-operative

19  complications to include retinal detachment.  The plaintiff required additional time to recover

20  following her eye surgery for the work injury.  On or about AUGUST 23, 2012, Macys approved

21  a leave of absence for the plaintiff through SEPTEMBER 9, 2012.  On or about SEPTEMBER

22  13, 2012, Macy's approved a leave of absence for the plaintiff through NOVEMBER 26, 2012.

23  On or about SEPTEMBER 13, 2012, the plaintiff requested reasonable accommodation from

24  Macys to assist her in her return work at the expiration of her approved medical leave of absence.

25  The defendant employer never responded to plaintiff's requests for accommodation at any time.

26  The defendant employer never initiated any discussion about accommodations or the interactive

27  process with the plaintiff at any time prior to her termination.  It was plaintiff's intention to

28  return to work on NOVEMBER 26, 2012 at the expiration of her approved medical leave of

1  absence.  On or about **NOVEMBER 19, 2012**, and *prior* to the expiration of the plaintiff's

2  approved medical leave of absence which was confirmed as **NOVEMBER 26, 2012**, Macy's

3  informed the plaintiff in writing that she was being summarily terminated effective

4  **NOVEMBER 26, 2012**.

5       13.    Prior to this injury, the plaintiff was a good and valuable employee who received

6  praise and recognition for her work performance from co-workers, managers and supervisors at

7  Macy's.  Plaintiff received incremental pay increases, met Macy's commission and sales

8  expectations or quotas, and dutifully served the interests of her employer without incident.

9       14.    At all relevant times, plaintiff presented the **EMPLOYER** with her doctor's notes

10  confirming her medical condition and/or physical disability as well as work restrictions and/or

11  time off of work that was needed.  Plaintiff always kept her supervisors apprised of her medical

12  condition and physical disability, as well as her doctor's appointments and need for time off of

13  work to accommodate her medical condition.  Moreover, **EMPLOYER** had actual knowledge of

14  plaintiff's medical condition, physical disability, and need for accommodations, through the

15  plaintiff's worker's compensation matter which remains pending, as well as through information

16  received by the employer from the plaintiff.

17       15.    Despite her exemplary record, on **NOVEMBER 19, 2012**, plaintiff was

18  wrongfully terminated, retaliated against, mistreated and discriminated on the basis of her

19  medical condition and physical disability, without proper cause or justification following six

20  years of loyal and dutiful service to her **EMPLOYER**.

21

22       **FIRST CAUSE OF ACTION FOR UNLAWFUL DISCRIMINATION ON THE**

23       **BASIS OF PHYSICAL DISABILITY AND MEDICAL CONDITION IN**

24       **VIOLATION OF FAIR EMPLOYMENT & HOUSING ACT [*GOVT CODE***

25       ***SECTION 12940 ET SEQ.*] AGAINST DEFENDANTS MACY'S, MACY'S INC.**

26       **AND DOES 1 THROUGH 100 INCLUSIVE.**

27       16.    Plaintiff hereby incorporates by reference in this Complaint, Paragraphs 1 through

28  15, as though fully set forth herein.

- 7 -

COMPLAINT FOR DAMAGES

17.     At all times herein mention, *Government Code Sections* 12926 and 12940 et seq., were in full force and effect and binding upon **EMPLOYER** and defendants, and each of them. To this end, Section 12940(a) of the *Government Code* states that "it shall be an unlawful employment practice for an employer, because of the physical disability or medical condition of any person, to discriminate against that person."  Any such physical disability or medical condition as referenced herein includes but is not limited to perceived disability or medical conditions within the meaning of *Government Code Section* 12926(m).  Moreover, *Government Code Section* 12993(a) confirms that "FEHA declares that it its provisions shall be construed liberally for the accomplishment of the purposes thereof."

18.     The plaintiff alleges that defendants wrongfully discriminated against, retaliated and ultimately terminated her based on her medical condition and/or physical disability or her perceived physical disability or medical condition and further alleges as follows:  (1) That the defendants were the EMPLOYER of the plaintiff; (2) That the plaintiff was an employee of the defendants; (3) That the defendants knew of the plaintiff's medical condition and/or physical disability by virtue of her having reported the medical condition and/or physical disability to the employer and permitted the employer full access to her medical records; (4) That the plaintiff was able to perform her job duties with reasonable accommodation for her medical condition and/or physical disability; (5) That the plaintiff was subjected to various adverse employment actions by the defendants; (6) That the defendants failed and refused to reasonably accommodate or engage in the interactive process with the plaintiff; (7) That the plaintiff's medical condition and/or physical disability [or defendant's perception or belief that plaintiff had a medical condition or physical disability] was a motivating reason for the defendant's termination of plaintiff; (8) That the plaintiff was harmed by the defendant's wrongful and unjustified discrimination and termination both emotionally and financially; (9) That the defendant's wrongful discrimination and termination of the plaintiff was a substantial factor in causing the plaintiff's harm, injury and damages.

19.     A substantial or motivating factor in defendant's termination of the plaintiff and its failure to reasonably accommodate plaintiff or otherwise engage in a good faith interactive

process with her, is and was the plaintiff's physical disability, perceived disability, or medical condition (eye injury, retinal detachment and partial loss of vision) as set forth herein, her having filed a claim for industrial injuries relating to the subject injury, and her now being perceived by defendants as an unfit and undesirable employee due to her medical condition and physical disability.

20.     In so failing and refusing to reasonably accommodate the plaintiff, defendants engaged in an unlawful employment practice within the meaning of *Government Code Sections* 12940(a) and 12926 in violation of the California Fair Employment & Housing Act found at *Government Code Section* 12900 et seq.. Defendants engaged in various adverse employment actions towards the plaintiff culminating in plaintiff's termination.

21.     As such, defendants are liable for punitive damages under *Civil Code § 3294* arising from physical disability/medical condition discrimination against plaintiff as alleged under *Government Code §§ 12926 and 12940(j)(1)*.   At all times relevant, said disability discrimination against plaintiff and wrongful termination of plaintiff was fraudulent, malicious and oppressive as defined by *Civil Code* § 3294.

22.     In the event this Court finds that defendants are the sole and true employer entity of the plaintiff, then said defendants are liable for punitive damages under *Civil Code § 3294*, for the discriminatory treatment against plaintiff in violation of *Government Code § 12940(a)*.

23.     The discriminatory and retaliatory treatment of plaintiff in violation of *Government Code § 12940(a);* and discrimination of plaintiff on the basis of her medical condition and/or physical disability in violation of *Government Code §§ 12926 and 12940(j)(1)* were carried out by managerial and supervisory employees of defendants, acting in a despicable, deliberate, cold, callous, and intentional manner in order to humiliate, harm, injure and damage plaintiff.   Plaintiff is entitled to recover punitive damages from defendants pursuant to *Civil Code § 3294*, in an amount according to proof at trial.

24.     At all times relevant, defendants were aware of or otherwise ratified the unlawful discrimination on the basis of medical condition and/or physical disability against plaintiff by

- 9 -

COMPLAINT FOR DAMAGES

1  management and supervisory personnel as alleged herein, and as carried out by defendants'

2  management, supervisory employees and other managing agents.

3       25.    As a direct, proximate and legal result of the aforesaid acts of defendants, plaintiff

4  has lost and will continue to lose earnings and other employment benefits (i.e., medical, dental,

5  health insurance, vision, retirement, pension, 401k, etc.), and has suffered and or will suffer other

6  actual, consequential and incidental financial losses, in an amount to be proven at the time of

7  trial.  Plaintiff claims such amounts as damages together with prejudgment interest pursuant to

8  *Civil Code §§ 3287, 3288* and/or any other provision of law providing for prejudgment interest.

9       26.    As a direct, proximate and legal result of the aforesaid acts of defendants, plaintiff

10  has become mentally upset, severely emotionally distressed, frustrated, depressed, embarrassed,

11  fragile, humiliated and aggravated. Plaintiff claims non-economic or general damages for such

12  mental and emotional distress and aggravation in a sum in excess of the jurisdictional minimum

13  of the Superior Court.

14       27.    Further, and pursuant to *Government Code § 12965(b)*, plaintiff is entitled to and

15  requests reasonable attorney's fees, and all recoverable costs according to law.

16

17  **SECOND CAUSE OF ACTION FOR DISABILITY DISCRIMINATION –**

18  **FAILURE TO PROVIDE REASONABLE ACCOMODATION IN VIOLATION**

19  **OF FAIR EMPLOYMENT & HOUSING ACT [GOVT CODE SECTION 12940(m)**

20  **AGAINST DEFENDANTS MACY'S, MACY'S INC. AND DOES 1 THROUGH**

21  **100 INCLUSIVE.**

22       28.    Plaintiff hereby incorporates by reference in this Complaint, Paragraphs 1 through

23  27, as though fully set forth herein.

24       29.    At all times herein mention, *Government Code Sections* 12940(m) was in full

25  force and effect and binding upon defendants, and each of them.  To this end, Section 12940(m)

26  of the *Government Code* states that "it shall be an unlawful employment practice for an employer

27  to fail to make reasonable accommodation for the known physical or mental disability of an

28

COMPLAINT FOR DAMAGES

1 employee." Moreover, *Government Code Section* 12993(a) confirms that "FEHA declares that it

2 its provisions shall be construed liberally for the accomplishment of the purposes thereof."

3        30.     The plaintiff claims that defendants wrongfully discriminated against her and

4 failed to offer any reasonable accommodation for her physical disability and/or medical

5 condition, and further alleges as follows: (1) That the defendants were plaintiff's **EMPLOYER**;

6 (2) That the plaintiff was an employee of defendants; (3) That defendants treated plaintiff as if

7 she had a physical disability and/or medical condition that affected a major life activity; (4) That

8 the defendants knew of the plaintiff's physical disability and/or medical condition given the

9 plaintiff's workers compensation action accepted by the employer and which permitted the

10 employer unfettered access to information about her medical care; (5) That the plaintiff was able

11 to perform the essential functions of her job duties with reasonable accommodation for her

12 medical condition and/or physical disability; (6) That the defendants failed to provide reasonable

13 accommodation for the plaintiff's medical condition and/or physical disability; (7) That the

14 plaintiff was harmed both financially and emotionally by defendants' refusal to reasonably

15 accommodate her; and (8) That the defendants' failure to provide reasonable accommodation

16 was a substantial factor in causing the plaintiff's injury, damage and harm.

17        31.     Plaintiff is further informed and believes, and based thereon contends, that the

18 defendants could have easily and reasonably accommodated her medical condition and/or

19 disability in some of the following ways: (1) changing job responsibilities or work schedules; (2)

20 reassigning the plaintiff to a less physically demanding position; (3) modifying or providing

21 equipment and assistive devices to permit the plaintiff to do her job; or (4) providing other

22 similar accommodations for an individual with a physical disability or medical condition. The

23 plaintiff further contends that the defendants did not act in good faith in regards to initiating or

24 otherwise participating in the interactive process in regards to the plaintiff following industrial

25 injury and at the time she expressed her desire to return to work at the conclusion of her

26 approved medical leave of absence.

27        32.     In so failing and refusing to reasonably accommodate and in retaliating against

28 the plaintiff, defendants engaged in an unlawful employment practice within the meaning of

COMPLAINT FOR DAMAGES

*Government Code Sections* 12940(a) and 12926 in violation of the California Fair Employment & Housing Act found at *Government Code Section* 12900 et seq..

33. As such, defendants are liable for punitive damages under *Civil Code § 3294* arising from the failure to provide reasonable accommodation for the plaintiff as alleged under *Government Code §§ 12926 and 12940(j)(1)*. At all times relevant, said medical condition and/or physical disability discrimination against plaintiff was fraudulent, malicious and oppressive as defined by *Civil Code* § 3294.

34. In the event this Court finds that defendants are the sole and true employer entity, then said defendants are liable for punitive damages under *Civil Code § 3294*, for the discriminatory treatment and abuse on the job against plaintiff in violation of *Government Code § 12940(a)*.

35. The discriminatory treatment of plaintiff in violation of *Government Code § 12940(a);* and discrimination of plaintiff on the basis of his medical condition and/or disability in violation of *Government Code §§ 12926 and 12940(j)(1)* were carried out by managerial and supervisory employees of defendants, acting in a despicable, deliberate, cold, callous, and intentional manner in order to humiliate, harm, injure and damage plaintiff. Plaintiff is entitled to recover punitive damages from defendants pursuant to *Civil Code § 3294*, in an amount according to proof at trial.

36. At all times relevant, defendants were aware of or otherwise ratified the unlawful discrimination on the basis of medical condition and/or physical disability against plaintiff by management and supervisory personnel as alleged herein, and as carried out by defendants' management, supervisory employees and other managing agents.

37. As a direct, proximate and legal result of the aforesaid acts of defendants, plaintiff has lost and will continue to lose earnings and other employment benefits (i.e., medical, dental, health insurance, vision, retirement, pension plan, pension plan, 401k, etc.), and has suffered and or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at the time of trial. Plaintiff claims such amounts as damages together with prejudgment

1  interest pursuant to *Civil Code §§ 3287, 3288* and/or any other provision of law providing for

2  prejudgment interest.

3      38.    As a direct, proximate and legal result of the aforesaid acts of defendants, plaintiff

4  has become mentally upset, severely emotionally distressed, frustrated, depressed, embarrassed,

5  fragile, humiliated and aggravated. Plaintiff claims non-economic or general damages for such

6  mental and emotional distress and aggravation in a sum in excess of the jurisdictional minimum

7  of the Superior Court.

8      39.    Further, and pursuant to *Government Code § 12965(b)*, plaintiff is entitled to and

9  requests reasonable attorney's fees, and all recoverable costs according to law.

10

11

12      **THIRD CAUSE OF ACTION FOR DISABILITY DISCRIMINATION – FAILURE**

13      **TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF**

14      ***GOVERNMENT CODE SECTION 12940(n)* AGAINST DEFENDANTS MACY'S,**

15      **MACY'S INC. AND DOES 1 THROUGH 100 INCLUSIVE.**

16      40.    Plaintiff hereby incorporates by reference in this Complaint, Paragraphs 1 through

17  39, as though fully set forth herein.

18      41.    *California Government Code Section* 12940(n) provides that "it is an unlawful

19  employment practice for an employer to fail to engage in a timely, good faith interactive process

20  with the employee to determine effective reasonable accommodations, if any, in response to a

21  request for reasonable accommodation by an employee with a known physical or mental

22  disability or known medical condition." *California Government Code Section* 12926.1(e) further

23  provides that the Legislature affirms the importance of the interactive process between the

24  employee and the employer in determining reasonable accommodations, as this requirement has

25  been articulated by the Equal Employment Opportunity Commission in its interpretive guidelines

26  of the *Americans with Disabilities Act of 1990.*

27      42.    The plaintiff alleges that defendants failed to engage in a timely, thorough, and

28  good faith interactive process with her to determine whether it would be possible to implement

1   effective reasonable accommodations so that plaintiff could perform her job with reasonable
2   accommodations which were not burdensome to the **EMPLOYER** or otherwise disruptive to the
3   **EMPLOYER'S** business.  The plaintiff further alleges as follows: (1) That defendants were the
4   plaintiff's **EMPLOYER**; (2) That the plaintiff was an employee of defendants; (3) That plaintiff
5   had sustained an injury at the work place which required reasonable accommodation and which
6   injury was known to defendants; (4) That plaintiff requested that defendants make reasonable
7   accommodation for her medical condition and/or physical disability so that she would be able to
8   perform the essential job requirements; (5) That the plaintiff was ready, able and willing to
9   participate in the interactive process to determine whether reasonable accommodation could be
10  made so that she would be able to perform the essential job requirements; (6) That defendants
11  failed to participate in a timely good faith interactive process with the plaintiff to determine
12  whether reasonable accommodations could be made; (7) That the plaintiff was harmed
13  emotionally and financially; and (8) That the defendant's failure to engage in a good faith
14  interactive process was a substantial factor in causing the plaintiff's injury, damage and harm.

15      43.     In so failing and refusing to reasonably accommodate the plaintiff and properly
16  engage in the interactive process, defendants engaged in an unlawful employment practice within
17  the meaning of *Government Code Sections* 12940(a) and 12926 in violation of the *California*
18  *Fair Employment & Housing Act* found at *Government Code Section* 12900 et seq..

19      44.     As such, defendants are liable for punitive damages under *Civil Code § 3294*
20  arising from the failure to engage in the interactive process with the plaintiff as alleged under
21  *Government Code §§ 12926 and 12940(j)(1)*.  At all times relevant, said disability discrimination
22  against plaintiff was fraudulent, malicious and oppressive as defined by *Civil Code* § 3294.

23      45.     In the event this Court finds that defendants are the sole and true employer entity,
24  then said defendants are liable for punitive damages under *Civil Code § 3294,* for the
25  discriminatory treatment against plaintiff in violation of *Government Code § 12940(a)*.

26      46.     The discriminatory treatment of plaintiff in violation of *Government Code §*
27  *12940(a);* and discrimination of plaintiff on the basis of his medical condition and/or physical
28  disability in violation of *Government Code §§ 12926 and 12940(j)(1)* were carried out by

managerial and supervisory employees of defendants, acting in a despicable, deliberate, cold, callous, and intentional manner in order to humiliate, harm, injure and damage plaintiff. Plaintiff is entitled to recover punitive damages from defendants pursuant to *Civil Code § 3294*, in an amount according to proof at trial.

47.     At all times relevant, defendants were aware of or otherwise ratified the unlawful discrimination on the basis of a physical condition and medical disability by management and supervisory personnel as alleged herein, and as carried out by defendants' management, supervisory employees and other managing agents.

48.     As a direct and legal result of the aforesaid acts of defendants, plaintiff has lost and will continue to lose earnings and other employment benefits (i.e., medical, dental, health insurance, vision, retirement, pension plan, 401k, etc.), and has suffered and or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to *Civil Code §§ 3287, 3288* and/or any other provision of law providing for prejudgment interest. Defendants engaged in various adverse employment actions towards the plaintiff, including but not limited to, criticizing his work performance, retaliation, increasing pressure on the job to meet deadlines and work obligations, changing plaintiff's work duties, failing to accommodate him, increasing his work load, unfair criticism and discipline, and ultimately terminating the plaintiff.

49.     As a direct, proximate and legal result of the aforesaid acts of defendants, plaintiff has become mentally upset, severely emotionally distressed, frustrated, depressed, embarrassed, fragile, humiliated and aggravated. Plaintiff claims non-economic or general damages for such mental and emotional distress and aggravation in a sum in excess of the jurisdictional minimum of the Superior Court.

50.     Further, and pursuant to *Government Code § 12965(b)*, plaintiff is entitled to and requests reasonable attorney's fees, and all recoverable costs according to law.

- 15 -
COMPLAINT FOR DAMAGES

**FOURTH CAUSE OF ACTION FOR WRONGFUL TERMINATION AND RETALIATORY DISCHARGE IN VIOLATION OF PUBLIC POLICY AGAINST DEFENDANTS MACY'S, MACY'S INC. AND DOES 1 THROUGH 100 INCLUSIVE.**

51.    Plaintiff hereby incorporates by reference the above in this Complaint, Paragraphs 1 through 50, as though fully set forth herein.

52.    At all times herein mentioned *Article 1, section 8 of the California Constitution* was in full force and effect and was binding upon defendants, and each of them.  Said sections require defendants to refrain from harassing and discriminating against any employee on the basis of, among other things, their physical disability and/or medical condition.

53.    The actions of defendants and their responsible managing agents as directed against the plaintiff, as alleged herein, violated in several respects, *Article 1, Section 8 of the California Constitution.*  Said violations were substantial and were the legal and/or proximate cause of harm, damage and injury to plaintiff as set forth herein.

54.    At all times herein mentioned, *California Government Code §12920,* states in pertinent part that: "It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religious creed, color, national origin, ancestry, *physical disability,* mental disability, *medical condition,* marital status, sex, age or sexual orientation."

55.    At all times herein mentioned, *California Government Code §12921(a)* states: "The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, *physical disability,* mental disability, *medical condition,* marital status, sex, age or sexual orientation is hereby recognized as and declared to be a civil right."

56.    **PLAINTIFF** alleges that defendants violated these statutes in their mistreatment and discrimination of plaintiff on the basis of her medical condition and/or physical disability based on the factual allegations set forth herein.

- 16 -

57.     Defendant **EMPLOYER,** by and through the actions of its managing agents discriminated against and harassed or otherwise knew of and ratified the discrimination and harassment of **PLAINTIFF** continuing through **NOVEMBER 26, 2012,** by engaging in various adverse employment actions culminating in terminating her employment with **EMPLOYER.**

58.     Said discrimination, harassment and termination of plaintiff's employment on **NOVEMBER 26, 2012** was a violation of public policy, and violated and abridged plaintiff's opportunity to hold employment without discrimination on the basis of medical condition and/or physical disability, and was therefore a violation of her civil rights under *California Government Code §12921(a) and 12940 et seq.*.

59.     As a direct, proximate and legal result of defendant **EMPLOYER's** unlawful employment practices as alleged above, **PLAINTIFF** suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, any and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that have been and/or will foreseeably be experienced by **PLAINTIFF**, all to his damage and detriment, in a sum according to proof at trial.

60.     **PLAINTIFF** is entitled to any and all compensatory and punitive damages recoverable under California law, as well as attorney's fees as provided by statute. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to *Civil Code §§ 3287, 3288* and/or any other provision of law providing for prejudgment interest.

**FIFTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF**

**EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS AND DOES 1-100**

**INCLUSIVE.**

61.     Plaintiff hereby incorporates by reference the above in this Complaint, Paragraphs 1 through 60, as though fully set forth herein

62.     Plaintiff alleges that the acts, omissions to act, and conduct of defendants' managers, managing agents, representatives, supervisors or other employees, as alleged above,

- 17 -

1   and as authorized or subsequently ratified by defendant **EMPLOYER**, caused plaintiff to suffer

2   severe and extreme emotional distress.

3        63.     At all times relevant, the acts, omissions to act, and conduct of the defendants

4   and each of them, directed towards or in relation to the plaintiff were extreme and outrageous

5   and beyond what is tolerated in a civilized society.

6        64.     At all times relevant, defendants and each of them, either intended to cause

7   plaintiff emotional distress, or acted with reckless disregard of the probability that plaintiff

8   would suffer emotional distress.

9        65.     Plaintiff suffered severe emotional distress, and defendants' acts and omissions

10  were a substantial factor in causing plaintiff's damages.

11       66.     Plaintiff contends that in committing the herein described acts, defendants acted

12  with malice, oppression and with conscious disregard of plaintiff's rights and/or the reckless

13  probability that their conduct would cause plaintiff harm.  Plaintiff is entitled to any and all

14  compensatory and punitive damages recoverable under California law.

15       67.     As a direct, proximate and legal result of defendant **EMPLOYER's** unlawful

16  employment practices as alleged above, **PLAINTIFF** suffered and continues to suffer economic

17  and non-economic damages to an extent and amount according to proof at the time of trial.

18  Economic damages shall include, but are not limited to, any and all claims for lost wages,

19  benefits, salary increases and income, both past and future. Non-economic damages shall include

20  but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or

21  physical pain and anguish that have been and/or will foreseeably be experienced by

22  **PLAINTIFF**, all to her damage and detriment, in a sum according to proof at trial.  Defendants

23  engaged in various adverse employment actions towards the plaintiff culminating in plaintiff's

24  termination.

25       68.     **PLAINTIFF** is entitled to any and all compensatory and punitive damages

26  recoverable under California law.  Plaintiff claims such amounts as damages together with

27  prejudgment interest pursuant to *Civil Code §§ 3287, 3288* and/or any other provision of law

28  providing for prejudgment interest.

COMPLAINT FOR DAMAGES

## SIXTH CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA FAMILY RIGHTS ACT AGAINST DEFENDANTS MACY'S, MACY'S INC. AND DOES 1 THROUGH INCLUSIVE.

69. Plaintiff hereby incorporates by reference the above in this Complaint, Paragraphs 1 through 68, as though fully set forth herein.

70. MACY'S and MACY'S INC. were employers subject to the California Family Rights Act (CFRA), Government Code section 12945.2, which provides that "[i]t shall be an unlawful employment practice for any employer to refuse to grant a request by any employee with more than 12 months of service with the employer, and who has at least 1,250 hours of service with the employer during the previous 12-month period, to take up to a total of 12 workweeks in any 12-month period for family care and medical leave. Family care and medical leave requested pursuant to this subdivision shall not be deemed to have been granted unless the employer provides the employee, upon granting the leave request, a guarantee of employment in the same or a comparable position upon the termination of the leave.." "Medical leave" includes "leave because of an employee's own serious health condition" under the CFRA.

71. At all times material hereto, plaintiff had at least 1,250 hours of service with the corporate defendants during the 12 month period prior to her request for medical leave.

72. *Government Code section* 12945.2 further provides, "It shall be an unlawful employment practice for an employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because of an individual's exercise of the right to family care and medical leave.

73. In acting and omitting to act as alleged hereinabove, defendants and each of them continuously and repeatedly violated the CFRA and committed unfair employment practices, including but not limited to, by denying plaintiff's request for medical leave as originally requested, by failing to timely process plaintiff's request for medical leave, by failing to notify

- 19 -

COMPLAINT FOR DAMAGES

1  plaintiff of the disposition of her request for medical leave, and by retaliating against plaintiff for

2  exercising her right to medical leave.

3      74.  By reason and in furtherance of said violations of law and unlawful employment

4  practices, defendants precluded the plaintiff from returning to work as she had expected to do at

5  the expiration of her medical leave of absence for the work injury she sustained.

6      75.  Plaintiff is informed and believes and thereon alleges that defendants' desire to

7  retaliate against plaintiff for her exercise of her rights under the CFRA was a substantial

8  motivating reason for the decision by defendants, and each of them, to terminate plaintiff.

9      76.  As a direct, proximate and legal result of defendant **EMPLOYER's** unlawful

10  employment practices as alleged above, **PLAINTIFF** suffered and continues to suffer economic

11  and non-economic damages to an extent and amount according to proof at the time of trial.

12  Economic damages shall include, but are not limited to, any and all claims for lost wages,

13  benefits, salary increases and income, both past and future. Non-economic damages shall include

14  but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or

15  physical pain and anguish that have been and/or will foreseeably be experienced by

16  **PLAINTIFF**, all to her damage and detriment, in a sum according to proof at trial.  Defendants

17  engaged in various adverse employment actions towards the plaintiff culminating in plaintiff's

18  termination.

19      77.  **PLAINTIFF** is entitled to any and all compensatory and punitive damages

20  recoverable under California law.  Plaintiff claims such amounts as damages together with

21  prejudgment interest pursuant to *Civil Code §§ 3287, 3288* and/or any other provision of law

22  providing for prejudgment interest.  Plaintiff also seeks attorney's fees as permitted by law.

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

## PRAYER

**WHEREFORE, Plaintiff SHAKE TER PETROSSIAN** seeks judgment against Defendants, and each of them, for:

(1)     For compensatory damages including lost wages, lost employee benefits, bonuses, benefits, mental and emotional distress, economic and non-economic damages, and other special and general damages according to proof at trial;

(2)     For an award of punitive damages pursuant to *Code of Civil Procedure* §3294, as against all defendants and as to all causes of action;

(3)     For an award of interest, including prejudgment interest, at the legal rate;

(4)     For an award to Plaintiff of costs of suit incurred herein on all causes of action;

(5)     For an award to Plaintiff of reasonable attorney's fees and costs;

(6)     For an award to Plaintiff of such other and further relief as this Court deems just and proper.


DATED:  September 25, 2013              *DOUMANIAN & ASSOCIATES*


                                        By: _____
                                        NANCY P. DOUMANIAN, ESQ.
                                        Attorneys for Plaintiff,
                                        SHAKE TER PETROSSIAN

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff SHAKE TER PETROSSIAN hereby demands a trial by jury in this action.

DATED:  September 25, 2013

DOUMANIAN & ASSOCIATES

By: _____
NANCY P. DOUMANIAN, ESQ.
Attorneys for Plaintiff,
SHAKE TER PETROSSIAN

09/25/2013          Ace Attorney Service (213) 623-7527



CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| NANCY P. DOUMANIAN, ESQ.<br>DOUMANIAN & ASSOCIATES<br>2626 FOOTHILL BOULEVARD<br>SUITE 250<br>LA CRESCENTA, CALIFORNIA 91214<br>TELEPHONE NO.: (818) 248-4700    FAX NO.: (818) 248-4701<br>ATTORNEY FOR *(Name):* Plaintiff, Shake Ter Petrossian | CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>SEP 26 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>By Amber Hayes, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CALIFORNIA 90012
BRANCH NAME: CENTRAL DISTRICT

CASE NAME: Ter Petrossian v. Macy's, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC522612 |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [x] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* Six
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 25, 2013

Nancy P. Doumanian
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10



BY FAX



09/25/2013          Ace Attorney Service (213) 623-7527

| SHORT TITLE: Ter Petrossian v. Macy's, et al. | CASE NUMBER | BC522612 |
| --- | --- | --- |

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES CLASS ACTION? [ ] YES LIMITED CASE? [ ] YES TIME ESTIMATED FOR TRIAL 15 [ ] HOURS/ [X] DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A** , the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
| --- |

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
| --- | --- | --- | --- |
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

LA-CV109



| SHORT TITLE: Ter Petrossian v. Macy's, et al. | CASE NUMBER |
| --- | --- |

| | | | |
| --- | --- | --- | --- |
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1., ②, 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach –Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F  Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: Ter Petrossian v. Macy's, et al. | CASE NUMBER |
|---|---|

| | | | |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

09/25/2013          Ace Attorney Service (213) 623-7527                    4 of 4

| SHORT TITLE: Ter Petrossian v. Macy's, et al. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

**REASON:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.

☐1. ☐2. ☒3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10.

ADDRESS:
200 East Cypress Avenue

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Burbank | CA | 91502 |

**Item IV. Declaration of Assignment:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____Stanley Mosk_____ courthouse in the ____Central____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: _September 25, 2013_

(SIGNATURE OF ATTORNEY/FILING PARTY)

Nancy P. Doumanian

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

09/25/2013          Ace Attorney Service (213) 623-7527



CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| NANCY P. DOUMANIAN, ESQ.<br>DOUMANIAN & ASSOCIATES<br>2626 FOOTHILL BOULEVARD<br>SUITE 250<br>LA CRESCENTA, CALIFORNIA 91214<br>TELEPHONE NO.: (818) 248-4700   FAX NO.: (818) 248-4701<br>ATTORNEY FOR *(Name):* Plaintiff, Shake Ter Petrossian | **CONFORMED COPY**<br>**ORIGINAL FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>SEP 26 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>By Amber Hayes, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CALIFORNIA 90012
BRANCH NAME: CENTRAL DISTRICT

CASE NAME: Ter Petrossian v. Macy's, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC522612 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) |

JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Six
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 25, 2013

Nancy P. Doumanian
(TYPE OR PRINT NAME)                                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10


BY FAX

**CM-010**

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
     Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
     case involves an uninsured
     motorist claim subject to
     arbitration, check this item
     instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
     Asbestos Property Damage
     Asbestos Personal Injury/
        Wrongful Death
  Product Liability *(not asbestos or
     toxic/environmental)* (24)
  Medical Malpractice (45)
     Medical Malpractice–
        Physicians & Surgeons
     Other Professional Health Care
        Malpractice
  Other PI/PD/WD (23)
     Premises Liability (e.g., slip
        and fall)
     Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
     Intentional Infliction of
        Emotional Distress
     Negligent Infliction of
        Emotional Distress
     Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
     Practice (07)
  Civil Rights (e.g., discrimination,
     false arrest) *(not civil
     harassment)* (08)
  Defamation (e.g., slander, libel)
     (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
     Legal Malpractice
     Other Professional Malpractice
        *(not medical or legal)* (35)
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
     Breach of Rental/Lease
        Contract *(not unlawful detainer
           or wrongful eviction)*
     Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
     Negligent Breach of Contract/
        Warranty
     Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
     book accounts) (09)
     Collection Case–Seller Plaintiff
     Other Promissory Note/Collections
        Case
  Insurance Coverage *(not provisionally
     complex)* (18)
     Auto Subrogation
     Other Coverage
  Other Contract (37)
     Contractual Fraud
     Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
     Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
     Writ of Possession of Real Property
     Mortgage Foreclosure
     Quiet Title
     Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
     drugs, check this item; otherwise,
     report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
     Writ–Administrative Mandamus
     Writ–Mandamus on Limited Court
        Case Matter
     Writ–Other Limited Court Case
        Review
  Other Judicial Review (39)
     Review of Health Officer Order
     Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
     *(arising from provisionally complex
     case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
     Abstract of Judgment (Out of
        County)
     Confession of Judgment *(non-
        domestic relations)*
     Sister State Judgment
     Administrative Agency Award
        *(not unpaid taxes)*
     Petition/Certification of Entry of
        Judgment on Unpaid Taxes
     Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
     above)* (42)
     Declaratory Relief Only
     Injunctive Relief Only *(non-
        harassment)*
     Mechanics Lien
     Other Commercial Complaint
        Case *(non-tort/non-complex)*
     Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
     Governance (21)
  Other Petition *(not specified
     above)* (43)
     Civil Harassment
     Workplace Violence
     Elder/Dependent Adult
        Abuse
     Election Contest
     Petition for Name Change
     Petition for Relief From Late
        Claim
     Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

09/25/2013          Ace Attorney Service (213) 623-7527          

| | |
|---|---|
| 1   NANCY P. DOUMANIAN, ESQ., SBN: 168925 | CONFORMED COPY |
| 2   *DOUMANIAN & ASSOCIATES* <br> 2626 Foothill Boulevard, Suite 250 | ORIGINAL FILED <br> SUPERIOR COURT OF CALIFORNIA <br> COUNTY OF LOS ANGELES |
| 3   La Crescenta, California 91214 <br> Telephone:   (818) 248-4700 | SEP 26 2013 |
| 4   Facsimile:   (818) 248-4701 | |
| 5   Attorneys for Plaintiff, SHAKE TER PETROSSIAN | John A. Clarke, Executive Officer/Clerk <br> By Amber Hayes, Deputy |

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9         FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

10                                            BC522612

| | |
|---|---|
| 11   SHAKE TER PETROSSIAN, | CASE NO. BC |
| 12           Plaintiff, | **COMPLAINT FOR DAMAGES** |
| 13       v. | (1)   Unlawful Discrimination on the Basis of Physical Disability and Medical |
| 14   MACY'S, MACY'S INC., REVA <br> SHERMAN-MATTHEWS, AND DOES 1 |       Condition in Violation of Fair Employment & Housing Act; |
| 15   THROUGH 100 INCLUSIVE, |       [*Government Code §12940 et seq.*]; |
| 16         Defendants. | (2)   Disability Discrimination - Failure to Provide Reasonable Accommodation in Violation of Fair Employment & |
| 17 |       Housing Act [*Government Code §12940(a)*]; |
| 18 | (3)   *Disability Discrimination -- Failure to Engage in the Interactive Process in* |
| 19 |       *Violation of Fair Employment & Housing Act [Government Code* |
| 20 |       *§12940 et seq.];* |
| 21 | (4)   Wrongful Termination/Retaliatory Discharge of Employment in Violation of Public Policy; |
| 22 | (5)   Intentional Infliction of Emotional Distress; and |
| 23 | (6)   Violation of California Family Rights Act |
| 24 | |
| 25 | *[DEMAND FOR JURY TRIAL]* |

26       COMES NOW Plaintiff *SHAKE TER PETROSSIAN* and for her causes of action

27   against Defendants *MACY'S, MACY'S INC., REVA SHERMAN-MATTHEWS, AND DOES 1*

28   *THROUGH 100 INCLUSIVE*, alleges as follows:



09/25/2013               Ace Attorney Service (213) 623-7527

SHORT TITLE: Ter Petrossian v. Macy's, et al.          CASE NUMBER: BC522612

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES CLASS ACTION? [ ] YES LIMITED CASE? [ ] YES TIME ESTIMATED FOR TRIAL 15 [ ] HOURS/[X] DAYS

Item II. Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |



| SHORT TITLE: Ter Petrossian v. Macy's, et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F  Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: Ter Petrossian v. Macy's, et al. | CASE NUMBER | |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Ter Petrossian v. Macy's, et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☐2. ☒3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>200 East Cypress Avenue |
|---|---|
| CITY:<br>Burbank | STATE:<br>CA | ZIP CODE:<br>91502 |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____ Stanley Mosk _____ courthouse in the _____ Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: September 25, 2013

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
Nancy P. Doumanian

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

# EXHIBIT B



MACY'S, INC.
Law Department
611 Olive Street, 10th Floor
St. Louis, Missouri 63101
Telephone: (314) 342-6375
Telecopier: (314) 342-6066 -or- (314) 342-6384

This facsimile is intended only for the use of the individual or entity to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank You.

**PLEASE DELIVER TO:**

**NAME:**   **Nancy P. Doumanian**

FIRM:       Doumanian & Associates

CITY:       La Crescenta, CA

TELEPHONE:  TELECOPIER: 818-248-4701

**FROM:**

**NAME: Cynthia T. Brady**

DIRECT TELEPHONE: (314) 342-6375

DIRECT FAX: (314) 342-6066

E-MAIL ADDRESS: Cynthia.Brady@macys.com

TOTAL NUMBER OF PAGES INCLUDING COVER LETTER: 4

DATE: October 24, 2013        TIME: 1:05PM

**IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL:**

Nickol D. Washington at (314) 342-6358

**MESSAGE:**

1   MACY'S LEGAL DEPARTMENT
    CYNTHIA TSAI BRADY (SBN 265151)
2   611 Olive St., 10th Fl.
    St. Louis, MO 63104
3   Telephone:   (314) 342-6375
    Facsimile:    (314) 342-6066
4   Email:       cynthia.brady@macys.com

5   Attorneys for Defendant
    MACY'S INC.

6

7

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10

11   SHAKE TER PETROSSIAN,         Case No. BC522612

12           Plaintiff,        ASSIGNED FOR ALL PURPOSES TO
                          HON. SUSAN BRYANT-DEASON, DEPT. 52

13        v.               Complaint Filed:    September 26, 2013

14   MACY'S, MACY'S, INC., REVA
    SHERMAN-MATTHEWS, AND DOES 1   **DEFENDANT MACY'S, INC.'S REQUEST**
15   THROUGH 100 INCLUSIVE,        **FOR A STATEMENT OF DAMAGES**

16         Defendants.

17

18       Pursuant to California Code of Civil Procedure 425.11, Defendant Macy's. Inc.

19   ("Defendant"), by and through its attorneys, requests that Plaintiff Shake Ter Petrossian provide

20   Defendant with a statement of damages setting forth the nature and amount of damages sought

21   herein, including, but not limited to, any claim for past or future wages, earnings, bonuses,

22   benefits, or other economic damages, mental and emotional distress damages, and/or punitive

23   damages. Said response shall be served within fifteen (15) days of service of this request.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

Dated October 24, 2013

CYNTHIA TSAI BRADY
MACY'S LAW DEPARTMENT
Attorneys for Defendant
MACY'S, INC.

2

## PROOF OF SERVICE

I am employed in the City of Saint Louis, State of Missouri. I am over the age of 18 and not a party to the within action. My business address is 611 Olive Street, 10th Floor, St. Louis, MO 63101.

On October 24, 2013, I served on interested parties in said action the within:

**DEFENDANT MACY'S, INC.'S REQUEST FOR A STATEMENT OF DAMAGES**

☐ By placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid for deposit in the United States Post Office mailbox, at my business address shown above, following ordinary business practices. I am readily familiar with this office's practice of collection and processing correspondence for mailing. Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Saint Louis, Missouri.

☐ By depositing a true and correct copy thereof enclosed in a sealed envelope with delivery fees thereon fully prepaid in a box or other facility regularly maintained by Overnite Express or delivering to an authorized courier or driver authorized by Overnite Express to receive documents, addressed as set forth below.

☒ By transmitting a true and correct copy by facsimile from facsimile number (314) 342-6066 to the person(s) at the facsimile number(s) set forth below, which transmission was confirmed as complete and without error.

☐ By causing the same to be personally delivered to the individual and at the address as set forth below.

Nancy P. Doumanian
Doumanian & Associates
2626 Foothill Blvd., Suite 250
La Crescenta, California 91214
Fax: (818) 248-4701

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on October 24, 2013 at St. Louis, Missouri.

CYNTHIA TSAI BRADY

3

# EXHIBIT C

**- DO NOT FILE WITH THE COURT -**                                            **CIV-050**
**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: (818) 248-4700 | FOR COURT USE ONLY |
|---|---|---|
| NANCY P. DOUMANIAN, ESQ.<br>DOUMANIAN & ASSOCIATES<br>2626 FOOTHILL BOULEVARD<br>SUITE 250<br>LA CRESCENTA, CALIFORNIA 91214<br>ATTORNEY FOR *(name)*: Plaintiff, Shake Ter Petrossian | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   LOS ANGELES
  STREET ADDRESS:  111 NORTH HILL STREET
  MAILING ADDRESS:  Same
  CITY AND ZIP CODE:  LOS ANGELES, CALIFORNIA 90012
  BRANCH NAME:  CENTRAL DISTRICT
  PLAINTIFF: SHAKE TER PETROSSAN
  DEFENDANT: MACY'S, et al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>BC522612 |
|---|---|

To *(name of one defendant only)*:    Macy's, Macy's, Inc., Reva Sherman-Matthews, et al
Plaintiff *(name of one plaintiff only)*:    Shake Ter Petrossian
seeks damages in the above-entitled action, as follows:

1. **General damages**                                                                                       AMOUNT
   a. [x] Pain, suffering, and inconvenience . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 350,000.00
   b. [x] Emotional distress  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 250,000.00
   c. [ ] Loss of consortium . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00
   d. [ ] Loss of society and companionship *(wrongful death actions only)* . . . . . . . . . . . . . . . $ 0.00
   e. [ ] Other *(specify)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00
   f. [ ] Other *(specify)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [x] Medical expenses *(to date)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 100,000.00
   b. [x] Future medical expenses *(present value)* . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 100,000.00
   c. [x] Loss of earnings *(to date)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 50,000.00
   d. [x] Loss of future earning capacity *(present value)* . . . . . . . . . . . . . . . . . . . . . . . $ 500,000.00
   e. [ ] Property damage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00
   f. [ ] Funeral expenses *(wrongful death actions only)* . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00
   g. [ ] Future contributions *(present value) (wrongful death actions only)* . . . . . . . . . . . . . . $ 0.00
   h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* . . . . . . . . $ 0.00
   i. [ ] Other *(specify)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00
   j. [ ] Other *(specify)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00
   k. [ ] Continued on Attachment 2.k.

3. [x] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*. .$ 250,000.00
   when pursuing a judgment in the suit filed against you.
Date: November 7, 2013

NANCY P. DOUMANIAN, ESQ.                                    ▶
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)
Legal Solutions Plus
Code of Civil Procedure, §§ 425.11, 425.115

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within entitled action. My business address is 2626 Foothill Boulevard, Suite 250, La Crescenta, California 91214.

On **November 7, 2013**, I served the foregoing document(s) described as **STATEMENT OF DAMAGES** on the interested parties in this action by placing an [ ] original or [X] true copies thereof in a sealed envelope and addressed as follows:

Cynthia Tsai Brady, Esq.                          Attorneys for Defendant,
Macy's Legal Department                          MACY'S INC.
611 Olive Street, 10th Floor
St. Louis, MO  63104
Tel:    (314) 342-6375
Fax:    (314) 342-6066
Email: cynthia.brady@macys.com

[X]    **(BY MAIL)** I caused such envelope to be deposited in the mail at La Crescenta, California. The envelope was mailed with postage thereon fully paid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence from mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at La Crescenta, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[ ]    **(BY OVERNIGHT DELIVERY)** I caused such envelope to be delivered via overnight delivery to the addressee listed above.

[ ]    **(BY PERSONAL SERVICE)** I caused such envelope to be delivered via Ace Attorney Service, Inc. to the addressee listed above.

[ ]    **(BY FACSIMILE TRANSMISSION)** I caused a true and complete copy of the document described above to be transmitted via facsimile transmission to the telephone number(s) set forth opposite the name(s) of the person(s) set forth above.

[ ]    **(BY ELECTRONIC TRANSMISSION)** I caused such document to be delivered via electronic transmission to the addressee listed above.

[X]    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I served the documents by the means described above on **November 7, 2013**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| Janna Delgado | |
| --- | --- |
| (Type or Print Name) | (Signature of Declarant) |

- 1 -

# EXHIBIT D

CRISTINA D. HERNANDEZ, Bar No. 283500
GONZALEZ SAGGIO & HARLAN LLP
2 North Lake Avenue, Suite 930
Pasadena, California 91101
Tel: (626) 440-0022
Fax: (626) 628-1725
Email: Cristina_Hernandez@gshllp.com

CYNTHIA TSAI BRADY, Bar No. 265151
MACY'S LAW DEPARTMENT
611 Olive Street, 10th Floor
St. Louis, MO 63101
Tel: (314) 342-6375
Fax: (314) 342-6066

Attorneys for Defendant
MACY'S, INC.

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 13 2013

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Cristina Grijalva

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| SHAKE TER PETROSSIAN,<br><br>Plaintiff,<br><br>v.<br><br>MACY'S, MACY'S, INC.,REVA SHERMAN-MATTHEWS, AND DOES 1 THROUGH 100 INCLUSIVE,<br><br>Defendants. | Case No. BC513772<br><br>**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>Complaint Filed:   September 26, 2013<br>Trial Date:         To be determined |

In answer to Plaintiff SHAKE TER PETROSSIAN's ("Plaintiff") Complaint ("Complaint"), Defendant MACY'S, INC. (hereinafter "Defendant"), subject to and without waiving its right to compel arbitration, admits, denies, and alleges as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure § 431.30, Defendant generally denies each and every allegation of Plaintiff's Complaint, further denies that Plaintiff has been damaged in any way whatsoever, and further specifically denies that Plaintiff sustained injury, damage, or loss by reason of any conduct, action, error, or omission on the part of Defendant or any agent, employee, or other person acting under Defendant's authority or control. Defendant further denies that Plaintiff is entitled to any legal or equitable relief in any amount or manner whatsoever from Defendant. This

1.

1  general denial to the Complaint is filed without prejudice to Defendant's right to file amended

2  answers, including additional defenses, and is filed without prejudice to or waiver of Defendant's

3  right to compel arbitration of Plaintiff's claims.

4  **DEFENSES**

5  For further answer and separate defenses to Plaintiff's Complaint, and each and every

6  purported cause of action therein, Defendant alleges as follows:

7  **FIRST DEFENSE**

8  **(Entire Action Subject to Binding Arbitration)**

9  Plaintiff's Complaint and claims therein, and this entire action, are subject to binding

10  arbitration pursuant to Plaintiff's agreement to arbitrate all disputes arising from or related to her

11  employment with Defendant; as such this Court lacks jurisdiction to hear Plaintiff's claims.

12  **SECOND DEFENSE**

13  **(Failure to State a Claim)**

14  Plaintiff's Complaint fails to allege facts sufficient to constitute claims for relief against

15  Defendant.

16  **THIRD DEFENSE**

17  **(Failure to Exhaust Administrative Remedies)**

18  Plaintiff's Complaint, claims, and damages are barred in whole or in part because Plaintiff

19  failed to exhaust the required administrative remedies.

20  **FOURTH DEFENSE**

21  **(Failure to Mitigate/Doctrine of Avoidable Consequences)**

22  Plaintiff's Complaint, claims, and damages are barred in whole or in part pursuant to the

23  doctrine of avoidable consequences and/or because Plaintiff failed to mitigate, minimize, or

24  otherwise avoid losses, damages, costs, or expenses.

25  **FIFTH DEFENSE**

26  **(Waiver)**

27  Plaintiff's Complaint, claims, and damages are barred in whole or in part by the doctrine of

28  waiver.

2.

## SIXTH DEFENSE

### (Estoppel)

Plaintiff's Complaint, claims, and damages are barred in whole or in part by estoppel.

## SEVENTH DEFENSE

### (At-Will Employment)

Plaintiff was an at-will employee under California law, and therefore her employment could be terminated, and her compensation and job responsibilities modified, at-will.

## EIGHTH DEFENSE

### (Performance of Duties and Obligations)

Defendant alleges, without admitting to the existence of any duties or obligations as alleged in the Complaint, that any duty or obligation, contractual or otherwise, which Plaintiff claims is owed by Defendant, has been fully performed, satisfied, or discharged.

## NINTH DEFENSE

### (Plaintiff's Own Conduct and/or Fault of Others)

Plaintiff's Complaint, claims, and damages are barred in whole or in part because if Plaintiff sustained any damage, injury, and/or detriment as alleged in the Complaint, such injury was caused by her own conduct and/or the fault of others for whose conduct Defendant is not liable.

## TENTH DEFENSE

### (Unclean Hands)

Plaintiff's Complaint, claims, and damages are barred in whole or in part by the doctrine of unclean hands.

## ELEVENTH DEFENSE

### (Failure to Take Advantage of Safeguards)

Defendant had, at all relevant times, an anti-discrimination policy and complaint procedure in place and Plaintiff failed to avail herself of the internal procedures for complaints of discrimination. Plaintiff's damages, if any, are reduced to the extent Plaintiff failed to take advantage of her employer's safeguards to avoid and eliminate alleged discrimination, which failure to act by Plaintiff caused or contributed to the claimed damages, if any.

3.

## TWELFTH DEFENSE

### (Failure to State a Claim; No Punitive Damages)

Plaintiff's Complaint fails to state facts sufficient to constitute a claim for punitive damages against Defendant. Furthermore, Defendant did not commit oppressive, intentional, or malicious acts with respect to Plaintiff, did not engage in despicable conduct with respect to Plaintiff, did not authorize or ratify any such acts, and did not have advance knowledge of the unfitness of any employee and employ that employee with a conscious disregard of the rights and safety of others.

## THIRTEENTH DEFENSE

### (Actions Justified)

Any conduct attributed to Defendant was justified, made in good faith, for legitimate, non-discriminatory and non-retaliatory business reasons, was protected by the managerial privilege, and/or was otherwise privileged.

## FOURTEENTH DEFENSE

### (Actions In Conformity with Laws; Same Decision)

At all times relevant, Defendant acted in good faith and did not violate any rights Plaintiff may have under federal, state, or local laws, rules, regulations, or guidelines. However, even assuming *arguendo* a discriminatory motive could be attributed to any adverse employment action (which Defendant denies), Defendant would have made the same decision absent any improper motive, thereby barring and/or limiting Plaintiff's damages.

## FIFTEENTH DEFENSE

### (After-Acquired Evidence)

To the extent Defendant obtains after-acquired evidence of wrongdoing by Plaintiff through discovery or otherwise, the Complaint and claims therein are barred by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

///

///

///

///

4.

1

**SIXTEENTH DEFENSE**

**(No Causation)**

The Complaint and claims therein cannot be maintained against Defendant because Plaintiff has failed to allege the requisite causal connection between any alleged protected activities and any alleged adverse employment action.

**SEVENTEENTH DEFENSE**

**(Punitive Damages Would Violate Defendant's Constitutional Rights)**

Plaintiff is not entitled to recover any punitive damages because any award in this action would violate Defendant's rights to due process and/or equal protection under the United States and/or California Constitutions.

**EIGHTEENTH DEFENSE**

**(Justification)**

Plaintiff's Complaint, claims, and damages are barred in whole or in part by the doctrine of justification.

**NINETEENTH DEFENSE**

**(Undue Hardship)**

Plaintiff's Complaint, claims, and damages are barred in whole or in part because any alleged accommodation which Plaintiff claims should have been offered was above and beyond what Defendant was reasonably able to provide and would have caused Defendant undue hardship.

**TWENTIETH DEFENSE**

**(Adverse Action Based on Factors Other than Disability)**

The Complaint and each cause of action set forth therein cannot be maintained against Defendant because any adverse employment action suffered by Plaintiff was based upon reasonable factors other than her alleged disability.

**TWENTY-FIRST DEFENSE**

**(Offset)**

The Complaint and each cause of action set forth therein cannot be maintained against Defendant because any recovery to which Plaintiff might otherwise allegedly be entitled must be

5.

1   offset by any disability or unemployment benefits and/or other monies and/or benefits Plaintiff has

2   received or will receive.

### TWENTY-SECOND DEFENSE

#### (Statute of Limitations)

5      The Complaint and each cause of action set forth therein are barred, in whole or in part, by

6   the applicable statute(s) of limitations.

### TWENTY-THIRD DEFENSE

#### (Workers' Compensation Exclusivity)

9      The Complaint and each cause of action set forth therein seeking damages for emotional

10   and/or physical injury are preempted and barred by the exclusive remedy provisions of the California

11   Workers' Compensation Act, California Labor Code § 3600, *et seq.*, and California Labor Code §

12   132a, in that: (1) the injuries complained of occurred when both Plaintiff and Defendant were subject

13   to California Labor Code §§ 3600-3601; (2) at the time of the alleged injuries, Plaintiff was

14   performing services incidental to her employment and was acting within the course and scope of her

15   employment; and (3) Plaintiff alleges the injuries were caused by her employment, and accordingly,

16   this Court lacks subject matter jurisdiction over said claims.

### TWENTY-FOURTH DEFENSE

#### (Plaintiff Is Not a Qualified Individual with a Disability)

19      Plaintiff's Complaint, claims, and damages are barred in whole or in part because Plaintiff

20   was not a qualified individual with a disability during the time periods that she alleges Defendant

21   violated the Fair Employment and Housing Act.

### TWENTY-FIFTH DEFENSE

#### (Improper Parties)

24      Plaintiff's Complaint, claims, and damages are barred in whole or in part because Plaintiff

25   has sued one or more improper parties.

26   ///

27   ///

28   ///

6.

1

### **RESERVATION OF RIGHTS**

2     Because Plaintiff's Complaint is couched in conclusory terms and discovery has not yet

3 begun, Defendant cannot fully anticipate all defenses that may be applicable to this action.

4 Accordingly, Defendant's right to assert additional defenses, if and to the extent that such defenses

5 are applicable, is hereby reserved.

6

### **PRAYER**

7     WHEREFORE, having generally denied Plaintiff's Complaint and having alleged defenses,

8 Defendant prays:

9     1.    That this action be referred in its entirety to binding arbitration and stayed;

10    2.    That Plaintiff take nothing by her Complaint;

11    3.    For judgment in Defendant's favor and dismissal of all of Plaintiff's claims;

12    4.    To recover its costs and attorneys' fees incurred in this action; and

13    5.    For such other and further relief as the Court may deem proper.

14

15                                             GONZALEZ SAGGIO & HARLAN LLP

16

17 Dated: November 13, 2013                    CRISTINA D. HERNANDEZ
                                               Attorneys for Defendant MACY'S, INC.

18

19

20

21

22

23

24

25

26

27

28

7.

## PROOF OF SERVICE

      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction this service was made. My business address is 2 North Lake Avenue, Suite 930, Pasadena, California 91101.

      On November 13, 2013, I served the following documents on all interested parties in this action as follows: **DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

Nancy P. Doumanian, Esq.
DOUMANIAN & ASSOCIATES
2626 Foothill Blvd., Suite 250
La Crscenta, CA 91214
Telephone: (818) 248-4700
Facsimile: (818) 248-4701

/ X /   (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

/ /   (BY PERSONAL SERVICE) I caused to be delivered by an authorized courier or driver of NATIONWIDE the documents listed above to be received and delivered on the same date by the person(s) listed below.

/ /   (BY OVERNITE EXPRESS) I am readily familiar with the firm's practice for collection and processing correspondence by overnight delivery. Under that practice it would be deposited in a box or other facility regularly maintained by Overnite Express for overnight delivery.

/ X /   (BY FACSIMILE) This document was transmitted by using a facsimile machine that complies with the California Rules of Court rule 2.301, telephone number (626) 628-1725. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is on file at the firm. The names and facsimile numbers of the person(s) served are as set forth below.

/ /   (BY EMAIL) By agreement of the parties, I sent a true copy thereof to the last known email address to the identified addresses below.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct. Executed on November 13, 2013, at Pasadena, California.

                                   Amy Cowell

# EXHIBIT E

1    CRISTINA D. HERNANDEZ, Bar No. 283500
     GONZALEZ SAGGIO & HARLAN LLP
2    3699 Wilshire Boulevard
     Los Angeles, California 90010
3    Tel: (213) 487-1400
     Fax: (213) 487-1402
4    Email: Cristina_Hernandez@gshllp.com

5    CYNTHIA TSAI BRADY, Bar No. 265151
     MACY'S LAW DEPARTMENT
6    611 Olive Street, 10th Floor
     St. Louis, MO 63101
7    Tel: (314) 342-6375
     Fax: (314) 342-6066
8    Email: Cynthia.Brady@macys.com

9    Attorneys for Defendant
     MACY'S, INC.

10

                        UNITED STATES DISTRICT COURT
11
                       CENTRAL DISTRICT OF CALIFORNIA
12

13   SHAKE TER PETROSSIAN,                   Case No.

14              Plaintiff,                   DECLARATION OF JULIE AVINS IN
                                             SUPPORT OF DEFENDANT MACY'S,
15        v.                                 INC.'S REMOVAL OF ACTION UNDER 28
                                             U.S.C. §§ 1332, 1441, 1446
16   MACY'S, MACY'S, INC., REVA
     SHERMAN-MATTHEWS, AND DOES 1            [Notice of Removal filed concurrently
17   THROUGH 100 INCLUSIVE,                  herewith.]

18              Defendants.

19

20        I, Julie Avins, hereby declare the following:

21        1.    I submit this declaration in support of Defendants' Removal of Action under 28

22   U.S.C. §§ 1332, 1441, 1446. I have personal knowledge of the facts set forth herein, which are

23   known by me to be true and correct, and, if called as a witness, I could and would competently

24   testify thereto.

25        2.    I am employed by Macy's Corporate Services, Inc. as Vice President of Associate

26   Relations. In this role, I am responsible in part for employment and personnel matters involving

27   associates employed in California by Macy's subsidiaries, including Macy's West Stores, Inc.

28   ("MWSI"). In my capacity, I have access to personnel records and information of current and former

                                             1.

1   MWSI employees, including personnel records and information pertaining to Plaintiff Shake Ter

2   Petrossian.

3       3.      Throughout her employment with MWSI from 2006 until 2012, Plaintiff Shake Ter

4   Petrossian's physical work location was the MWSI Burbank Town Center store, located at 200 East

5   Cypress Ave., Burbank, California, 91502-1149.

6       4.      Attached hereto are 17 pages of business records pertaining to Plaintiff Shake Ter

7   Petrossian. These records are kept by MWSI in the ordinary course of business, and the attached

8   records are true and correct copies of the originals. However, please note certain of the attached

9   records have been redacted to remove confidential personal information in accordance with the

10  Court's document redaction requirements.

11      I declare under penalty of perjury under the laws of the State of California and the laws of the

12  United States of America that the foregoing is true and correct.

13      Executed this __6__ day of December, 2013, at _Torrance_, California.

14

15

16                                          _____
17                                          Julie Avins

18

19

20

21

22

23

24

25

26

27

28

                                        2.

PRINTED FROM IDS CONFIDENTIAL PERSONNEL

**macy's**
174117 9/2003

LAST 4 DIGITS OF SOCIAL SECURITY NUMBER: REDACTED

EMPLOYMENT APPLICATION
MACY'S IS AN EQUAL OPPORTUNITY EMPLOYER

REDACTED

045000000000   REDACTED   Code 045

NAME (Last): PETROSSIAN   (First): CHAKE   (Middle):

STREET ADDRESS: REDACTED   APARTMENT NO.

☒ PERMANENT   ☐ TEMPORARY   ☐ MAILING ADDRESS

HAVE YOU EVER WORKED OR ATTENDED SCHOOL UNDER ANOTHER NAME THAT WE NEED TO KNOW TO VERIFY OUR RECORDS? IF YES, NAME.
☐ YES ☐ NO

CITY: Sun Valley   STATE: CA.   ZIP CODE: 91352

BUSINESS OR TEMPORARY PHONE: (818) REDACTED   HOME PHONE NUMBER: (818) REDACTED

POSITION DESIRED (Check only one)
☐ OFFICE ☐ STOCK ☐ OTHER (SPECIFY)
☒ SALES

CURRENTLY EMPLOYED
☐ FULL TIME ☐ PART TIME ☒ NOT EMPLOYED

PREVIOUS RESIDENCE: REDACTED   Glendale CA 91204   MINIMUM SALARY DESIRED: 12

SCHEDULE PREFERRED
☒ FULL TIME (6 or more hours daily)
☐ PART TIME (3 - 5 hours - days)
☐ PART TIME (evenings and weekends)

APART FROM ABSENCES FOR RELIGIOUS OBSERVANCES, LIST ALL TIMES YOU ARE AVAILABLE TO WORK (MOST JOBS REQUIRE WEEKEND AVAILABILITY)

| | SUNDAY | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | SATURDAY |
|---|---|---|---|---|---|---|---|
| FROM | | 9am | 9am | 9am | 9am | 9am | 9am |
| TO | | 6pm or | 6pm | 6pm | 6pm | 6pm | 6pm |

HOW WERE YOU REFERRED TO MACY'S?
☒ EMPLOYEE ☐ RADIO AD ☐ NEWSPAPER AD
☐ IN STORE SIGN ☐ MACYSJOBS.COM
☐ OTHER (SPECIFY)

IS A RELATIVE EMPLOYED BY MACY'S? NAME: REDACTED   RELATIONSHIP:
☒ YES ☐ NO

HAVE YOU EVER BEEN EMPLOYED BY MACY'S OR ANY SUBSIDIARY OF R.H. MACY & CO, INC, BROADWAY STORES, INC. OR AFFILIATED DEPARTMENT STORE?
☐ YES ☒ NO

WHERE ARE YOU WILLING TO WORK. LIST THE STORE BELOW.
Burbank, or Glendale

NOTE: FAMILY OR MARITAL RELATIONSHIPS MAY BE CONSIDERED IN DETERMINING WORK ASSIGNMENTS UNDER CERTAIN CIRCUMSTANCES

Have you ever been convicted of a crime (misdemeanors or felonies) by a division or military court? Do not include (a) minor traffic violations, (b) marijuana-related convictions dated more than two years ago, (c) convictions judicially ordered sealed, expunged or statutorily eradicated, or (d) misdemeanor convictions judicially dismissed pursuant to California Penal Code Section 1203.4.

If you answered "yes," please explain and include the date(s), court(s), nature of offense(s) and disposition(s). Do not give any information about a referral to, or participation in, any pretrial or post trial diversion program.

☐ YES ☒ NO   Conviction of a crime will not automatically prohibit employment.

**EDUCATION**

| SCHOOL | NAME & ADDRESS OF SCHOOL | COURSE OF STUDY | DATE FROM MO YR | DATE TO MO YR | CIRCLE LAST YEAR COMPLETED | LIST DIPLOMA/DEGREE |
|---|---|---|---|---|---|---|
| HIGH SCHOOL | No 43 Yerevan, Armenia | General | 1965 | 1975 | 1 2 3 ④ | General |
| COLLEGE | Los Angeles City College | ESL | 2002 | 2004 | 1 ② 3 4 | ESL |
| OTHER (SPECIFY) | Washington College | Teacher Assistant | 2004 | 2005 | ① 2 3 4 | Teacher Assistant |

**PREVIOUS EMPLOYMENT**

LIST IN ORDER OF EMPLOYMENT STARTING WITH YOUR PRESENT EMPLOYMENT. PLEASE ACCOUNT FOR ALL TIME, INCLUDING CURRENT EMPLOYMENT, MILITARY SERVICE, PART TIME JOBS AND PERIODS OF UNEMPLOYMENT. IF YOU HELD TWO JOBS AT THE SAME TIME, BE SURE TO LIST BOTH JOBS. YOU MAY INCLUDE UNPAID WORK EXPERIENCE.

| DATE FROM MO YR | DATE TO MO YR | NAME OF BUSINESS | ADDRESS/PHONE OF BUSINESS | JOB TITLE OR NATURE OF JOB | SALARY START/END | REASON FOR LEAVING |
|---|---|---|---|---|---|---|
| 06 | 06 | RANO Service | Glendale, CA (818) 547-4700 | Receptionist | 10.00 North | Business close down |
| 05 | 06 | Health Center | Hollywood CA (323) 662-2600 | Receptionist | 9.00 North | Business close down |
| 03 | 05 | Private Care | Glendale, CA | Patients House Provider/Matter | 500 North | Patient passed away |

**IMPORTANT: PLEASE REVIEW AND SIGN**

The facts I've put in this application are true and correct. I understand and agree that: If employed, any false or misleading statements, omissions or failure to fully answer any question will result in my immediate dismissal, regardless of when such information is discovered. I may be bonded if employed. Information received by Macy's from another company or person about my experiences with that company or person may be shared at any time by Macy's with its affiliates. In addition, Macy's may share with its affiliates other types of information, including information on from consumer reporting agencies, and if I do not want Macy's to share this other information, I need to send Macy's a written direction not to communicate this information at: Macy's West, Inc. Employee Relations Department, Director of Employee Standards, P.O. Box 7888 San Francisco, CA 94120.

Solutions InSTORE: I understand that if I am hired, I will be given thirty (30) days from my date of hire to decide if I want to participate in the final step of the company's early dispute resolution program, Solutions InStore, which is final and binding arbitration. I understand that it is important that I read all materials and ask any questions I have so that I am fully informed about Solutions InSTORE has to offer.

I understand and agree that: Nothing in any Macy's West, Inc. (Macy's) handbook, manual, rules, regulations, practice, policy, or procedure shall be deemed to create an employment contract between me and Macy's. Macy's maintains a strict policy of at will employment with respect to both the duration and the terms of the employment relationship. Macy's may change the terms and conditions of the employment relationship or terminate that relationship at will with or without cause or notice or without liability. I understand and agree that in accepting employment, if it is offered to me, I am not relying upon any promises or representations and contained in the nature or duration of my employment. I understand and agree that no employee, supervisor, manager, or other representative of Macy's has any authority to enter into any express or implied agreement contrary to the foregoing, and that no promise, representation, inducement, or agreement contrary to the foregoing is binding on Macy's unless it is in writing, expressly states that it is a contract of employment and is signed by me and by the Chair of Macy's West, Inc.

I CERTIFY THAT I HAVE REVIEWED THE ABOVE, UNDERSTAND IT AND AGREE TO IT

SIGNATURE OF APPLICANT (DO NOT PRINT): [signature]   DATE: 08/01/06

**For California Applicants Only:**
I understand that I will be informed as to the source of any credit report obtained in CA. When a credit report is obtained by Macy's in CA, I elect to receive a copy of this report.
☐ YES ☒ NO

Following an offer of employment all applicants will be required to supply the following:
A - WORK PERMIT
B - PROOF OF IDENTITY AND AUTHORIZATION TO WORK IN U.S.
C - NAME AND ADDRESS OF 3 REFERENCES

☐ CANDIDATE NOT INTERESTED IN JOB AVAILABLE. GIVE REASON - SALARY, SCHEDULE, ETC.

HIRE DATE | HIRE RATE | INTERVIEWER'S INITIALS AND DATE

PRINTED FROM IDS CONFIDENTIAL PERSONNEL



**Chake Petrossian**



REDACTED
Sun Valley, CA 91352
Home 818 REDACTED
Cellular 818 REDACTED
Email REDACTED @yahoo.com

## Objective

To secure an entry-level position in a major fashion outlet which will use my experience in retail sales and merchandising. Flexible and willing to take on a variety of tasks.

## Experience

R.M. N.D. Staff Services, Glendale, CA
**Receptionist, 2006 - 2006**
- Filing paper work
- Answering and assisting telephone calls from patients
- Make and remind appointments to patients

Los Felis Health Center, Hollywood, CA
**Receptionist, 2005 - 2006**
- Filing paper work
- Answering and assisting telephone calls from patients
- Make and remind appointments to patients

Private Care, Glendale, CA
**Provider, 2003 - 2005**
- Going to patients houses and taking care
- Giving medical attention to patients at there home

Chateau De Argan, Montréal, Quebec
**Assistant Manager, 1995 - 2002**
- Managing 30 employees
- Polishing and boxing silver jewelry
- Getting deadlines on time

Shant Boutique, Montréal, Quebec
**Customer Service/ Sales, 1988 -1994**
- Cashiering
- Sales

## Education

Mashdots College, Glendale, CA, 2004 - 2005
E C E 18 Units, Major: Teacher Assistant

Los Angeles City College, Los Angeles, CA, 2002 - 2004
ESL

High School No.43, Yerevan, Armenia, 1965 - 1975
General education

PRINTED FROM IDS CONFIDENTIAL PERSONNEL

pj core 

## Skills

- Microsoft windows OS (95,98NT, 2000, XP)
- Typing 40wpm
- Languages: English, French, Armenian, and Russian
- Management Experience

PRINTED FROM IDS CONFIDENTIAL PERSONNEL





Code 084

## FAIR CREDIT REPORTING ACT (FCRA) DISCLOSURE AND CONSENT FORM

By this document, Macy's West, Inc. (Macy's) discloses to you that consumer reports (which may include an investigative consumer report) may be obtained for employment purposes as part of the pre-employment background evaluation and at any time during your employment if you are hired. Please read carefully and sign where indicated below.

In connection with this application or anytime during my employment, I hereby authorize Macy's West, Inc. (Macy's) or its agent to obtain a consumer report concerning me from consumer reporting agencies (e.g., credit bureaus, criminal background checks, Stores Protective Associations, etc.) This may include investigative consumer reports which include information as to my character, general reputation, personal characteristics and mode of living, obtained through personal interviews with neighbors, friends or associates. In addition, information may be obtained from former employers and educational institutions, which I have attended. This waiver does not permit the release or use of disability-related or medical information in a manner prohibited by the Americans with Disabilities Act (ADA) and other relevant federal and state laws.

I understand that this authorization shall remain on file if I do become an employee and shall serve as an ongoing authorization for Macy's West, Inc. (Macy's) to procure consumer reports (including investigative consumer reports) at any time during my employment period.

Upon written request from me to, Macy's West, Inc. (Macy's) I will be informed of the name and address of each consumer reporting agency, if any, from which Macy's West, Inc. (Macy's) has obtained a consumer report or an investigative consumer report relating to me. I understand I also have the right to request disclosure of the nature and scope of any investigative consumer report, along with a Summary of Consumer rights.

Print Name _Petrossian Chake_   Date _08/01/06_

Signature of Applicant _____

Address  REDACTED  _Sun Valley, CA. 91352_

macy's
174117B 9/2003

PRINTED FROM IDS CONFIDENTIAL PERSONNEL





| NAME (Last) | (Middle) | (First) |
|---|---|---|
| *Petrossian* | - | *Chake* |

LAST 4 DIGITS OF SOCIAL SECURITY NUMBER  **REDACTED**

PAYROLL NO  *346978*

Code  084

## CALIFORNIA FCRA DISCLOSURE AND CONSENT

By this document, Macy's West, Inc. ("Macy's") discloses to you that investigative consumer reports (as defined under California law) may be obtained for employment purposes as part of the pre-employment background evaluation and at any time during your employment if you are hired. These investigative consumer reports may include information on your character, general reputation, personal characteristics, and mode of living obtained through any means. Investigative consumer reports may be obtained from the following consumer reporting agencies:

|  |  |
|---|---|
| Accurate Background Checks, Inc. | Esteem Information Services |
| 20988 Bake Parkway Suite #104 | 13950 Ballantyne Corporate Pl., Suite 200 |
| Lake Forest, CA 92630 | Charlotte, NC 28277-2712 |
| Telephone: (800) 784-3911 ext.230 | Telephone: (888) 715-4300 |

You have the right under Section 1786.22 of the California Civil Code to contact the consumer reporting agency during normal business hours to obtain your file for your review. You may obtain such information as follows:

1. In person at the address listed above, with proper identification. You may be accompanied by one other person, with reasonable identification.
2. By certified mail, if you make a written request to have your file sent to a specified address, and provide proper identification.
3. By telephone, if you have previously made a written request and provided proper identification.

These consumer reporting agencies have trained personnel to explain any information that is furnished to you.

**Unless you elect otherwise in the boxes below, you will receive copies of consumer reports and public records about you obtained by Macy's for employment purposes.**

☒ I do not want to receive a copy of any investigative consumer report that is prepared about me for employment purposes.

☒ I do not want to receive a copy of any public record obtained directly by Macy's for employment purposes.

I understand that this authorization shall remain on file if I do become an employee and shall serve as an ongoing authorization for Macy's to procure an investigative consumer report at any time during my employment period.

I understand the foregoing, and hereby authorize Macy's to obtain an investigative consumer report concerning me from a consumer reporting agency.

Print Name  *Petrossian   Chake*   Date  *05/01/06*

Signature of Applicant  *[signature]*

Address  **REDACTED**   *Sun Valley CB. 91552*

macy's
17411?C  9/2003

PRINTED FROM IDS CONFIDENTIAL PERSONNEL







## UNDERSTANDING COMMISSION
### Associate Acknowledgement

Please print clearly and legibly

| ASSOCIATE NAME [FIRST] | ASSOCIATE NAME [LAST] | PAYROLL ID | WORK AREA |
|---|---|---|---|
| Shake | Ter Petrossian | 71112464 | 0502 |
| PRESENTING EXECUTIVE'S NAME | LOCATION<br>Burbank Town Center | STORE #<br>71504 | PLANCODE<br>207 |

Your Commission Program: (check one)

    __X__ Draw vs. Commission Pay

    _____ Base Plus Commission Pay

Overtime Classification: (Indicate "Yes" or "No")

    __NO__ Overtime calculated utilizing FLSA 7i exemption (Draw vs. Commission Pay only)

Indicate "Yes" or "No" for other applicable Commission plans:

    __NO__ Tiered Commission plan

    __NO__ Item Status commission plan

Draw or Base Hourly Rate $    __$8.45__

### ASSOCIATE ACKNOWLEDGMENT

I hereby acknowledge that I have received and have read the booklet "Understanding Commission." (the "Booklet"). The Booklet includes the documents referenced in the booklet, including but not limited to the Sales/Returns Commission Summary Statements, Commission Rate listings (also known as Commission Summary Tables) and documents confirming my individual rate. The Booklet describes the computation of Commission Pay and other related policies. I understand the contents of the Booklet. If there is anything I do not understand in the future, I will seek clarification from my Manager or from Human Resources. I understand and agree that my Commission Pay and other forms of compensation at Macy's will be paid as described in the booklet. This booklet supersedes all prior oral and written agreements and communications between me and the Company on the subject of commission pay programs and other items described in the Booklet. The Company reserves the right to change commission practices and payroll policies upon notice (either in writing or through electronic communications) to affected associates. Changes to this Booklet may be made only in writing signed by the Vice President of Compensation for Macy's or his/her designee. I understand and agree that my employment is at will. I agree that nothing in "Understanding Commission" will be construed as an express, implied or inferred promise or commitment of a future position, promotion or contract of employment between me and the Company for a definite term or to the right of continued employment by the Company, or as a limitation on the right of either the Company or me to terminate the employment relationship at any time, with or without cause and with or without notice. I understand that if my employment is governed by a collective bargaining agreement (CBA), the provisions of the CBA take precedence over any information I may read in this document. This includes, but is not limited to, Commission Pay policies.

Associate Signature     _____ Date 02-21-11

Presenting Executive Signature    _____ Date 2.21.11



PRINTED FROM IDS CONFIDENTIAL LIFE EVENTS



Leave of Absence
P.O. Box 17508
Clearwater, FL 33762-0508
Ph: 1-800-234-MACY
Fax: 1-800-337-2363
E-Mail: macys.loa@macys.com

6/14/2010

Shake Ter Petrossian
REDACTED
Glendale, CA 91205

Payroll # 71112464

Dear Shake,

We have been notified that you are requesting a leave of absence for 06/07/2010 to 07/06/2010. Enclosed you will find important information about your leave of absence and the documentation required in order for the Company to approve and/or continue your leave. It is important that you understand your responsibilities during your leave so please review this information carefully. If you have any questions regarding this information or what is requested, please contact us. **Important - If you have not provided a health care certification your leave will be pending and not approved.** All information requested will need to be mailed or faxed to the HR Services Leave of Absence team to the address above. HR Services will be administering your leave request. If you need assistance in completing the forms, or if there are circumstances that prevent you from meeting the deadlines, please call the HR Services Leave of Absence team or your Human Resource Manager as soon as possible.

Please complete the following forms, sign and return to HR Services within 15 days.
If we do not receive this information from you within 15 days, your leave may be delayed or denied.
 X   Health Care Provider Certification Needed - Attachment A
 X   Request for Leave of Absence Form Needed - Attachment B

Also included in this packet are:
 1. Notice of Eligibility and Rights & Responsibilities to Employee Request for Family Medical Leave (FMLA) - Attachment C
 2. Designation Notice Family and Medical Leave Act (FMLA) - Attachment D

☒   Pursuant to the provisions of the California Code of Regulations Section 1089-1, this will notify you of a change in status, due to a leave of absence. We are providing you with a copy of the EDD Pamphlet DE 2320, which is entitled "For Your Benefit, California's Programs for the Unemployed". The pamphlet discusses your unemployment insurance benefit rights (if applicable). We are also providing you with a copy of the California Paid Family Leave Brochure.

Included in this packet is information regarding your benefits and a checklist for you to follow while you are on your leave of absence. If you have questions or concerns regarding this information, please contact us at 1-800-234-MACY during our business hours: Monday - Friday, 9:00am - 9:00pm Eastern Standard Time.

Sincerely,

Kira Alvarez
HR Services
Leave of Absence

CA Assoc-Own Dis 0210

PRINTED FROM IDS CONFIDENTIAL LIFE EVENTS
Jul 08 2010 7:05AM    Jim Falk Lexus                310-REDACTED                     P.10

## Request for Leave of Absence

### About You

Shake Ter *Petrossian*
REDACTED
Glendale, CA 91205

Payroll #: 11112464

RECEIVED
JUN 2 4 2010
DISABILITY INS.

### Your Leave Request

I am requesting an: ☒ Original leave of absence or ☐ Extension to my leave of absence

Date your leave is to begin: _6 7 2010_     Date your leave is to end: _6 15 2010_

I am requesting my leave for the following reason:

☐ To care for my newborn, or the placement of a child with me for adoption or foster care
☒ A serious health condition that prevents me from performing the essential functions of my job
☐ A serious health condition for which I need to provide care for:
    ☐ my spouse   ☐ parent
    ☐ child   ☐ CA registered domestic partner
☐ My disability due to pregnancy or pregnancy related conditions
☐ To care for a qualified ill/injured military service member (FMLA)
☐ Military Exigency Leave of Absence (FMLA)
☐ Unpaid leave when spouse is home from qualified military deployment
☐ Other: Please explain: _____
☐ Intermittent/Reduced Schedule Leave (*Complete below only if requesting on an intermittent basis*)

| Reason for Schedule Change | Proposed Schedule |
|---|---|
| | |

## Information About Your Request

I understand that:

1. If I am granted the leave of absence requested above I am expected to return to work on or before the date indicated above that my leave is to end.  If I cannot return to work on this date I must request an extension of my leave from my Human Resource Manager or HR Services.  I agree to submit any additional supporting medical certification or documents requested by my Human Resource Manager and/or HR Services to support my leave of absence.
2. I will remain an employee of the Company while on an approved leave of absence unless my position is eliminated as a result of business needs.
3. I may not take a leave to seek employment.  I may not accept employment, or be self-employed, if it is inconsistent with the restrictions provided by my Health Care Provider.  Such actions while on  any authorized leave may be considered a voluntary resignation.
4. Insurance premiums that I am responsible for will be deducted automatically from any disability pay or salary continuation benefits I am entitled to receive.  I must directly pay any premiums not collected via payroll deductions, to HR Services.
5. For certain leaves, I may be required to exhaust all applicable paid leave time first.  This may include vacation, holidays, or any other paid leave available to me.
6. I will not accrue vacation time during a leave of absence.
7. I must contact my Human Resource Manager and HR Services at least 2 weeks prior if possible and no later than 2 (two) business days prior to the date indicated as my return to work date.  Failure to do so may result in a delay in my return to work.
8. It is my obligation to notify HR Services of any change of address during my leave.

Employee Signature _____     Date _6 23 2010_

## What Next?

You may fax complete forms to HR Services at 1-800-310-7740 or mail to Leave of Absence, PO Box 17427, Clearwater, FL 33762-0427 or e-mail documents to macys.leave@macys.com. If you need assistance completing the forms, please contact your Human Resource Manager or HR Services Leave of Absence at 1-800-234-MACY.

CA Assoc-Own Dis 0210

PRINTED FROM IDS CONFIDENTIAL LIFE EVENTS



Leave of Absence
P.O. Box 17427
Clearwater, FL 33762
Fax: 1-800-310-7740
Ph: 1-800-234-MACY 6229
Email: macys.loa@macys.com

3/8/2012

Payroll # 71112464

Shake Ter Petrossian
REDACTED
Glendale, CA 91205

Dear Shake,

We have received your request for a Leave of Absence beginning on 02/14/2012 and ending approximately 03/06/2012.

Your leave of absence and/or extension has been approved pursuant to the:

[X]   Family Medical Leave Act (FMLA)
[X]   California Family Rights Act (CFRA)
[ ]   Washington Family Rights Act (WFLA)
[ ]   Oregon Family Rights Act (OFLA)
[ ]   Hawaii Family Rights Act (HFLA)
[X]   Macy's Medical Leave Policy
[ ]   Macy's Domestic Partner Leave Policy
[ ]   Uniformed Services Employment and Reemployment Rights Act (USERRA)
[ ]

The attached Designation Notice provides additional information concerning your leave.

Your leave is estimated to end on 03/06/2012. If your leave is for your own medical condition and your restrictions change prior to this date, or if there are any accommodations that would allow you to perform the essential functions of your job, please contact us so we can look for return to work options. If you need additional time beyond the estimated leave end date, please contact HR Services as soon as practicable to determine whether you have remaining leave entitlement or if you are eligible for an extension of your leave under the Americans with Disabilities Act, as amended (ADA).

Please call HR Services during our business hours: Monday - Friday, 9:00am - 9:00pm Eastern Standard Time at 1-800-234-6229 if you have any additional questions.

Sincerely,
Terry Phommahaxay
HR Services
Leave of Absence

LTR047 - Approval All States revised 5.6.11

Version 1.0

PRINTED FROM IDS CONFIDENTIAL LIFE EVENTS



Leave of Absence
P.O. Box 17427
Clearwater, FL 33762-0427
Ph: 1-800-234-MACY
Fax: 1-800-310-7740
E-Mail: macys.loa@macys.com

March 16, 2012

Payroll # 71112464

Shake Ter Petrossian
REDACTED
Glendale, CA 91205

Dear Shake,

According to the most recent information from your Health Care Provider, you were released to return to work as of March 07, 2012. As of the date of this letter you have not returned to work and we have not received any information from you indicating you are unable to work at this time.

In order to maintain your leave of absence, we must receive updated information from your Health Care Provider that outlines your new anticipated return to work date. This information must be sent to us by April 02, 2012. If circumstances prevent you from doing, this, you may contact us, and your Human Resource Manager within the 15-day time frame. You may fax or mail the information to the address and fax number listed above. If we do not receive this information and you do not return to work, we will process your separation from the company.

If you require additional leave time for something other than your own medical condition or a covered family member's condition, you must request a Personal Leave by completing the Request for Personal Leave of Absence Form. Personal Leaves are granted at the sole discretion of the Company based upon eligibility and business needs. You need to submit your Request for Personal Leave of Absence Form to your Human Resource Manager who will approve or deny your request for a Personal leave. Your Request for Leave of Absence Form must be submitted to us and approved by your Human Resource Manager within 15 days from the date of this letter. You may mail or fax this information to the address and fax number listed above.

<u>This will be the only notice that you receive so please give it your immediate attention.</u> If you do not take action to maintain your Leave of Absence status or return to work, we will process your separation from Macy's as a voluntary resignation effective April 04, 2012.

Sincerely,
Terry Phommahaxay
LOA Administrator
HR Services
Leave of Absence

Certified number:7011 1570 0000 0255 3463

LTR010 - DNR revised 5.6.11

PRINTED FROM IDS CONFIDENTIAL LIFE EVENTS



Leave of Absence
P.O. Box 17427
Clearwater, FL 33762
Fax: 1-800-310-7740
Ph: 1-800-234-MACY 6229
Email: macys.loa@macys.com

3/21/2012

Payroll # 71112464

Shake Ter Petrossian
REDACTED
Glendale, CA 91205

Dear Shake,

We have received your request for a Leave of Absence beginning on 02/14/2012 and ending approximately 04/11/2012.

Your leave of absence and/or extension has been approved pursuant to the [check all that apply]:

[X]   Family Medical Leave Act (FMLA)
[X]   California Family Rights Act (CFRA)
[ ]   Washington Family Rights Act (WFLA)
[ ]   Oregon Family Rights Act (OFLA)
[ ]   Hawaii Family Rights Act (HFLA)
[X]   Macy's Medical Leave Policy
[ ]   Macy's Domestic Partner Leave Policy
[ ]   Uniformed Services Employment and Reemployment Rights Act (USERRA)
[ ]

The attached Designation Notice provides additional information concerning your leave.

Your leave is estimated to end on 04/11/2012.  If your leave is for your own medical condition and your restrictions change prior to this date, or if there are any accommodations that would allow you to perform the essential functions of your job, please contact us so we can look for return to work options.  If you need additional time beyond the estimated leave end date, please contact HR Services as soon as practicable to determine whether you have remaining leave entitlement or if you are eligible for an extension of your leave under the Americans with Disabilities Act, as amended (ADA).

Please call HR Services during our business hours: Monday - Friday, 9:00am - 9:00pm Eastern Standard Time at 1-800-234-6229 if you have any additional questions.

Sincerely,
Terry Phommahaxay
HR Services
Leave of Absence



Leave of Absence
P.O. Box 17427
Clearwater, FL 33762-0427
Ph: 1-800-234-MACY
Fax: 1-800-310-7740
E-Mail: macys.loa@macys.com

April 20, 2012

Payroll # 71112464

Shake Ter Petrossian
REDACTED
Glendale, CA 91205

Dear Shake,

According to the most recent information from your Health Care Provider, you were released to return to work as of April 12, 2012. As of the date of this letter you have not returned to work and we have not received any information from you indicating you are unable to work at this time.

In order to maintain your leave of absence, we must receive updated information from your Health Care Provider that outlines your new anticipated return to work date. This information must be sent to us by May 05, 2012. If circumstances prevent you from doing, this, you may contact us, and your Human Resource Manager within the 15-day time frame. You may fax or mail the information to the address and fax number listed above. If we do not receive this information and you do not return to work, we will process your separation from the company.

If you require additional leave time for something other than your own medical condition or a covered family member's condition, you must request a Personal Leave by completing the Request for Personal Leave of Absence Form. Personal Leaves are granted at the sole discretion of the Company based upon eligibility and business needs. You need to submit your Request for Personal Leave of Absence Form to your Human Resource Manager who will approve or deny your request for a Personal leave. Your Request for Leave of Absence Form must be submitted to us and approved by your Human Resource Manager within 15 days from the date of this letter. You may mail or fax this information to the address and fax number listed above.

**This will be the only notice that you receive so please give it your immediate attention.** If you do not take action to maintain your Leave of Absence status or return to work, we will process your separation from Macy's as a voluntary resignation effective May 09, 2012.

Sincerely,

Kenté Jamison
HR Services
Leave of Absence

Certified number: 7011 3500 0000 7240 1256

LTR010 - DNR revised 5.6.11

PRINTED FROM IDS CONFIDENTIAL PERSONNEL

**SENDER: COMPLETE THIS SECTION**

- ☐ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ☐ Print your name and address on the reverse so that we can return the card to you.
- ☐ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Shake Ter Petrossian #7111242(-1

REDACTED

Glendale, CA 91205

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   Shake   C. Date of Delivery   5/11/12

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7011 3500 0000 7240 1256

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540



Leave of Absence
P.O. Box 17427
Clearwater, FL 33762
Fax: 1-800-310-7740
Ph: 1-800-234-MACY 6229
Email: macys.loa@macys.com

Payroll # 71112464

6/26/2012

Shake Ter Petrossian
REDACTED
Glendale, CA 91205

Dear Shake,

We have received your request for a Leave of Absence beginning on 02/14/2012 and ending approximately 08/19/2012.

Your leave of absence and/or extension has been approved pursuant to the [check all that apply]:

[X]   Family Medical Leave Act (FMLA)
[X]   California Family Rights Act (CFRA)
[ ]    Washington Family Rights Act (WFLA)
[ ]    Oregon Family Rights Act (OFLA)
[ ]    Hawaii Family Rights Act (HFLA)
[X]   Macy's Medical Leave Policy
[ ]    Macy's Domestic Partner Leave Policy
[ ]    Uniformed Services Employment and Reemployment Rights Act (USERRA)
[X]   ADA

The attached Designation Notice provides additional information concerning your leave.

Your leave is estimated to end on 08/19/2012. If your leave is for your own medical condition and your restrictions change prior to this date, or if there are any accommodations that would allow you to perform the essential functions of your job, please contact us so we can look for return to work options. If you need additional time beyond the estimated leave end date, please contact HR Services as soon as practicable to determine whether you have remaining leave entitlement or if you are eligible for an extension of your leave under the Americans with Disabilities Act, as amended (ADA).

Please call HR Services during our business hours: Monday - Friday, 9:00am  9:00pm Eastern Standard Time at 1-800-234-6229 if you have any additional questions.

Sincerely,

Marci Patrick
HR Services
Leave of Absence



Leave of Absence
P.O. Box 17427
Clearwater, FL 33762
Fax: 1-800-310-7740
Ph: 1-800-234-MACY (6229)
Email: macys.loa@macys.com

6/26/2012

Payroll # 71112464

Shake Ter Petrossian
REDACTED
Glendale, CA 91205

Dear Shake

Our records indicate the following (check all that are applicable):

[]   Family Medical Leave Act (FMLA) expires on

[]   California Family Rights Act (CFRA) expires on

[]   Washington Family Rights Act (WFLA) expires on

[]   Oregon Family Rights Act (OFLA) expires on

[]   Hawaii Family Rights Act (HFLA) expires on

[]   California Pregnancy Disability Leave expires on

[x]  Macy's Medical Leave Policy expires on 8/13/12

[]   Other:  expires on

Presently your leave is approved through 08/19/2012.   However, if your situation changes so that you are able to return at an earlier date, please contact your Human Resource Manager and HR Services- Leave of Absence at 1-800-234-MACY (6229) to arrange your return to work.

If you need an extension of your leave past this approved date, please contact HR Services and your Human Resource Manager.  Depending on your leave entitlement status noted above, this request will be evaluated either as a reasonable accommodation under the Americans with Disabilities Act, as amended or, if you are not disabled, under the Company's Personal Leave of Absence policy.

Please call HR Services- Leave of Absence at 1-800-234-MACY (6229) if you have any questions.

Sincerely,

Marci Patrick
HR Services
Leave of Absence
Attachment: State specific Designation Notice

LTR056 - Exhaust All States revised 5.6.11

Version 1.0

PRINTED FROM IDS CONFIDENTIAL LIFE EVENTS
2012-08-23 15:56   Associate Relations          5155797719 >>          Fax Server   P 1/1



Macy's
Accommodation/Disability Leave Office
7 West Seventh St.
Cincinnati, OH 45202

August 23, 2012

Ms. Shake Ter Petrossian
REDACTED
Glendale, CA 91205

Dear Shake:

This letter is in response to your request for an extension to your medical leave of absence as a reasonable accommodation. Based on an analysis of the August 7, 2012, Work Status Report from Robert J. Schechter, M.D., your request for an extension to your leave is granted through September 9, 2012, with the expectation that you will be able to return to work at Macy's on September 10, 2012.

You have been on a continuous medical leave of absence since February 14, 2012, and exhausted all eligible entitlement under Macy's leave policy on August 13, 2012.   The Company may grant an extension to a leave as a reasonable accommodation under the Americans with Disabilities Act, as amended (ADAAA), if the treating health care provider certifies the additional leave time will help facilitate your recovery and return to work on a date in the reasonably foreseeable future.

Please confirm your return to work date with HR Services by accessing In-site, selecting Leave of Absence under the Life Events menu option, then selecting the Notification for Return to Work option, or fax a copy of the release for return to work to HR services at 1-800-310-7740.   Please engage in a two-way conversation with your Human Resources Manager  to discuss any restrictions you may have upon your return to work so that an assessment can be made regarding the need for a reasonable accommodation.

Remember if you are released to return to work with restrictions, we require that the conversation with your Human Resources Manager  take place prior to your return because the recommended accommodation(s) must be approved by the Office of Accommodation Disability Leave Management before you can actually work.

If you are unable to return to work at the end of the leave, we may not be able to grant any additional extension to your medical leave of absence, due to the indefinite nature of your return to work date.

You must contact HR Services at 1-800-234-6229 (MACY), if you have questions about your leave or benefits.

Sincerely,

Nancy G. Gruen
ADLM Specialist
Accommodation/Disability Leave
Management Administration

Petrossian Shake Ter #71112464

PRINTED FROM IDS CONFIDENTIAL LIFE EVENTS
2012-09-13 10:41   Associate Relations          5155797719 >>          Fax Server  P 1/6



macy's inc

Macy's
Accommodation/Disability Leave Office
7 West Seventh St.
Cincinnati, OH 45202

September 13, 2012

Ms. Shake Petrossian
REDACTED
Glendale, CA 91205

Dear Shake:

This letter is in response to your request for a second extension to your medical leave of absence as a reasonable accommodation.

According to the latest Work Status Report from Dr. Robert Schechter dated August 7, 2012, you are placed off work through October 28, 2012.  Dr. Schechter did not explain how the extended leave would enable you to return to work and perform the essential functions of your position.  We are willing to grant your request for a second extension to your leave, but we need your doctor to explain how this additional time will allow you to return to work on a date in the reasonable foreseeable future, since we cannot extend your leave indefinitely.

Please have the attached Reasonable Accommodation Inquiry letter completed by Dr. Schechter and returned to our office no later than September 27, 2012.  If you need additional time to provide the completed information, you will need to contact our office on or before that date at (513) 579-7990.  Upon receipt of the response to this letter, we will determine if we are able to grant your request for a second extension to your leave of absence as a reasonable accommodation.  The information may be faxed to my attention at: (513) 562-6972, or mail to:

     Macy's Accommodation Disability Leave
     Management Office
     Attn:  Nancy Gruen
     7 West Seventh St., 13ᵗʰ Floor
     Cincinnati, OH 45202

Please note without having this information we would be unable to consider any additional extension to your medical leave of absence and would process your separation from the company on September 27, 2012, as not returning from leave.

If you have any questions about your leave, you may contact the HR Services Leave of Absence Team at:  (800) 234-MACY (6229).

Sincerely,

Nancy G. Gruen
ADLM Specialist
Accommodation/Disability Leave
Management Administration

Petrossian, Shake #71112464
Certified 7009 1680 0002 2544 0404

# EXHIBIT F

1 | CRISTINA D. HERNANDEZ, Bar No. 283500
GONZALEZ SAGGIO & HARLAN LLP
2 | 3699 Wilshire Boulevard
Los Angeles, California 90010
3 | Tel: (213) 487-1400
Fax: (213) 487-1402
4 | Email: Cristina_Hernandez@gshllp.com

5 | CYNTHIA TSAI BRADY, Bar No. 265151
MACY'S LAW DEPARTMENT
6 | 611 Olive Street, 10th Floor
St. Louis, MO 63101
7 | Tel: (314) 342-6375
Fax: (314) 342-6066
8 | Email: Cynthia.Brady@macys.com

9 | Attorneys for Defendant
MACY'S, INC.

10

11 |  UNITED STATES DISTRICT COURT

12 |  CENTRAL DISTRICT OF CALIFORNIA

13 | SHAKE TER PETROSSIAN,  | Case No.

14 | Plaintiff, | **DECLARATION OF LINDA BALICKI IN**
**SUPPORT OF DEFENDANT MACY'S,**
15 | v. | **INC.'S REMOVAL OF ACTION UNDER 28**
**U.S.C. §§ 1332, 1441, 1446**
16 | MACY'S, MACY'S, INC., REVA
SHERMAN-MATTHEWS, AND DOES 1 | [Notice of Removal filed concurrently
17 | THROUGH 100 INCLUSIVE, | herewith.]

18 | Defendants.

19

20 |  I, Linda Balicki, hereby declare the following:

21 |  1.  I am an attorney employed by Macy's Corporate Services, Inc. in the Macy's, Inc.

Law Department office located at 611 Olive Street, St. Louis, Missouri 63101. Macy's Corporate

22 | Services, Inc. is a wholly-owned subsidiary of Macy's Retail Holdings, Inc., a New York

23 | corporation, which in turn is a wholly-owned subsidiary of Macy's, Inc., a Delaware corporation.

24 | My practice is concentrated in the corporate structure and governance area. I have been employed as

25 | an attorney with the former The May Department Stores Company (acquired by Macy's, Inc. in

26 | 2005) and Macy's Corporate Services, Inc. since 1988. I currently hold the title of Vice President.

27 |  2.  I am aware of the facts set forth below in paragraphs 3 through 5 because of my

28

1.

1  experience in the Macy's, Inc. Law Department and through my job duties in the corporate structure
2  and governance area.

3      3.      The named defendants in this action include "Macy's" and "Macy's, Inc." There is
4  no incorporated entity in the Macy's family known by the name "Macy's."

5      4.      On September 26, 2013, the date on which Plaintiff Shake Ter Petrossian filed her
6  Complaint, Macy's, Inc. was incorporated under the laws of the State of Delaware. Macy's, Inc.
7  remains incorporated under the laws of the State of Delaware.

8      5.      On September 26, 2013, the date on which Plaintiff Shake Ter Petrossian filed her
9  Complaint, Macy's, Inc.'s principal places of business were located in Cincinnati, Ohio and New
10  York, New York. Macy's, Inc.'s principal places of business remain in Cincinnati, Ohio and New
11  York, New York. None of the directors of Macy's, Inc. reside in the State of California or have
12  principal places of business in California. The officers and executive management team who direct,
13  control, and coordinate Macy's, Inc.'s activities primarily do so from Cincinnati, Ohio or New York,
14  New York. Ohio or New York are the states where Macy's, Inc.'s primary executive,
15  administrative, financial and management functions are conducted.

16      I declare under penalty of perjury under the laws of the State of California and the laws of the
17  United States of America that the foregoing is true and correct.

18      Executed this ⸺nd day of December, 2013, at St. Louis, Missouri.

21  *Linda Balicki* (signature)
22  Linda Balicki

2.

# EXHIBIT G

CRISTINA D. HERNANDEZ, Bar No. 283500
GONZALEZ SAGGIO & HARLAN LLP
3699 Wilshire Boulevard
Los Angeles, California 90010
Tel: (213) 487-1400
Fax: (213) 487-1402
Email: Cristina_Hernandez@gshllp.com

CYNTHIA TSAI BRADY, Bar No. 265151
MACY'S LAW DEPARTMENT
611 Olive Street, 10th Floor
St. Louis, MO 63101
Tel: (314) 342-6375
Fax: (314) 342-6066
Email: Cynthia.Brady@macys.com

Attorneys for Defendant
MACY'S, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKE TER PETROSSIAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MACY'S, MACY'S, INC., REVA SHERMAN-MATTHEWS, AND DOES 1 THROUGH 100 INCLUSIVE,<br><br>　　　　Defendants. | Case No.<br><br>**DECLARATION OF REVA SHERMAN-MATTHEWS IN SUPPORT OF DEFENDANT MACY'S, INC.'S REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, 1446**<br><br>[Notice of Removal filed concurrently herewith.] |

I, Reva Sherman-Matthews, hereby declare the following:

1.　　I submit this declaration in support of Defendants' Removal of Action under 28 U.S.C. §§ 1332, 1441, 1446. I have personal knowledge of the facts set forth herein, which are known by me to be true and correct, and, if called as a witness, I could and would competently testify thereto.

2.　　I am employed as an Accommodation/Disability Manager for Macy's Corporate Services, Inc. at 7 West Seventh Street, Cincinnati, Ohio. I have held this position since December 10, 2010.

3.　　I have not been served with a Summons and Complaint in the lawsuit *Shake Ter*

1.

1   *Petrossian v. Macy's, Macy's, Inc., Reva Sherman-Matthews, and Does 1 Through 100 Inclusive.,*

2   Case No. BC-522612.

3         4.       I am not a citizen of the State of California and have never been a citizen of the State

4   of California.

5         5.       I currently reside in Cincinnati, Ohio and have resided in Cincinnati, Ohio since birth,

6   with the exception of a few years during college. I intend to remain a resident of the State of Ohio

7   permanently and indefinitely.

8         6.       My spouse and siblings live in the State of Ohio.

9         7.       I am employed in the State of Ohio, and I pay state income taxes to the State of Ohio.

10        8.       I am registered to vote in the State of Ohio.

11        9.       I hold an Ohio driver's license and my vehicle is registered in the State of Ohio.

12        10.      All of my personal and real property are located in the State of Ohio.

13        11.      My bank accounts are located in the State of Ohio.

14   I declare under penalty of perjury under the laws of the State of California and the laws of the

15   United States of America that the foregoing is true and correct.

16   Executed this 2nd day of December, 2013, at Cincinnati, Ohio.

17

18

19                                           *Reva Sherman-Matthews*
                                             Reva Sherman-Matthews
20

21

22

23

24

25

26

27

28

2.

DECLARATION OF REVA SHERMAN-MATTHEWS IN SUPPORT OF DEFENDANT MACY'S, INC.'S
REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, 1446

# EXHIBIT H

1  CRISTINA D. HERNANDEZ, Bar No. 283500
   GONZALEZ SAGGIO & HARLAN LLP
2  3699 Wilshire Boulevard
   Los Angeles, California 90010
3  Tel: (213) 487-1400
   Fax: (213) 487-1402
4  Email: Cristina_Hernandez@gshlp.com

5  CYNTHIA TSAI BRADY, Bar No. 265151
   MACY'S LAW DEPARTMENT
6  611 Olive Street, 10th Floor
   St. Louis, MO 63101
7  Tel: (314) 342-6375
   Fax: (314) 342-6066
8  Email: Cynthia.Brady@macys.com

9  Attorneys for Defendant
   MACY'S, INC.

10
                   UNITED STATES DISTRICT COURT
11
                   CENTRAL DISTRICT OF CALIFORNIA
12

13  SHAKE TER PETROSSIAN,                  Case No.

14           Plaintiff,                    DECLARATION OF LINDA HARDING IN
                                           SUPPORT OF DEFENDANT MACY'S,
15       v.                                INC.'S REMOVAL OF ACTION UNDER 28
                                           U.S.C. §§ 1332, 1441, 1446
16  MACY'S, MACY'S, INC., REVA
    SHERMAN-MATTHEWS, AND DOES 1           [Notice of Removal filed concurrently
17  THROUGH 100 INCLUSIVE,                 herewith.]

18           Defendants.

19

20       I, Linda Harding, hereby declare the following:

21       1.      I submit this declaration in support of Defendants' Removal of Action under 28

22  U.S.C. §§ 1332, 1441, 1446. I have personal knowledge of the facts set forth herein, which are

23  known by me to be true and correct, and, if called as a witness, I could and would competently

24  testify thereto.

25       2.      I am employed by Macy's Credit and Customers Services, Inc. as a Senior Manager

26  for Payroll. In my capacity as a Senior Manager, I have access to the W-2s of current and former

27  MWSI employees, including W-2s pertaining to Plaintiff Shake Ter Petrossian.

28       3.      Attached hereto are the W-2s pertaining to Plaintiff Shake Ter Petrossian during her

                                          1.

1  employment with MWSI. These records are kept by MWSI in the ordinary course of business, and

2  the attached records are true and correct copies of the originals. However, please note certain of the

3  attached records have been redacted to remove confidential personal information in accordance with

4  the Court's document redaction requirements.

5       I declare under penalty of perjury under the laws of the State of California and the laws of the

6  United States of America that the foregoing is true and correct.

7       Executed this 2nd day of December, 2013, at Cincinnati, Ohio.

8

9

10

11  Linda Harding     12/2/13

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2.

**Copy B**

| b Employer identification number (EIN) 13-3324058 | | | |
|---|---|---|---|

| c Employer's name, address, and ZIP code |
|---|
| MACYS INC |
| AGENT FOR MACYS WEST STR 94-3318726 |
| PO BOX 8201 |
| MASON, OH 45040 |

| 12a See instructions for box 12 | |
|---|---|
| D | $ 177.47 |
| 12b DD | $ 6235.32 |
| 12c | $ |
| 12d | $ |
| 12e | $ |

| 1 Wages, tips, other compensation 4865.23 | 2 Federal income tax withheld 593.33 |
|---|---|
| 3 Social security wages 5042.70 | 4 Social security tax withheld 211.79 |
| 5 Medicare wages and tips 5042.70 | 6 Medicare tax withheld 73.12 |
| 7 Social security tips | 8 Allocated tips |
| 9 Advance EIC payment 0.00 | 10 Dependent care benefits |
| 11 Nonqualified plans | 13 Statutory employee / Retirement plan X / Third party sick pay |

e Employee's first name and initial — Last name — Suff.
S10    1 of 1   ID:10260000000000000158267831
SHAKE  TER PETROSSIAN

REDACTED
GLENDALE, CA 91205

This information is being furnished to the Internal Revenue Service

Copy B To Be Filed With Employee's FEDERAL Tax Return

| 14 Other | CASDI | 50.43 |
|---|---|---|

a Employee's social security number
REDACTED

| 15 State | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| CA | 08139842 | 4865.23 | 269.72 | | | |

Form W-2 Wage and Tax Statement 2012 - Reissued Statement    Department of the Treasury-Internal Revenue Service    OMB # 1545-0008    Copy B To Be Filed With Employee's FEDERAL Tax Return

---

**Copy 2**

| b Employer identification number (EIN) 13-3324058 | | | |
|---|---|---|---|

| c Employer's name, address, and ZIP code |
|---|
| MACYS INC |
| AGENT FOR MACYS WEST STR 94-3318726 |
| PO BOX 8201 |
| MASON, OH 45040 |

| 12a | |
|---|---|
| D | $ 177.47 |
| 12b DD | $ 6235.32 |
| 12c | $ |
| 12d | $ |
| 12e | $ |

| 1 Wages, tips, other compensation 4865.23 | 2 Federal income tax withheld 593.33 |
|---|---|
| 3 Social security wages 5042.70 | 4 Social security tax withheld 211.79 |
| 5 Medicare wages and tips 5042.70 | 6 Medicare tax withheld 73.12 |
| 7 Social security tips | 8 Allocated tips |
| 9 Advance EIC payment 0.00 | 10 Dependent care benefits |
| 11 Nonqualified plans | 13 Statutory employee / Retirement plan X / Third party sick pay |

e Employee's first name and initial — Last name — Suff.
S10    1 of 1   ID:10260000000000000158267831
SHAKE  TER PETROSSIAN

REDACTED
GLENDALE, CA 91205

Copy 2 To Be Filed With Employee's STATE, CITY or LOCAL Income Tax Return

| 14 Other | CASDI | 50.43 |
|---|---|---|

a Employee's social security number
REDACTED

| 15 State | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| CA | 08139842 | 4865.23 | 269.72 | | | |

Form W-2 Wage and Tax Statement 2012-Reissued Statement    Department of the Treasury-Internal Revenue Service   OMB # 1545-0008   Copy 2 To Be Filed With Employee's State, CITY or Local Tax Departments

---

**Copy 2**

| b Employer identification number (EIN) 13-3324058 | | | |
|---|---|---|---|

| c Employer's name, address, and ZIP code |
|---|
| MACYS INC |
| AGENT FOR MACYS WEST STR 94-3318726 |
| PO BOX 8201 |
| MASON, OH 45040 |

| 12a | |
|---|---|
| D | $ 177.47 |
| 12b DD | $ 6235.32 |
| 12c | $ |
| 12d | $ |
| 12e | $ |

| 1 Wages, tips, other compensation 4865.23 | 2 Federal income tax withheld 593.33 |
|---|---|
| 3 Social security wages 5042.70 | 4 Social security tax withheld 211.79 |
| 5 Medicare wages and tips 5042.70 | 6 Medicare tax withheld 73.12 |
| 7 Social security tips | 8 Allocated tips |
| 9 Advance EIC payment 0.00 | 10 Dependent care benefits |
| 11 Nonqualified plans | 13 Statutory employee / Retirement plan X / Third party sick pay |

e Employee's first name and initial — Last name — Suff.
S10    1 of 1   ID:10260000000000000158267831
SHAKE  TER PETROSSIAN

REDACTED
GLENDALE, CA 91205

Copy 2 To Be Filed With Employee's STATE, CITY or LOCAL Income Tax Return

| 14 Other | CASDI | 50.43 |
|---|---|---|

a Employee's social security number
REDACTED

| 15 State | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| CA | 08139842 | 4865.23 | 269.72 | | | |

Form W-2 Wage and Tax Statement 2012-Reissued Statement    Department of the Treasury-Internal Revenue Service   OMB # 1545-0008   Copy 2 To Be Filed With Employee's State, CITY or Local Tax Departments

---

**Copy C**

| b Employer identification number (EIN) 13-3324058 | | | |
|---|---|---|---|

| c Employer's name, address, and ZIP code |
|---|
| MACYS INC |
| AGENT FOR MACYS WEST STR 94-3318726 |
| PO BOX 8201 |
| MASON, OH 45040 |

| 12a See instructions for box 12 | |
|---|---|
| D | $ 177.47 |
| 12b DD | $ 6235.32 |
| 12c | $ |
| 12d | $ |
| 12e | $ |

| 1 Wages, tips, other compensation 4865.23 | 2 Federal income tax withheld 593.33 |
|---|---|
| 3 Social security wages 5042.70 | 4 Social security tax withheld 211.79 |
| 5 Medicare wages and tips 5042.70 | 6 Medicare tax withheld 73.12 |
| 7 Social security tips | 8 Allocated tips |
| 9 Advance EIC payment 0.00 | 10 Dependent care benefits |
| 11 Nonqualified plans | 13 Statutory employee / Retirement plan X / Third party sick pay |

e Employee's first name and initial — Last name — Suff.
S10    1 of 1   ID:10260000000000000158267831
SHAKE  TER PETROSSIAN

REDACTED
GLENDALE, CA 91205

This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

Copy C For EMPLOYEE'S RECORDS. (See Notice to Employee on back.)

| 14 Other | CASDI | 50.43 |
|---|---|---|

a Employee's social security number
REDACTED

| 15 State | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| CA | 08139842 | 4865.23 | 269.72 | | | |

Form W-2 Wage and Tax Statement 2012 - Reissued Statement    Department of the Treasury-Internal Revenue Service         OMB # 1545-0008                Copy C for Employee's Records

## Notice to Employee

**Refund.** Even if you do not have to file a tax return, you should file to get a refund if box 2 shows federal income tax withheld or if you can take the earned income credit.

**Earned income credit (EIC).** You may be able to take the EIC for 2012 if (a) you do not have a qualifying child and you earned less than $13,980 ($19,190 if married filing jointly), (b) you have one qualifying child and you earned less than $36,920 ($42,130 if married filing jointly), (c) you have two qualifying children and you earned less than $41,952 ($47,162 if married filing jointly), or (d) you have three or more qualifying children and you earned less than $45,060 ($50,270 if married filing jointly). You and any qualifying children must have valid social security numbers (SSNs). You cannot take the EIC if your investment income is more than $3,200,or if income is earned for services provided while you were an inmate at a penal institution.**Any EIC that is more than your tax liability is refunded to you,but only if you file a tax return.**

**Clergy and religious workers.** If you are not subject to social security and Medicare taxes, see Pub. 517, Social Security and Other Information for Members of the Clergy and Religious Workers.

**Corrections.** If your name, SSN, or address is incorrect, correct Copies B, C, and 2 and ask your employer to correct your employment record. Be sure to ask the employer to file Form W-2c, Corrected Wage and Tax Statement, with the Social Security Administration (SSA) to correct any name, SSN, or money amount error reported to the SSA on Form W-2. If your name and SSN are correct but are not the same as shown on your social security card, you should ask for a new card that displays your correct name at any SSA office or by calling 1-800-772-1213. You also may visit the SSA at

*www.socialsecurity.gov.*

**Cost of employer-sponsored health coverage (if such cost is provided by the employer).** The reporting in Box 12, using Code DD, of the cost of employer-sponsored health coverage is for your information only. **The amount reported with Code DD is not taxable.**

**Credit for excess taxes.** If you had more than one employer in 2012 and more than $4,624.20 in social security and/or Tier I railroad retirement (RRTA) taxes were withheld, you may be able to claim a credit for the excess against your federal income tax. If you had more than one railroad employer and more than $3,192.90 in Tier II RRTA tax was withheld, you also may be able to claim a credit. See your Form 1040 or Form 1040A instructions and Pub. 505, Tax Withholding and Estimated Tax

## Instructions for Employee

**Box 1.** Enter this amount on the wages line of your tax return.

**Box 2.** Enter this amount on the federal income tax withheld line of your tax return. **Box 8.** This amount is **not** included in boxes 1, 3, 5, or 7. For information on how to report tips on your tax return, see your Form 1040 instructions.

Unless you have records that show you did not receive the amount reported in box 8 as allocated tips, you must file Form 4137, Social Security and Medicare Tax on Unreported Tip Income, with your income tax return to report the allocated tip amount. On Form 4137 you will figure the social security and Medicare tax owed on the allocated tips shown on your Form(s) W-2 that you must report as income and on other tips you did not report to your employer. By filing Form 4137, your social security tips will be credited to your social security record (used to figure your benefits).

**Box 10.** This amount is the total dependent care benefits that your employer paid to you or incurred on your behalf (including amounts from a section 125 (cafeteria) plan). Any amount over $5,000 is also included in box 1. Complete Form 2441, Child and Dependent Care Expenses, to compute any taxable and nontaxable amounts.

**Box 11.** This amount is (a) reported in box 1 if it is a distribution made to you from a nonqualified deferred compensation or nongovernmental section 457(b) plan or (b) included in box 3 and/or 5 if it is a prior year deferral under a nonqualified or section 457(b) plan that became taxable for social security and Medicare taxes this year because there is no longer a substantial risk of forfeiture of your right to the deferred amount.

**Box 12.** The following list explains the codes shown in box 12. You may need this information to complete your tax return. Elective deferrals (codes D, E, F, and S) and designated Roth contributions (codes AA, BB, and EE) under all plans are generally limited to a total of $17,000 ($11,500 if you only have SIMPLE plans); $20,000 for section 403(b) plans if you qualify for the 15-year rule explained in Pub. 571). Deferrals under code G are limited to $17,000. Deferrals under code H are limited to $7,000.

However, if you were at least age 50 in 2012, your employer may have allowed an additional deferral of up to $5,500 ($2,500 for section 401(k)(11) and 408(p) SIMPLE plans). This additional deferral amount is not subject to the overall limit on elective deferrals. For code G, the limit on elective deferrals may be higher for the last 3 years before you reach retirement age. Contact your plan administrator for more information. Amounts in excess of the overall elective deferral limit must be included in income. See the "Wages, Salaries, Tips, etc." line instructions for Form 1040.

**Note.** If a year follows code D through H, S, Y, AA, BB, or EE, you made a make-up pension contribution for a prior year(s) when you were in military service. To figure whether you made excess deferrals, consider these amounts for the year shown, not the current year. If no year is shown, the contributions are for the current year.

**A**—Uncollected social security or RRTA tax on tips. Include this tax on Form 1040. See "Total Tax" in the Form 1040 instructions.

**B**—Uncollected Medicare tax on tips. Include this tax on Form 1040. See "Total Tax" in the Form 1040 instructions.

**C**—Taxable cost of group-term life insurance over $50,000 (included in boxes 1, 3 (up to social security wage base), and 5) **D**—Elective deferrals to a section 401(k) cash or deferred arrangement. Also includes deferrals under a SIMPLE retirement account that is part of a section 401(k) arrangement.

**E**—Elective deferrals under a section 403(b) salary reduction agreement

**F**—Elective deferrals under a section 408(k)(6) salary reduction SEP

**G**—Elective deferrals and employer contributions (including nonelective deferrals) to a section 457(b) deferred compensation plan

**H**—Elective deferrals to a section 501(c)(18)(D) tax-exempt organization plan. See "Adjusted Gross Income" in the Form 1040 instructions for how to deduct.

**J**—Nontaxable sick pay (information only, not included in boxes 1, 3, or 5) **K**—20% excise tax on excess golden parachute payments. See "Total Tax" in the Form 1040 instructions.

**L**—Substantiated employee business expense reimbursements (nontaxable) **M**—Uncollected social security or RRTA tax on taxable cost of group-term life insurance over $50,000 (former employees only). See "Total Tax" in the Form 1040 instructions.

**N**—Uncollected Medicare tax on taxable cost of group-term life insurance over $50,000 (former employees only). See "Total Tax" in the Form 1040 instructions.

**P**—Excludable moving expense reimbursements paid directly to employee (not included in boxes 1, 3, or 5)

**Q**—Nontaxable combat pay. See the instructions for Form 1040 or Form 1040A for details on reporting this amount.

**R**—Employer contributions to your Archer MSA. Report on Form 8853, Archer MSAs and Long-Term Care Insurance Contracts.

**S**—Employee salary reduction contributions under a section 408(p) SIMPLE (not included in box 1) **T**—Adoption benefits (not included in box 1). Complete Form 8839, Qualified Adoption Expenses, to compute any taxable and nontaxable amounts.

**V**—Income from exercise of nonstatutory stock option(s) (included in boxes 1, 3 (up to social security wage base), and 5). See Pub. 525 and instructions for Schedule D (Form 1040) for reporting requirements.

**W**—Employer contr butions (including amounts the employee elected to contribute using a section 125 (cafeteria) plan) to your health savings account. Report on Form 8889, Health Savings Accounts (HSAs).

**Y**—Deferrals under a section 409A nonqualified deferred compensation plan

**Z**—Income under section 409A on a nonqualified deferred compensation plan. This amount is also included in box 1. It is subject to an additional 20% tax plus interest. See "Total Tax" in the Form 1040 instructions.

**AA**—Designated Roth contributions under a section 401(k) plan

**BB**—Designated Roth contributions under a section 403(b) plan

**DD**—Cost of employer-sponsored health coverage. **The amount reported with Code DD is not taxable.**

**EE**—Designated Roth contr butions under a governmental section 457(b) plan. This amount does not apply to contributions under a tax-exempt organization section 457(b) plan.

**Box 13.** If the "Retirement plan" box is checked, special limits may apply to the amount of traditional IRA contributions you may deduct.

**Note.** Keep Copy C of Form W-2 for at least 3 years after the due date for filing your income tax return. However, to help **protect your social security benefits,** keep Copy C until you begin receiving social security benefits, just in case there is a question about your work record and/or earnings in a particular year. Compare the Social Security wages and the Medicare wages to the information shown on your annual (or (for workers over 25) Social Security Statement.



**TO: Associates of Macy's, Inc.**                    **FROM:  Macy's Payroll Services**

Information appearing on your Form W-2 will include wages paid and taxes withheld at any time during the calendar year of 2012. It is extremely important that you review your Form W-2 and that you report any discrepancies immediately.

The following services are available through W-2 Management (www.w2eXpress.com).
- ➢ You have found a discrepancy on your Form W-2 and need to report the error.
- ➢ The social security number (SSN) on your Form W-2 is incorrect.  (Note:  In order to request a W-2c for an incorrect SSN, you must first have your SSN corrected in our payroll system.  Your local HRA/AST can make the correction by you providing acceptable documentation to support your request (see your HRA/AST for acceptable documents.)  Once the correction is made in our payroll system, you can access W-2 Management to request the W-2c.)
- ➢ You need to request a reprint.

If you cannot obtain internet access to W-2 Management, you may call Macy's HR Services at 1-800-234-MACY (6229) for assistance. When speaking with a representative, please be very specific with your issue.   Providing specific, detailed information is critical for a timely resolution.

The IRS recommends that Form W-2, Copy "C" for employee's record, be maintained for at least 3 years after the due date for filing an income tax return.

Please read the notice to employee and instructions on the back of your Form W-2.  This has been furnished by the IRS and includes information regarding EIC, corrections and more.

*New in 2012*:   W-2 Health Care Reporting Requirements – In accordance with the Affordable Care Act of 2010, we are reporting the total cost of employer sponsored health coverage you received during the year in box 12 under code DD. This figure includes both the employee and employer paid shares of health insurance premiums and is for informational purposes only.  This amount is not taxable.  Premiums for dental, vision and other insurance coverage are not included.



**THANK YOU for Supporting Macy's Go Green effort and enrolling to receive your W-2 online.**

| b Employer identification number (EIN) 13-3324058 | 12a See Instructions for box 12 D $ 583.93 | 1 Wages, tips, other compensation 13766.84 | 2 Federal income tax withheld 134.89 |
|---|---|---|---|
| c Employer's name, address, and ZIP code MACYS INC | 12b $ | 3 Social security wages 14350.77 | 4 Social security tax withheld 602.73 |
| AGENT FOR MACYS WEST STR 94-3318726 PO BOX 8201 | 12c $ | 5 Medicare wages and tips 14350.77 | 6 Medicare tax withheld 208.09 |
| MASON, OH 45040 | 12d $ | 7 Social security tips | 8 Allocated tips |
| e Employee's first name and initial  Last name  Suff. S10  1 of 1  ID:102600000000000144771159 SHAKE TER PETROSSIAN | 12e $ | 9 Advance EIC payment 0.00 | 10 Dependent care benefits |
| REDACTED GLENDALE, CA 91205 | This information is being furnished to the Internal Revenue Service Copy B To Be Filed With Employee's FEDERAL Tax Return | 11 Nonqualified plans | 13 Statutory employee ☐ Retirement plan ☒ Third party sick pay ☐ |
| | | 14 Other CASDI 172.21 UWAY 20.00 | |
| | a Employee's social security number REDACTED | | |

| f Employee's address and ZIP code | | | | | |
|---|---|---|---|---|---|
| 15 State CA | Employer's state ID number 08139842 | 16 State wages, tips, etc. 13766.84 | 17 State income tax 22.80 | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Form W-2 Wage and Tax Statement 2011-Reissued Statement   Department of the Treasury-Internal Revenue Service   OMB # 1545-0008   Copy B To Be Filed With Employee's FEDERAL Tax Return

| b Employer identification number (EIN) 13-3324058 | 12a D $ 583.93 | 1 Wages, tips, other compensation 13766.84 | 2 Federal income tax withheld 134.89 |
|---|---|---|---|
| c Employer's name, address, and ZIP code MACYS INC | 12b $ | 3 Social security wages 14350.77 | 4 Social security tax withheld 602.73 |
| AGENT FOR MACYS WEST STR 94-3318726 PO BOX 8201 | 12c $ | 5 Medicare wages and tips 14350.77 | 6 Medicare tax withheld 208.09 |
| MASON, OH 45040 | 12d $ | 7 Social security tips | 8 Allocated tips |
| e Employee's first name and initial  Last name  Suff. S10  1 of 1  ID:102600000000000144771159 SHAKE TER PETROSSIAN | 12e $ | 9 Advance EIC payment 0.00 | 10 Dependent care benefits |
| REDACTED GLENDALE, CA 91205 | Copy 2 To Be Filed With Employee's STATE, CITY or LOCAL Income Tax Return | 11 Nonqualified plans | 13 Statutory employee ☐ Retirement plan ☒ Third party sick pay ☐ |
| | | 14 Other CASDI 172.21 UWAY 20.00 | |
| | a Employee's social security number REDACTED | | |

| f Employee's address and ZIP code | | | | | |
|---|---|---|---|---|---|
| 15 State CA | Employer's state ID number 08139842 | 16 State wages, tips, etc. 13766.84 | 17 State income tax 22.80 | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Form W-2 Wage and Tax Statement 2011-Reissued Statement   Department of the Treasury-Internal Revenue Service   OMB # 1545-0008   Copy 2 To Be Filed With Employee's State, CITY or Local Tax Departments

| b Employer identification number (EIN) 13-3324058 | 12a D $ 583.93 | 1 Wages, tips, other compensation 13766.84 | 2 Federal income tax withheld 134.89 |
|---|---|---|---|
| c Employer's name, address, and ZIP code MACYS INC | 12b $ | 3 Social security wages 14350.77 | 4 Social security tax withheld 602.73 |
| AGENT FOR MACYS WEST STR 94-3318726 PO BOX 8201 | 12c $ | 5 Medicare wages and tips 14350.77 | 6 Medicare tax withheld 208.09 |
| MASON, OH 45040 | 12d $ | 7 Social security tips | 8 Allocated tips |
| e Employee's first name and initial  Last name  Suff. S10  1 of 1  ID:102600000000000144771159 SHAKE TER PETROSSIAN | 12e $ | 9 Advance EIC payment 0.00 | 10 Dependent care benefits |
| REDACTED GLENDALE, CA 91205 | Copy 2 To Be Filed With Employee's STATE, CITY or LOCAL Income Tax Return | 11 Nonqualified plans | 13 Statutory employee ☐ Retirement plan ☒ Third party sick pay ☐ |
| | | 14 Other CASDI 172.21 UWAY 20.00 | |
| | a Employee's social security number REDACTED | | |

| f Employee's address and ZIP code | | | | | |
|---|---|---|---|---|---|
| 15 State CA | Employer's state ID number 08139842 | 16 State wages, tips, etc. 13766.84 | 17 State income tax 22.80 | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Form W-2 Wage and Tax Statement 2011-Reissued Statement   Department of the Treasury-Internal Revenue Service   OMB # 1545-0008   Copy 2 To Be Filed With Employee's State, CITY or Local Tax Departments

| b Employer identification number (EIN) 13-3324058 | 12a See Instructions for box 12 D $ 583.93 | 1 Wages, tips, other compensation 13766.84 | 2 Federal income tax withheld 134.89 |
|---|---|---|---|
| c Employer's name, address, and ZIP code MACYS INC | 12b $ | 3 Social security wages 14350.77 | 4 Social security tax withheld 602.73 |
| AGENT FOR MACYS WEST STR 94-3318726 PO BOX 8201 | 12c $ | 5 Medicare wages and tips 14350.77 | 6 Medicare tax withheld 208.09 |
| MASON, OH 45040 | 12d $ | 7 Social security tips | 8 Allocated tips |
| e Employee's first name and initial  Last name  Suff. S10  1 of 1  ID:102600000000000144771159 SHAKE TER PETROSSIAN | 12e $ | 9 Advance EIC payment 0.00 | 10 Dependent care benefits |
| REDACTED GLENDALE, CA 91205 | This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it. Copy C For EMPLOYEE'S RECORDS. (See Notice to Employee on back.) | 11 Nonqualified plans | 13 Statutory employee ☐ Retirement plan ☒ Third party sick pay ☐ |
| | | 14 Other CASDI 172.21 UWAY 20.00 | |
| | a Employee's social security number REDACTED | | |

| f Employee's address and ZIP code | | | | | |
|---|---|---|---|---|---|
| 15 State CA | Employer's state ID number 08139842 | 16 State wages, tips, etc. 13766.84 | 17 State income tax 22.80 | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Form W-2 Wage and Tax Statement 2011 - Reissued Statement   Department of the Treasury-Internal Revenue Service   OMB # 1545-0008   Copy C for Employee's Records

## Notice to Employee

**Refund.** Even if you do not have to file a tax return, you should file to get a refund if box 2 shows federal income tax withheld or if you can take the earned income credit.

**Earned income credit (EIC).** You may be able to take the EIC for 2011 if (a) you do not have a qualifying child and you earned less than $13,660 ($18,740 if married filing jointly), (b) you have one qualifying child and you earned less than $36,052 ($41,132 if married filing jointly), (c) you have two qualifying children and you earned less than $40,964 ($46,044 if married filing jointly), or (d) you have three or more qualifying children and you earned less than $43,998 ($49,078 if married filing jointly). You and any qualifying children must have valid social security numbers (SSNs). You cannot take the EIC if your investment income is more than $3,150. **Any EIC that is more than your tax liability is refunded to you, but only if you file a tax return.**

**Clergy and religious workers.** If you are not subject to social security and Medicare taxes, see Pub. 517, Social Security and Other Information for Members of the Clergy and Religious Workers.

**Corrections.** If your name, SSN, or address is incorrect, correct Copies B, C, and 2 and ask your employer to correct your employment record. Be sure to

ask the employer to file Form W-2c, Corrected Wage and Tax Statement, with the Social Security Administration (SSA) to correct any name, SSN, or money amount error reported to the SSA on Form W-2. If your name and SSN are correct but are not the same as shown on your social security card, you should ask for a new card that displays your correct name at any SSA office or by calling 1-800-772-1213. You also may visit the SSA at *www.socialsecurity.gov.*

**Cost of employer-sponsored health coverage (if such cost is provided by the employer).** The reporting in Box 12, using Code DD, of the cost of employer-sponsored health coverage is for your information only. **The amount reported with Code DD is not taxable.**

**Credit for excess taxes.** If you had more than one employer in 2011 and more than $4,485.60 in social security and/or Tier I railroad retirement (RRTA) taxes were withheld, you may be able to claim a credit for the excess against your federal income tax. If you had more than one railroad employer and more than $3,088.80 in Tier II RRTA tax was withheld, you also may be able to claim a credit. See your Form 1040 or Form 1040A instructions and Pub. 505, Tax Withholding and Estimated Tax

## Instructions for Employee

**Box 1.** Enter this amount on the wages line of your tax return.

**Box 2.** Enter this amount on the federal income tax withheld line of your tax return. **Box 8.** This amount is **not** included in boxes 1, 3, 5, or 7. For information on how to report tips on your tax return, see your Form 1040 instructions.

Unless you have records that show you did not receive the amount reported in box 8 as allocated tips, you must file Form 4137, Social Security and Medicare Tax on Unreported Tip Income, with your income tax return to report the allocated tip amount. On Form 4137 you will figure the social security and Medicare tax owed on the allocated tips shown on your Form(s) W-2 that you must report as income and on other tips you did not report to your employer. By filing Form 4137, your social security tips will be credited to your social security record (used to figure your benefits).

**Box 10.** This amount is the total dependent care benefits that your employer paid to you or incurred on your behalf (including amounts from a section 125 (cafeteria) plan). Any amount over $5,000 is also included in box 1. Complete Form 2441, Child and Dependent Care Expenses, to compute any taxable and nontaxable amounts.

**Box 11.** This amount is (a) reported in box 1 if it is a distribution made to you from a nonqualified deferred compensation or nongovernmental section 457(b) plan or (b) included in box 3 and/or 5 if it is a prior year deferral under a nonqualified or section 457(b) plan that became taxable for social security and Medicare taxes this year because there is no longer a substantial risk of forfeiture of your right to the deferred amount.

**Box 12.** The following list explains the codes shown in box 12. You may need this information to complete your tax

return. Elective deferrals (codes D, E, F, and S) and designated Roth contributions (codes AA, BB, and EE) under all plans are generally limited to a total of $16,500 ($11,500 if you only have SIMPLE plans; $19,500 for section 403(b) plans if you qualify for the 15-year rule explained in Pub. 571). Deferrals under code G are limited to $16,500. Deferrals under code H are limited to $7,000.

However, if you were at least age 50 in 2011, your employer may have allowed an additional deferral of up to $5,500 ($2,500 for section 401(k)(11) and 408(p) SIMPLE plans). This additional deferral amount is not subject to the overall limit on elective deferrals. For code G, the limit on elective deferrals may be higher for the last 3 years before you reach retirement age. Contact your plan administrator for more information. Amounts in excess of the overall elective deferral limit must be included in income. See the "Wages, Salaries, Tips, etc." line instructions for Form 1040.

**Note.** If a year follows code D through H, S, Y, AA, BB, or EE, you made a make-up pension contribution for a prior year(s) when you were in military service. To figure whether you made excess deferrals, consider these amounts for the year shown, not the current year. If no year is shown, the contributions are for the current year.
**A**—Uncollected social security or RRTA tax on tips. Include this tax on Form 1040. See "Total Tax" in the Form 1040 instructions.
**B**—Uncollected Medicare tax on tips. Include this tax on Form 1040. See "Total Tax" in the Form 1040 instructions.
**C**—Taxable cost of group-term life insurance over $50,000 (included in boxes 1, 3 (up to social security wage base), and 5) **D**—Elective deferrals to a section 401(k) cash or deferred arrangement. Also includes deferrals under a SIMPLE retirement

account that is part of a section 401(k) arrangement.
**E**—Elective deferrals under a section 403(b) salary reduction agreement
**F**—Elective deferrals under a section 408(k)(6) salary reduction SEP
**G**—Elective deferrals and employer contributions (including nonelective deferrals) to a section 457(b) deferred compensation plan
**H**—Elective deferrals to a section 501(c)(18)(D) tax-exempt organization plan. See "Adjusted Gross Income" in the Form 1040 instructions for how to deduct.
**J**—Nontaxable sick pay (information only, not included in boxes 1, 3, or 5)
**K**—20% excise tax on excess golden parachute payments. See "Total Tax" in the Form 1040 instructions.
**L**—Substantiated employee business expense reimbursements (nontaxable)
**M**—Uncollected social security or RRTA tax on taxable cost of group-term life insurance over $50,000 (former employees only). See "Total Tax" in the Form 1040 instructions.
**N**—Uncollected Medicare tax on taxable cost of group-term life insurance over $50,000 (former employees only). See "Total Tax" in the Form 1040 instructions.
**P**—Excludable moving expense reimbursements paid directly to employee (not included in boxes 1, 3, or 5)
**Q**—Nontaxable combat pay. See the instructions for Form 1040 or Form 1040A for details on reporting this amount.
**R**—Employer contributions to your Archer MSA. Report on Form 8853, Archer MSAs and Long-Term Care Insurance Contracts.
**S**—Employee salary reduction contributions under a section 408(p) SIMPLE (not included in box 1) **T**—Adoption benefits (not included in box 1). Complete Form 8839, Qualified Adoption Expenses, to compute any taxable and nontaxable amounts.
**V**—Income from exercise of

nonstatutory stock option(s) (included in boxes 1, 3 (up to social security wage base), and 5). See Pub. 525 and instructions for Schedule D (Form 1040) for reporting requirements.
**W**—Employer contr butions (including amounts the employee elected to contribute using a section 125 (cafeteria) plan) to your health savings account. Report on Form 8889, Health Savings Accounts (HSAs).
**Y**—Deferrals under a section 409A nonqualified deferred compensation plan
**Z**—Income under section 409A on a nonqualified deferred compensation plan. This amount is also included in box 1. It is subject to an additional 20% tax plus interest. See "Total Tax" in the Form 1040 instructions.
**AA**—Designated Roth contributions under a section 401(k) plan
**BB**—Designated Roth contributions under a section 403(b) plan
**DD**—Cost of employer-sponsored health coverage. **The amount reported with Code DD is not taxable.**
**EE**—Designated Roth contr butions under a governmental section 457(b) plan. This amount does not apply to contributions under a tax-exempt organization section 457(b) plan.
**Box 13.** If the "Retirement plan" box is checked, special limits may apply to the amount of traditional IRA contributions you may deduct.
**Note.** Keep Copy C of Form W-2 for at least 3 years after the due date for filing your income tax return. However, to help **protect your social security benefits,** keep Copy C until you begin receiving social security benefits, just in case there is a question about your work record and/or earnings in a particular year. Compare the Social Security wages and the Medicare wages to the information shown on your annual (for workers over 25) Social Security Statement.

**Copy B — To Be Filed With Employee's FEDERAL Tax Return**

| b Employer identification number (EIN) 13-3324058 | | | 12a See instructions for box 12 D | $ 639.07 | 1 Wages, tips, other compensation 16098.20 | 2 Federal income tax withheld 71.20 |
|---|---|---|---|---|---|---|
| c Employer's name, address, and ZIP code MACYS INC | | | 12b | $ | 3 Social security wages 16737.27 | 4 Social security tax withheld 1037.71 |
| AGENT FOR MACYS WEST STR 94-3318726 | | | 12c | $ | 5 Medicare wages and tips 16737.27 | 6 Medicare tax withheld 242.69 |
| PO BOX 8201 MASON, OH 45040 | | | 12d | $ | 7 Social security tips | 8 Allocated tips |
| e Employee's first name and initial | Last name 1 of 1  ID:10260000000000000127281964 | Suff. | 12e | $ | 9 Advance EIC payment | 10 Dependent care benefits |
| SHAKE  TER PETROSSIAN | | | This information is being furnished to the Internal Revenue Service | | 11 Nonqualified plans | 13 Statutory employee ☐  Retirement plan ☒  Third party sick pay ☐ |
| REDACTED GLENDALE, CA 91205 | | | | | 14 Other CASDI  184.11 GIVEBK  26.00 | |
| f Employee's address and ZIP code | | | a Employee's social security number REDACTED | | | |
| 15 State CA | Employer's state ID number 08139842 | 16 State wages, tips, etc. 16098.20 | 17 State income tax 69.35 | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Form W-2 Wage and Tax Statement 2010 - Reissued Statement   Department of the Treasury-Internal Revenue Service   OMB # 1545-0008   Copy B To Be Filed With Employee's FEDERAL Tax Return

**Copy 2 To Be Filed With Employee's STATE, CITY or LOCAL Income Tax Return**

| b Employer identification number (EIN) 13-3324058 | | | 12a D | $ 639.07 | 1 Wages, tips, other compensation 16098.20 | 2 Federal income tax withheld 71.20 |
|---|---|---|---|---|---|---|
| c Employer's name, address, and ZIP code MACYS INC | | | 12b | $ | 3 Social security wages 16737.27 | 4 Social security tax withheld 1037.71 |
| AGENT FOR MACYS WEST STR 94-3318726 | | | 12c | $ | 5 Medicare wages and tips 16737.27 | 6 Medicare tax withheld 242.69 |
| PO BOX 8201 MASON, OH 45040 | | | 12d | $ | 7 Social security tips | 8 Allocated tips |
| e Employee's first name and initial | Last name 1 of 1  D:10260000000000000127281964 | Suff. | 12e | $ | 9 Advance EIC payment | 10 Dependent care benefits |
| SHAKE  TER PETROSSIAN | | | | | 11 Nonqualified plans | 13 Statutory employee ☐  Retirement plan ☒  Third party sick pay ☐ |
| REDACTED GLENDALE, CA 91205 | | | Copy 2 To Be Filed With Employee's STATE, CITY or LOCAL Income Tax Return | | 14 Other CASDI  184.11 GIVEBK  26.00 | |
| f Employee's address and ZIP code | | | a Employee's social security number REDACTED | | | |
| 15 State CA | Employer's state ID number 08139842 | 16 State wages, tips, etc. 16098.20 | 17 State income tax 69.35 | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Form W-2 Wage and Tax Statement 2010-Reissued Statement   Department of the Treasury-Internal Revenue Service  OMB # 1545-0008   Copy 2 To Be Filed With Employee's State, CITY or Local Tax Departments

**Copy 2 To Be Filed With Employee's STATE, CITY or LOCAL Income Tax Return**

| b Employer identification number (EIN) 13-3324058 | | | 12a D | $ 639.07 | 1 Wages, tips, other compensation 16098.20 | 2 Federal income tax withheld 71.20 |
|---|---|---|---|---|---|---|
| c Employer's name, address, and ZIP code MACYS INC | | | 12b | $ | 3 Social security wages 16737.27 | 4 Social security tax withheld 1037.71 |
| AGENT FOR MACYS WEST STR 94-3318726 | | | 12c | $ | 5 Medicare wages and tips 16737.27 | 6 Medicare tax withheld 242.69 |
| PO BOX 8201 MASON, OH 45040 | | | 12d | $ | 7 Social security tips | 8 Allocated tips |
| e Employee's first name and initial | Last name 1 of 1  ID:10260000000000000127281964 | Suff. | 12e | $ | 9 Advance EIC payment | 10 Dependent care benefits |
| SHAKE  TER PETROSSIAN | | | | | 11 Nonqualified plans | 13 Statutory employee ☐  Retirement plan ☒  Third party sick pay ☐ |
| REDACTED GLENDALE, CA 91205 | | | Copy 2 To Be Filed With Employee's STATE, CITY or LOCAL Income Tax Return | | 14 Other CASDI  184.11 GIVEBK  26.00 | |
| f Employee's address and ZIP code | | | a Employee's social security number REDACTED | | | |
| 15 State CA | Employer's state ID number 08139842 | 16 State wages, tips, etc. 16098.20 | 17 State income tax 69.35 | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Form W-2 Wage and Tax Statement 2010-Reissued Statement   Department of the Treasury-Internal Revenue Service  OMB # 1545-0008   Copy 2 To Be Filed With Employee's State, CITY or Local Tax Departments

**Copy C For EMPLOYEE'S RECORDS**

| b Employer identification number (EIN) 13-3324058 | | | 12a See instructions for box 12 D | $ 639.07 | 1 Wages, tips, other compensation 16098.20 | 2 Federal income tax withheld 71.20 |
|---|---|---|---|---|---|---|
| c Employer's name, address, and ZIP code MACYS INC | | | 12b | $ | 3 Social security wages 16737.27 | 4 Social security tax withheld 1037.71 |
| AGENT FOR MACYS WEST STR 94-3318726 | | | 12c | $ | 5 Medicare wages and tips 16737.27 | 6 Medicare tax withheld 242.69 |
| PO BOX 8201 MASON, OH 45040 | | | 12d | $ | 7 Social security tips | 8 Allocated tips |
| e Employee's first name and initial | Last name 1 of 1  ID:10260000000000000127281964 | Suff. | 12e | $ | 9 Advance EIC payment | 10 Dependent care benefits |
| SHAKE  TER PETROSSIAN | | | This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it. | | 11 Nonqualified plans | 13 Statutory employee ☐  Retirement plan ☒  Third party sick pay ☐ |
| REDACTED GLENDALE, CA 91205 | | | Copy C For EMPLOYEE'S RECORDS. (See Notice to Employee on back.) | | 14 Other CASDI  184.11 GIVEBK  26.00 | |
| f Employee's address and ZIP code | | | a Employee's social security number REDACTED | | | |
| 15 State CA | Employer's state ID number 08139842 | 16 State wages, tips, etc. 16098.20 | 17 State income tax 69.35 | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Form W-2 Wage and Tax Statement 2010 - Reissued Statement   Department of the Treasury-Internal Revenue Service   OMB # 1545-0008   Copy C for Employee's Records

## Notice to Employee

**Refund.** Even if you do not have to file a tax return, you should file to get a refund if box 2 shows federal income tax withheld or if you can take the earned income credit.

**Earned income credit (EIC).** You must file a tax return if any amount is shown in box 9.

You may be able to take the EIC for 2010 if (a) you do not have a qualifying child and you earned less than $13,460 ($18,470 if married filing jointly), (b) you have one qualifying child and you earned less than $35,535 ($40,545 if married filing jointly), (c) you have two qualifying children and you earned less than $40,363 ($45,373 if married filing jointly), or (d) you have three or more qualifying children and you earned less than $43,352  ($48,362 if married filing jointly). You and any qualifying children must have valid social security numbers (SSNs). You cannot take the EIC if your investment income is more than $3,100. **Any EIC that is more than your tax liability is refunded to you, but only if you file a tax return.** If you have at least one qualifying child, you may get as much as $1,830 of the EIC in advance by completing Form W-5, Earned Income Credit Advance Payment Certificate, and giving it to your employer.

**Clergy and religious workers.** If you are not subject to social security and Medicare taxes, see Pub. 517, Social Security and Other Information for Members of the Clergy and Religious Workers.

**Corrections.** If your name, SSN, or address is incorrect, correct Copies B, C, and 2 and ask your employer to correct your employment record. Be sure to ask the employer to file Form W-2c, Corrected Wage and Tax Statement, with the Social Security Administration (SSA) to correct any name, SSN, or money amount error reported to the SSA on Form W-2. If your name and SSN are correct but are not the same as shown on your social security card, you should ask for a new card that displays your correct name at any SSA office or by calling 1-800-772-1213. You also may visit the SSA at *www.socialsecurity.gov.*

**Credit for excess taxes.** If you had more than one employer in 2010 and more than $6,621.60 in social security and/or Tier I railroad retirement (RRTA) taxes were withheld, you may be able to claim a credit for the excess against your federal income tax. If you had more than one railroad employer and more than $3,088.80 in Tier II RRTA tax was withheld, you also may be able to claim a credit. See your Form 1040 or Form 1040A instructions and Pub. 505, Tax Withholding and Estimated Tax.

(Also see *Instructions for Employee* on the back of Copy C.)

## Instructions for Employee (Also see *Notice to Employee,* on the back of Copy B.)

**Box 1.** Enter this amount on the wages line of your tax return.

**Box 2.** Enter this amount on the federal income tax withheld line of your tax return.

**Box 8.** This amount is **not** included in boxes 1, 3, 5, or 7. For information on how to report tips on your tax return, see your Form 1040 instructions.

**Box 9.** Enter this amount on the advance earned income credit payments line of your Form 1040 or Form 1040A.

**Box 10.** This amount is the total dependent care benefits that your employer paid to you or incurred on your behalf (including amounts from a section 125 (cafeteria) plan). Any amount over $5,000 is also included in box 1. Complete Form 2441, Child and Dependent Care Expenses, to compute any taxable and nontaxable amounts.

**Box 11.** This amount is (a) reported in box 1 if it is a distribution made to you from a nonqualified deferred compensation or nongovernmental section 457(b) plan or (b) included in box 3 and/or 5 if it is a prior year deferral under a nonqualified or section 457(b) plan that became taxable for social security and Medicare taxes this year because there is no longer a substantial risk of forfeiture of your right to the deferred amount.

**Box 12.** The following list explains the codes shown in box 12. You may need this information to complete your tax return. Elective deferrals (codes D, E, F, and S) and designated Roth contributions (codes AA and BB) under all plans are generally limited to a total of $16,500 ($11,500 if you only have SIMPLE plans; $19,500 for section 403(b) plans if you qualify for the 15-year rule explained in Pub. 571). Deferrals under code G are limited to $16,500. Deferrals under code H are limited to $7,000.

However, if you were at least age 50 in 2010, your employer may have allowed an additional deferral of up to $5,500 ($2,500 for section 401(k)(11) and 408(p) SIMPLE plans). This additional deferral amount is not subject to the overall limit on elective deferrals. For code G, the limit on elective deferrals may be higher for the last 3 years before you reach retirement age. Contact your plan administrator for more information. Amounts in excess of the overall elective deferral limit must be included in income. See the "Wages, Salaries, Tips, etc." line instructions for Form 1040.

**Note.** If a year follows code D through H, S, Y, AA, or BB, you made a make-up pension contribution for a prior year(s) when you were in military service. To figure whether you made excess deferrals, consider these amounts for the year shown, not the current year. If no year is shown, the contributions are for the current year.

**A**—Uncollected social security or RRTA tax on tips. Include this tax on Form 1040. See "Total Tax" in the Form 1040 instructions.

**B**—Uncollected Medicare tax on tips. Include this tax on Form 1040. See "Total Tax" in the Form 1040 instructions.

**C**—Taxable cost of group-term life insurance over $50,000 (included in boxes 1, 3 (up to social security wage base), and 5)

**D**—Elective deferrals to a section 401(k) cash or deferred arrangement. Also includes deferrals under a SIMPLE retirement account that is part of a section 401(k) arrangement.

**E**—Elective deferrals under a section 403(b) salary reduction agreement

*(continued on back of Copy 2)*

## Instructions for Employee *(continued from back of Copy C)*

**F**—Elective deferrals under a section 408(k)(6) salary reduction SEP

**G**—Elective deferrals and employer contributions (including nonelective deferrals) to a section 457(b) deferred compensation plan

**H**—Elective deferrals to a section 501(c)(18)(D) tax-exempt organization plan. See "Adjusted Gross Income" in the Form 1040 instructions for how to deduct.

**J**—Nontaxable sick pay (information only, not included in boxes 1, 3, or 5)

**K**—20% excise tax on excess golden parachute payments. See "Total Tax" in the Form 1040 instructions.

**L**—Substantiated employee business expense reimbursements (nontaxable)

**M**—Uncollected social security or RRTA tax on taxable cost of group-term life insurance over $50,000 (former employees only). See "Total Tax" in the Form 1040 instructions.

**N**—Uncollected Medicare tax on taxable cost of group-term life insurance over $50,000 (former employees only). See "Total Tax" in the Form 1040 instructions.

**P**—Excludable moving expense reimbursements paid directly to employee (not included in boxes 1, 3, or 5)

**Q**—Nontaxable combat pay. See the instructions for Form 1040 or Form 1040A for details on reporting this amount.

**R**—Employer contributions to your Archer MSA. Report on Form 8853, Archer MSAs and Long-Term Care Insurance Contracts.

**S**—Employee salary reduction contributions under a section 408(p) SIMPLE (not included in box 1)

**T**—Adoption benefits (not included in box 1). Complete Form 8839, Qualified Adoption Expenses, to compute any taxable and nontaxable amounts.

**V**—Income from exercise of nonstatutory stock option(s) (included in boxes 1, 3 (up to social security wage base), and 5). See Pub. 525 and instructions for Schedule D (Form 1040) for reporting requirements.

**W**—Employer contributions (including amounts the employee elected to contribute using a section 125 (cafeteria) plan) to your health savings account. Report on Form 8889, Health Savings Accounts (HSAs).

**Y**—Deferrals under a section 409A nonqualified deferred compensation plan

**Z**—Income under section 409A on a nonqualified deferred compensation plan. This amount is also included in box 1. It is subject to an additional 20% tax plus interest. See "Total Tax" in the Form 1040 instructions.

**AA**—Designated Roth contributions under a section 401(k) plan

**BB**—Designated Roth contributions under a section 403(b) plan

**CC** (For employer use only)—HIRE exempt wages and tips

**Box 13.** If the "Retirement plan" box is checked, special limits may apply to the amount of traditional IRA contributions that you may deduct.

**Note.** Keep **Copy C** of Form W-2 for at least 3 years after the due date for filing your income tax return. However, to help **protect your social security benefits,** keep Copy C until you begin receiving social security benefits, just in case there is a question about your work record and/or earnings in a particular year. Compare the Social Security wages and the Medicare wages to the information shown on your annual (for workers over 25) Social Security Statement.

| b Employer identification number (EIN) 13-3324058 | 12a See instructions for box 12 | 1 Wages, tips, other compensation 9199.91 | 2 Federal income tax withheld 247.17 |
|---|---|---|---|
| c Employer's name, address, and ZIP code MACYS INC | D $ 328.84 | | |
| | 12b | 3 Social security wages 9528.75 | 4 Social security tax withheld 590.78 |
| AGENT FOR MACYS WEST STR 94-3318726 | $ | | |
| P.O. BOX 8201 | 12c | 5 Medicare wages and tips 9528.75 | 6 Medicare tax withheld 138.17 |
| MASON, OH 45040 | $ | | |
| | 12d | 7 Social security tips | 8 Allocated tips |
| e Employee's first name and initial    Last name    Suff. | $ | | |
| 1 of 1   ID:1026000000000000114378057 | 12e | 9 Advance EIC payment | 10 Dependent care benefits |
| CHAKE PETROSSIAN | This information is being furnished to the Internal Revenue Service | 11 Nonqualified plans | 13 Statutory employee  Retirement plan [X]  Third party sick pay |
| REDACTED | Copy B To Be Filed With Employee's FEDERAL Tax Return | 14 Other CASDI 104.82 | |
| GLENDALE, CA 91205 | | GIVEBK 40 00 | |
| | a Employee's social security number REDACTED | | |
| f Employee's address and ZIP code | | | |
| 15 State Employer's state ID number CA 08139842 | 16 State wages, tips, etc. 9199.91 | 17 State income tax 100.36 | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Form W-2 Wage and Tax Statement 2009 - Reissued Statement    Department of the Treasury-Internal Revenue Service    OMB # 1545-0008    Copy B To Be Filed With Employee's FEDERAL Tax Return

| b Employer identification number (EIN) 13-3324058 | 12a | 1 Wages, tips, other compensation 9199.91 | 2 Federal income tax withheld 247.17 |
|---|---|---|---|
| c Employer's name, address, and ZIP code MACYS INC | D $ 328.84 | | |
| | 12b | 3 Social security wages 9528.75 | 4 Social security tax withheld 590.78 |
| AGENT FOR MACYS WEST STR 94-3318726 | $ | | |
| P.O. BOX 8201 | 12c | 5 Medicare wages and tips 9528.75 | 6 Medicare tax withheld 138.17 |
| MASON, OH 45040 | $ | | |
| | 12d | 7 Social security tips | 8 Allocated tips |
| e Employee's first name and initial    Last name    Suff. | $ | | |
| 1 of 1   D:1026000000000000114378057 | 12e | 9 Advance EIC payment | 10 Dependent care benefits |
| CHAKE PETROSSIAN | | 11 Nonqualified plans | 13 Statutory employee  Retirement plan [X]  Third party sick pay |
| REDACTED | Copy 2 To Be Filed With Employee's STATE, CITY or LOCAL Income Tax Return | 14 Other CASDI 104.82 | |
| GLENDALE, CA 91205 | | GIVEBK 40.00 | |
| | a Employee's social security number REDACTED | | |
| f Employee's address and ZIP code | | | |
| 15 State Employer's state ID number CA 08139842 | 16 State wages, tips, etc. 9199.91 | 17 State income tax 100.36 | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Form W-2 Wage and Tax Statement 2009-Reissued Statement    Department of the Treasury-Internal Revenue Service    OMB # 1545-0008    Copy 2 To Be Filed With Employee's State, CITY or Local Tax Departments

| b Employer identification number (EIN) 13-3324058 | 12a | 1 Wages, tips, other compensation 9199.91 | 2 Federal income tax withheld 247.17 |
|---|---|---|---|
| c Employer's name, address, and ZIP code MACYS INC | D $ 328.84 | | |
| | 12b | 3 Social security wages 9528.75 | 4 Social security tax withheld 590.78 |
| AGENT FOR MACYS WEST STR 94-3318726 | $ | | |
| P.O. BOX 8201 | 12c | 5 Medicare wages and tips 9528.75 | 6 Medicare tax withheld 138.17 |
| MASON, OH 45040 | $ | | |
| | 12d | 7 Social security tips | 8 Allocated tips |
| e Employee's first name and initial    Last name    Suff. | $ | | |
| 1 of 1   ID:1026000000000000114378057 | 12e | 9 Advance EIC payment | 10 Dependent care benefits |
| CHAKE PETROSSIAN | | 11 Nonqualified plans | 13 Statutory employee  Retirement plan [X]  Third party sick pay |
| REDACTED | Copy 2 To Be Filed With Employee's STATE, CITY or LOCAL Income Tax Return | 14 Other CASDI 104.82 | |
| GLENDALE, CA 91205 | | GIVEBK 40.00 | |
| | a Employee's social security number REDACTED | | |
| f Employee's address and ZIP code | | | |
| 15 State Employer's state ID number CA 08139842 | 16 State wages, tips, etc. 9199.91 | 17 State income tax 100 36 | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |

Form W-2 Wage and Tax Statement 2009-Reissued Statement    Department of the Treasury-Internal Revenue Service    OMB # 1545-0008    Copy 2 To Be Filed With Employee's State, CITY or Local Tax Departments

| b Employer identification number (EIN) 13-3324058 | 12a See instructions for box 12 | 1 Wages, tips, other compensation 9199.91 | 2 Federal income tax withheld 247.17 |
|---|---|---|---|
| c Employer's name, address, and ZIP code MACYS INC | D $ 328.84 | | |
| | 12b | 3 Social security wages 9528.75 | 4 Social security tax withheld 590.78 |
| AGENT FOR MACYS WEST STR 94-3318726 | $ | | |
| P.O. BOX 8201 | 12c | 5 Medicare wages and tips 9528.75 | 6 Medicare tax withheld 138.17 |
| MASON, OH 45040 | $ | | |
| | 12d | 7 Social security tips | 8 Allocated tips |
| e Employee's first name and initial    Last name    Suff. | $ | | |
| 1 of 1   ID:1026000000000000114378057 | 12e | 9 Advance EIC payment | 10 Dependent care benefits |
| CHAKE PETROSSIAN | This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it. | 11 Nonqualified plans | 13 Statutory employee  Retirement plan [X]  Third party sick pay |
| REDACTED | Copy C For EMPLOYEE'S | 14 Other | |
| GLENDALE, CA 91205 | | | |

**Copy 1**

| b Employer identification number (EIN) | 13-3324058 |
|---|---|

c Employer's name, address, and ZIP code
MACYS INC

AGENT FOR MACYS WEST STR 94-3318726
P.O. BOX 8201
MASON, OH 45040

e Employee's first name and initial | Last name | Suff.
1 of 1   ID:1026000000000000114438006

CHAKE PETROSSIAN

REDACTED
GLENDALE, CA 91205

f Employee's address and ZIP code

| 12a See instructions for box 12 | D | $ 495.02 |
| 12b | | $ |
| 12c | | $ |
| 12d | | $ |
| 12e | | |

This information is being furnished to the Internal Revenue Service.

| 1 Wages, tips, other compensation | 13345.36 | 2 Federal income tax withheld | 134.24 |
|---|---|---|---|
| 3 Social security wages | 13840.38 | 4 Social security tax withheld | 858.11 |
| 5 Medicare wages and tips | 13840.38 | 6 Medicare tax withheld | 200.68 |
| 7 Social security tips | | 8 Allocated tips | |
| 9 Advance EIC payment | | 10 Dependent care benefits | |
| 11 Nonqualified plans | | 13 Statutory employee / Retirement plan X / Third party sick pay | |
| 14 Other CASDI | 152.24 | | |
| GIVEBK | 66.00 | | |

Copy B To Be Filed With Employee's FEDERAL Tax Return

a Employee's social security number
REDACTED

| 15 State CA | Employer's state ID number 08139842 | 16 State wages, tips, etc. 13345.36 | 17 State income tax 126.69 | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|

Form W-2 Wage and Tax Statement 2009 - Reissued Statement   Department of the Treasury-Internal Revenue Service   OMB # 1545-0008   Copy B To Be Filed With Employee's FEDERAL Tax Return

---

**Copy 2**

| b Employer identification number (EIN) | 13-3324058 |
|---|---|

c Employer's name, address, and ZIP code
MACYS INC

AGENT FOR MACYS WEST STR 94-3318726
P.O. BOX 8201
MASON, OH 45040

e Employee's first name and initial | Last name | Suff.
1 of 1   D:1026000000000000114438006

CHAKE PETROSSIAN

REDACTED
GLENDALE, CA 91205

f Employee's address and ZIP code

| 12a | D | $ 495.02 |
| 12b | | $ |
| 12c | | $ |
| 12d | | $ |
| 12e | | |

| 1 Wages, tips, other compensation | 13345.36 | 2 Federal income tax withheld | 134.24 |
|---|---|---|---|
| 3 Social security wages | 13840.38 | 4 Social security tax withheld | 858.11 |
| 5 Medicare wages and tips | 13840.38 | 6 Medicare tax withheld | 200.68 |
| 7 Social security tips | | 8 Allocated tips | |
| 9 Advance EIC payment | | 10 Dependent care benefits | |
| 11 Nonqualified plans | | 13 Statutory employee / Retirement plan X / Third party sick pay | |
| 14 Other CASDI | 152.24 | | |
| GIVEBK | 66.00 | | |

Copy 2 To Be Filed With Employee's STATE, CITY or LOCAL Income Tax Return

a Employee's social security number

| 15 State CA | Employer's state ID number 08139842 | 16 State wages, tips, etc. 13345.36 | 17 State income tax 126.69 | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|

Form W-2 Wage and Tax Statement 2009-Reissued Statement   Department of the Treasury-Internal Revenue Service   OMB # 1545-0008   Copy 2 To Be Filed With Employee's State, CITY or Local Tax Departments

---

**Copy 3**

| b Employer identification number (EIN) | 13-3324058 |
|---|---|

c Employer's name, address, and ZIP code
MACYS INC

AGENT FOR MACYS WEST STR 94-3318726
P.O. BOX 8201
MASON, OH 45040

e Employee's first name and initial | Last name | Suff.
1 of 1   ID:1026000000000000114438006

CHAKE PETROSSIAN

REDACTED
GLENDALE, CA 91205

f Employee's address and ZIP code

| 12a | D | $ 495.02 |
| 12b | | $ |
| 12c | | $ |
| 12d | | $ |
| 12e | | |

| 1 Wages, tips, other compensation | 13345.36 | 2 Federal income tax withheld | 134.24 |
|---|---|---|---|
| 3 Social security wages | 13840.38 | 4 Social security tax withheld | 858.11 |
| 5 Medicare wages and tips | 13840.38 | 6 Medicare tax withheld | 200.68 |
| 7 Social security tips | | 8 Allocated tips | |
| 9 Advance EIC payment | | 10 Dependent care benefits | |
| 11 Nonqualified plans | | 13 Statutory employee / Retirement plan X / Third party sick pay | |
| 14 Other CASDI | 152.24 | | |
| GIVEBK | 66.00 | | |

Copy 2 To Be Filed With Employee's STATE, CITY or LOCAL Income Tax Return

a Employee's social security number
REDACTED

| 15 State CA | Employer's state ID number 08139842 | 16 State wages, tips, etc. 13345.36 | 17 State income tax 126.69 | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|

Form W-2 Wage and Tax Statement 2009-Reissued Statement   Department of the Treasury-Internal Revenue Service   OMB # 1545-0008   Copy 2 To Be Filed With Employee's State, CITY or Local Tax Departments

---

**Copy 4**

| b Employer identification number (EIN) | 13-3324058 |
|---|---|

c Employer's name, address, and ZIP code
MACYS INC

AGENT FOR MACYS WEST STR 94-3318726
P.O. BOX 8201
MASON, OH 45040

e Employee's first name and initial | Last name | Suff.
1 of 1   ID:1026000000000000114438006

CHAKE PETROSSIAN

REDACTED
GLENDALE, CA 91205

| 12a See instructions for box 12 | D | $ 495.02 |
| 12b | | $ |
| 12c | | $ |
| 12d | | $ |
| 12e | | |

This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

| 1 Wages, tips, other compensation | 13345.36 | 2 Federal income tax withheld | 134.24 |
|---|---|---|---|
| 3 Social security wages | 13840.38 | 4 Social security tax withheld | 858.11 |
| 5 Medicare wages and tips | 13840.38 | 6 Medicare tax withheld | 200.68 |
| 7 Social security tips | | 8 Allocated tips | |
| 9 Advance EIC payment | | 10 Dependent care benefits | |
| 11 Nonqualified plans | | 13 Statutory employee / Retirement plan / Third party sick pay | |
| 14 Other | | | |

Copy C For EMPLOYEE'S

## Notice to Employee

**Refund.** Even if you do not have to file a tax return, you should file to get a refund if box 2 shows federal income tax withheld or if you can take the earned income credit.

**Earned income credit (EIC).** You must file a tax return if any amount is shown in box 9.

You may be able to take the EIC for 2009 if (a) you do not have a qualifying child and you earned less than $13,440 ($16,560 if married filing jointly), (b) you have one qualifying child and you earned less than $35,463 ($38,583 if married filing jointly), or (c) you have more than one qualifying child and you earned less than $40,295 ($43,415 if married filing jointly). You and any qualifying children must have valid social security numbers (SSNs). You cannot take the EIC if your investment income is more than $3,100. **Any EIC that is more than your tax liability is refunded to you, but only if you file a tax return.** If you have at least one qualifying child, you may get as much as $1,826 of the EIC in advance by completing Form W-5, Earned Income Credit Advance Payment Certificate, and giving it to your employer.

**Clergy and religious workers.** If you are not subject to social security and Medicare taxes, see Publication 517, Social Security and Other Information for Members of the Clergy and Religious Workers.

**Corrections.** If your name, SSN, or address is incorrect, correct Copies B, C, and 2 and ask your employer to correct your employment record. Be sure to ask the employer to file Form W-2c, Corrected Wage and Tax Statement, with the Social Security Administration (SSA) to correct any name, SSN, or money amount error reported to the SSA on Form W-2. If your name and SSN are correct but are not the same as shown on your social security card, you should ask for a new card that displays your correct name at any SSA office or by calling 1-800-772-1213.

**Credit for excess taxes.** If you had more than one employer in 2009 and more than $6,621.60 in social security and/or Tier I railroad retirement (RRTA) taxes were withheld, you may be able to claim a credit for the excess against your federal income tax. If you had more than one railroad employer and more than $3,088.80 in Tier II RRTA tax was withheld, you also may be able to claim a credit. See your Form 1040 or Form 1040A instructions and Publication 505, Tax Withholding and Estimated Tax.

(Also see *Instructions for Employee* on the back of Copy C.)

## Instructions for Employee (Also see *Notice to Employee*, on the back of Copy B.)

**Box 1.** Enter this amount on the wages line of your tax return.

**Box 2.** Enter this amount on the federal income tax withheld line of your tax return.

**Box 8.** This amount is **not** included in boxes 1, 3, 5, or 7. For information on how to report tips on your tax return, see your Form 1040 instructions.

**Box 9.** Enter this amount on the advance earned income credit payments line of your Form 1040 or Form 1040A.

**Box 10.** This amount is the total dependent care benefits that your employer paid to you or incurred on your behalf (including amounts from a section 125 (cafeteria) plan). Any amount over $5,000 is also included in box 1. You **must** complete Schedule 2 (Form 1040A) or Form 2441, Child and Dependent Care Expenses, to compute any taxable and nontaxable amounts.

**Box 11.** This amount is (a) reported in box 1 if it is a distribution made to you from a nonqualified deferred compensation or nongovernmental section 457(b) plan or (b) included in box 3 and/or 5 if it is a prior year deferral under a nonqualified or section 457(b) plan that became taxable for social security and Medicare taxes this year because there is no longer a substantial risk of forfeiture of your right to the deferred amount.

**Box 12.** The following list explains the codes shown in box 12. You may need this information to complete your tax return. Elective deferrals (codes D, E, F, and S) and designated Roth contributions (codes AA and BB) under all plans are generally limited to a total of $16,500 ($11,500 if you only have SIMPLE plans; $19,500 for section 403(b) plans if you

qualify for the 15-year rule explained in Pub. 571). Deferrals under code G are limited to $16,500. Deferrals under code H are limited to $7,000.

However, if you were at least age 50 in 2009, your employer may have allowed an additional deferral of up to $5,500 ($2,500 for section 401(k)(11) and 408(p) SIMPLE plans). This additional deferral amount is not subject to the overall limit on elective deferrals. For code G, the limit on elective deferrals may be higher for the last 3 years before you reach retirement age. Contact your plan administrator for more information. Amounts in excess of the overall elective deferral limit must be included in income. See the "Wages, Salaries, Tips, etc." line instructions for Form 1040.

**Note.** If a year follows code D through H, S, Y, AA, or BB, you made a make-up pension contribution for a prior year(s) when you were in military service. To figure whether you made excess deferrals, consider these amounts for the year shown, not the current year. If no year is shown, the contributions are for the current year.

**A**—Uncollected social security or RRTA tax on tips. Include this tax on Form 1040. See "Total Tax" in the Form 1040 instructions.

**B**—Uncollected Medicare tax on tips. Include this tax on Form 1040. See "Total Tax" in the Form 1040 instructions.

**C**—Taxable cost of group-term life insurance over $50,000 (included in boxes 1, 3 (up to social security wage base), and 5)

**D**—Elective deferrals to a section 401(k) cash or deferred arrangement. Also includes deferrals under a SIMPLE retirement account that is part of a section 401(k) arrangement.

**E**—Elective deferrals under a section 403(b) salary reduction agreement

*(continued on back of Copy 2)*

## Instructions for Employee *(continued from back of Copy C)*

**F**—Elective deferrals under a section 408(k)(6) salary reduction SEP

**G**—Elective deferrals and employer contributions (including nonelective deferrals) to a section 457(b) deferred compensation plan

**H**—Elective deferrals to a section 501(c)(18)(D) tax-exempt organization plan. See "Adjusted Gross Income" in the Form 1040 instructions for how to deduct.

**J**—Nontaxable sick pay (information only, not included in boxes 1, 3, or 5)

**K**—20% excise tax on excess golden parachute payments. See "Total Tax" in the Form 1040 instructions.

**L**—Substantiated employee business expense reimbursements (nontaxable)

**M**—Uncollected social security or RRTA tax on taxable cost of group-term life insurance over $50,000 (former employees only). See "Total Tax" in the Form 1040 instructions.

**N**—Uncollected Medicare tax on taxable cost of group-term life insurance over $50,000 (former employees only). See "Total Tax" in the Form 1040 instructions.

**P**—Excludable moving expense reimbursements paid directly to employee (not included in boxes 1, 3, or 5)

**Q**—Nontaxable combat pay. See the instructions for Form 1040 or Form 1040A for details on reporting this amount.

**R**—Employer contributions to your Archer MSA. Report on Form 8853, Archer MSAs and Long-Term Care Insurance Contracts.

**S**—Employee salary reduction contributions under a section 408(p) SIMPLE (not included in box 1)

**T**—Adoption benefits (not included in box 1). You **must** complete Form 8839, Qualified Adoption Expenses, to compute any taxable and nontaxable amounts.

**V**—Income from exercise of nonstatutory stock option(s) (included in boxes 1, 3 (up to social security wage base), and 5)

**W**—Employer contributions to your Health Savings Account. Report on Form 8889, Health Savings Accounts (HSAs).

**Y**—Deferrals under a section 409A nonqualified deferred compensation plan.

**Z**—Income under section 409A on a nonqualified deferred compensation plan. This amount is also included in box 1. It is subject to an additional 20% tax plus interest. See "Total Tax" in the Form 1040 instructions.

**AA**—Designated Roth contributions under a section 401(k) plan.

**BB**—Designated Roth contributions under a section 403(b) plan.

**Box 13.** If the "Retirement plan" box is checked, special limits may apply to the amount of traditional IRA contributions that you may deduct.

**Note.** Keep Copy C of Form W-2 for at least 3 years after the due date for filing your income tax return. However, to help **protect your social security benefits,** keep Copy C until you begin receiving social security benefits, just in case there is a question about your work record and/or earnings in a particular year. Compare the Social Security wages and the Medicare wages to the information shown on your annual (for workers over 25) Social Security Statement.

---

OMB No. 1545-0008

**Form W-2 Wage and Tax Statement   2008**

| 7 Social security tips | 1 Wages, tips, other compensation 19563.81 | 2 Federal income tax withheld 471.68 |
| 8 Allocated tips | 3 Social security wages 20224.29 | 4 Social security tax withheld 1253.91 |
| 9 Advance EIC payment | 5 Medicare wages and tips 20224.29 | 6 Medicare tax withheld 293.25 |
| 10 Dependent care benefits | 11 Nonqualified plans | 12a See instructions for box 12  D  660.48 |

c Employer's name, address, and ZIP code

AGENT - MACY'S, INC.
AGENT FOR MDS, INC (MCW 94-3318726)
P.O. BOX 8201
MASON OH 45040

e Employee's first name and initial   Last name   Suff

CHAKE PETROSSIAN
REDACTED
SUN VALLEY CA 91352

a Employee's social security number REDACTED

b Employer identification number (EIN)
13-3324058

13 Statutory employee  Retirement plan [X]  Third-party sick pay

12b

14 Other
CASDI   161.79
GIVEB   104.00

12c

12d

f Employee's address and ZIP code

| 15 State CA | Employer's state ID number 08139842 | 16 State wages, tips, etc. 19563.81 | 17 State income tax 104.32 | 18 Local wages, tips, etc | 19 Local income tax | 20 Locality name |

Copy C To Be Filed With Employee's FEDERAL Tax Return This information is being furnished to the Internal Revenue Service.   Dept. of the Treasury - IRS

---

This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

**Form W-2 Wage and Tax Statement   2008**

| 7 Social security tips | 1 Wages, tips, other compensation 19563.81 | 2 Federal income tax withheld 471.68 |
| 8 Allocated tips | 3 Social security wages 20224.29 | 4 Social security tax withheld 1253.91 |
| 9 Advance EIC payment | 5 Medicare wages and tips 20224.29 | 6 Medicare tax withheld 293.25 |
| 10 Dependent care benefits | 11 Nonqualified plans | 12a See instructions for box 12  D  660.48 |

c Employer's name, address, and ZIP code

AGENT - MACY'S, INC.
AGENT FOR MDS, INC (MCW 94-3318726)
P.O. BOX 8201
MASON OH 45040

e Employee's first name and initial   Last name   Suff

CHAKE PETROSSIAN
REDACTED
SUN VALLEY CA 91352

a Employee's social security number REDACTED

b Employer identification number (EIN)
13-3324058

13 Statutory employee  Retirement plan [X]  Third-party sick pay

12b

14 Other
CASDI   161.79
GIVEB   104.00

12c

12d

f Employee's address and ZIP code

| 15 State CA | Employer's state ID number 08139842 | 16 State wages, tips, etc. 19563.81 | 17 State income tax 104.32 | 18 Local wages, tips, etc | 19 Local income tax | 20 Locality name |

Copy C For EMPLOYEE'S RECORDS (See Notice to Employee on back of Copy B.)   OMB No. 1545-0008   Dept. of the Treasury - IRS

---

OMB No. 1545-0008

**Form W-2 Wage and Tax Statement   2008**

| 7 Social security tips | 1 Wages, tips, other compensation 19563.81 | 2 Federal income tax withheld 471.68 |
| 8 Allocated tips | 3 Social security wages 20224.29 | 4 Social security tax withheld 1253.91 |
| 9 Advance EIC payment | 5 Medicare wages and tips 20224.29 | 6 Medicare tax withheld 293.25 |
| 10 Dependent care benefits | 11 Nonqualified plans | 12a  D  660.48 |

c Employer's name, address, and ZIP code

AGENT - MACY'S, INC.
AGENT FOR MDS, INC (MCW 94-3318726)
P.O. BOX 8201
MASON OH 45040

e Employee's first name and initial   Last name   Suff

CHAKE PETROSSIAN
REDACTED
SUN VALLEY CA 91352

a Employee's social security number REDACTED

b Employer identification number (EIN)
13-3324058

13 Statutory employee  Retirement plan [X]  Third-party sick pay

12b

14 Other
CASDI   161.79
GIVEB   104.00

12c

12d

f Employee's address and ZIP code

| 15 State CA | Employer's state ID number 08139842 | 16 State wages, tips, etc. 19563.81 | 17 State income tax 104.32 | 18 Local wages, tips, etc | 19 Local income tax | 20 Locality name |

Copy 2 To Be Filed With Employee's State, City, or Local Income Tax Return   Dept. of the Treasury - IRS

---

OMB No. 1545-0008

**Form W-2 Wage and Tax Statement   2008**

| 7 Social security tips | 1 Wages, tips, other compensation 19563.81 | 2 Federal income tax withheld 471.68 |
| 8 Allocated tips | 3 Social security wages 20224.29 | 4 Social security tax withheld 1253.91 |
| 9 Advance EIC payment | 5 Medicare wages and tips 20224.29 | 6 Medicare tax withheld 293.25 |
| 10 Dependent care benefits | 11 Nonqualified plans | 12a  D  660.48 |

c Employer's name, address, and ZIP code

AGENT - MACY'S, INC.
AGENT FOR MDS, INC (MCW 94-3318726)
P.O. BOX 8201
MASON OH 45040

e Employee's first name and initial   Last name   Suff

CHAKE PETROSSIAN
REDACTED
SUN VALLEY CA 91352

a Employee's social security number REDACTED

b Employer identification number (EIN)
13-3324058

13 Statutory employee  Retirement plan [X]  Third-party sick pay

12b

14 Other
CASDI   161.79
GIVEB   104.00

12c

12d

f Employee's address and ZIP code

| 15 State CA | Employer's state ID number 08139842 | 16 State wages, tips, etc. 19563.81 | 17 State income tax 104.32 | 18 Local wages, tips, etc | 19 Local income tax | 20 Locality name |

Copy 2 To Be Filed With Employee's State, City, or Local Income Tax Return   OMB No. 1545-0008   Dept. of the Treasury - IRS

OMB No. 1545-0008   (Rev. February 2002)

Form **W-2 Wage and Tax Statement   2007**

REISSUED STATEMENT

c Employer's name, address, and ZIP code

AGENT - MACY'S, INC.
AGENT FOR MDS, INC (MCW 94-3318726)
P.O. BOX 8201
MASON OH 45040

e Employee's first name and initial   Last name
CHAKE PETROSSIAN
REDACTED
SUN VALLEY CA 91352

f Employee's address and ZIP code

| 7 Social security tips | 1 Wages, tips, other compensation 16823.31 | 2 Federal income tax withheld 259.79 |
| 8 Allocated tips | 3 Social security wages 16956.15 | 4 Social security tax withheld 1051.28 |
| 9 Advance EIC payment | 5 Medicare wages and tips 16956.15 | 6 Medicare tax withheld 245.86 |
| 10 Dependent care benefits | 11 Nonqualified plans | 12a See instructions for box 12 D 132.84 |
| REDACTED | 13 Statutory employee / Retirement plan / Third-party sick pay [X] | 12b |
| b Employer identification number 13-3324058 | 14 Other CASDI 101.74 | 12c |
| d Employee's social security number | GIVEB 76.00 | 12d |

| 15 State CA | Employer's state I.D. number 08139842 | 16 State wages, tips, etc. 16823.31 | 17 State income tax 35.48 | 18 Local wages, tips, etc | 19 Local income tax | 20 Locality name |

Copy B To Be Filed With Employee's FEDERAL Tax Return   This information is being furnished to the Internal Revenue Service.

Dept. of the Treasury - IRS

---

This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

Form **W-2 Wage and Tax Statement   2007**

REISSUED STATEMENT

c Employer's name, address, and ZIP code

AGENT - MACY'S, INC.
AGENT FOR MDS, INC (MCW 94-3318726)
P.O. BOX 8201
MASON OH 45040

e Employee's first name and initial   Last name
CHAKE PETROSSIAN
REDACTED
SUN VALLEY CA 91352

f Employee's address and ZIP code

| 7 Social security tips | 1 Wages, tips, other compensation 16823.31 | 2 Federal income tax withheld 259.79 |
| 8 Allocated tips | 3 Social security wages 16956.15 | 4 Social security tax withheld 1051.28 |
| 9 Advance EIC payment | 5 Medicare wages and tips 16956.15 | 6 Medicare tax withheld 245.86 |
| 10 Dependent care benefits | 11 Nonqualified plans | 12a See instructions for box 12 D 132.84 |
| REDACTED | 13 Statutory employee / Retirement plan / Third-party sick pay [X] | 12b |
| b Employer identification number 13-3324058 | 14 Other CASDI 101.74 | 12c |
| d Employee's social security number | GIVEB 76.00 | 12d |

| 15 State CA | Employer's state I.D. number 08139842 | 16 State wages, tips, etc. 16823.31 | 17 State income tax 35.48 | 18 Local wages, tips, etc | 19 Local income tax | 20 Locality name |

Copy C For EMPLOYEE'S RECORDS (See Notice on back of Copy B.)

Dept. of the Treasury - IRS

---

OMB No. 1545-0008   (Rev. February 2002)

Form **W-2 Wage and Tax Statement   2007**

REISSUED STATEMENT

c Employer's name, address, and ZIP code

AGENT - MACY'S, INC.
AGENT FOR MDS, INC (MCW 94-3318726)
P.O. BOX 8201
MASON OH 45040

e Employee's first name and initial   Last name
CHAKE PETROSSIAN
REDACTED
SUN VALLEY CA 91352

f Employee's address and ZIP code

| 7 Social security tips | 1 Wages, tips, other compensation 16823.31 | 2 Federal income tax withheld 259.79 |
| 8 Allocated tips | 3 Social security wages 16956.15 | 4 Social security tax withheld 1051.28 |
| 9 Advance EIC payment | 5 Medicare wages and tips 16956.15 | 6 Medicare tax withheld 245.86 |
| 10 Dependent care benefits | 11 Nonqualified plans | 12a D 132.84 |
| REDACTED | 13 [X] | 12b |
| b Employer identification number 13-3324058 | 14 Other CASDI 101.74 | 12c |
| d Employee's social security number | GIVEB 76.00 | 12d |

| 15 State CA | Employer's state I.D. number 08139842 | 16 State wages, tips, etc. 16823.31 | 17 State income tax 35.48 | 18 Local wages, tips, etc | 19 Local income tax | 20 Locality name |

Copy 2 To Be Filed With Employee's State, City, or Local Income Tax Return

Dept. of the Treasury - IRS

---

OMB No. 1545-0008   (Rev. February 2002)

Form **W-2 Wage and Tax Statement   2007**

REISSUED STATEMENT

c Employer's name, address, and ZIP code

AGENT - MACY'S, INC.
AGENT FOR MDS, INC (MCW 94-3318726)
P.O. BOX 8201
MASON OH 45040

e Employee's first name and initial   Last name
CHAKE PETROSSIAN
REDACTED
SUN VALLEY CA 91352

f Employee's address and ZIP code

| 7 Social security tips | Wages, tips, other compensation 16823.31 | 2 Federal income tax withheld 259.79 |
| 8 Allocated tips | 3 Social security wages 16956.15 | 4 Social security tax withheld 1051.28 |
| 9 Advance EIC payment | 5 Medicare wages and tips 16956.15 | 6 Medicare tax withheld 245.86 |
| 10 Dependent care benefits | 11 Nonqualified plans | 12a D 132.84 |
| REDACTED | 13 [X] | 12b |
| b Employer identification number 13-3324058 | 14 Other CASDI 101.74 | 12c |
| d Employee's social security number | GIVEB 76.00 | 12d |

| 15 State CA | Employer's state I.D. number 08139842 | 16 State wages, tips, etc. 16823.31 | 17 State income tax 35.48 | 18 Local wages, tips, etc | 19 Local income tax | 20 Locality name |

Copy 2 To Be Filed With Employee's State, City, or Local Income Tax Return   OMB No. 1545-0008   (Rev. February 2002)   Dept. of the Treasury - IRS

OMB No. 1545-0008   (Rev. February 2002)

Form **W-2 Wage and Tax Statement**   **2006**

| | |
|---|---|
| c Employer's name, address, and ZIP code   REISSUED STATEMENT | |

FEDERATED DEPT. STORES, INC.
AGENT FOR MACY'S WEST, INC.
P.O. BOX 8201
MASON OH 45040

| Field | Value |
|---|---|
| 7 Social security tips | |
| 8 Allocated tips | |
| 1 Wages, tips, other compensation | 3778.70 |
| 2 Federal income tax withheld | 47.50 |
| 3 Social security wages | 3778.70 |
| 4 Social security tax withheld | 234.28 |
| 9 Advance EIC payment | |
| 5 Medicare wages and tips | 3778.70 |
| 6 Medicare tax withheld | 54.79 |
| 10 Dependent care benefits | |
| 11 Nonqualified plans | |
| 12a See instructions for box 12 | |

e Employee's first name and initial    Last name
CHAKE PETROSSIAN
REDACTED
SUN VALLEY CA 91352

13 | 12b
b Employer identification number
13-3324058
14 Other   CASDI   30.23
12c
d Employee's social security number
REDACTED
12d

f Employee's address and ZIP code

| 15 State | Employer's state I.D. number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| CA | 08139842 | 3778.70 | 7.01 | | | |

Copy B To Be Filed With Employee's FEDERAL Tax Return   This information is being furnished to the Internal Revenue Service   Dept. of the Treasury - IRS

---

This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

Form **W-2 Wage and Tax Statement**   **2006**

c Employer's name, address, and ZIP code   REISSUED STATEMENT

FEDERATED DEPT. STORES, INC.
AGENT FOR MACY'S WEST, INC.
P.O. BOX 8201
MASON OH 45040

| Field | Value |
|---|---|
| 7 Social security tips | |
| 8 Allocated tips | |
| 1 Wages, tips, other compensation | 3778.70 |
| 2 Federal income tax withheld | 47.50 |
| 3 Social security wages | 3778.70 |
| 4 Social security tax withheld | 234.28 |
| 9 Advance EIC payment | |
| 5 Medicare wages and tips | 3778.70 |
| 6 Medicare tax withheld | 54.79 |
| 10 Dependent care benefits | |
| 11 Nonqualified plans | |
| 12a See instructions for box 12 | |

e Employee's first name and initial    Last name
CHAKE PETROSSIAN
REDACTED
SUN VALLEY CA 91352

b Employer identification number
13-3324058
14 Other   CASDI   30.23
d Employee's social security number
REDACTED

f Employee's address and ZIP code

| 15 State | Employer's state I.D. number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| CA | 08139842 | 3778.70 | 7.01 | | | |

Copy C For EMPLOYEE'S RECORDS (See Notice on back of Copy B.)   OMB No. 1545-0008   (Rev. February 2002)   Dept. of the Treasury - IRS

---

OMB No. 1545-0008   (Rev. February 2002)

Form **W-2 Wage and Tax Statement**   **2006**

c Employer's name, address, and ZIP code   REISSUED STATEMENT

FEDERATED DEPT. STORES, INC.
AGENT FOR MACY'S WEST, INC.
P.O. BOX 8201
MASON OH 45040

| Field | Value |
|---|---|
| 7 Social security tips | |
| 8 Allocated tips | |
| 1 Wages, tips, other compensation | 3778.70 |
| 2 Federal income tax withheld | 47.50 |
| 3 Social security wages | 3778.70 |
| 4 Social security tax withheld | 234.28 |
| 9 Advance EIC payment | |
| 5 Medicare wages and tips | 3778.70 |
| 6 Medicare tax withheld | 54.79 |
| 10 Dependent care benefits | |
| 11 Nonqualified plans | |
| 12a See instructions for box 12 | |

e Employee's first name and initial    Last name
CHAKE PETROSSIAN
REDACTED
SUN VALLEY CA 91352

b Employer identification number
13-3324058
14 Other   CASDI   30.23
d Employee's social security number
REDACTED

f Employee's address and ZIP code

| 15 State | Employer's state I.D. number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| CA | 08139842 | 3778.70 | 7.01 | | | |

Copy 2 To Be Filed With Employee's State, City, or Local Income Tax Return   Dept. of the Treasury - IRS

---

OMB No. 1545-0008   (Rev. February 2002)

Form **W-2 Wage and Tax Statement**   **2006**

c Employer's name, address, and ZIP code   REISSUED STATEMENT

FEDERATED DEPT. STORES, INC.
AGENT FOR MACY'S WEST, INC.
P.O. BOX 8201
MASON OH 45040

| Field | Value |
|---|---|
| 7 Social security tips | |
| 8 Allocated tips | |
| 1 Wages, tips, other compensation | 3778.70 |
| 2 Federal income tax withheld | 47.50 |
| 3 Social security wages | 3778.70 |
| 4 Social security tax withheld | 234.28 |
| 9 Advance EIC payment | |
| 5 Medicare wages and tips | 3778.70 |
| 6 Medicare tax withheld | 54.79 |
| 10 Dependent care benefits | |
| 11 Nonqualified plans | |
| 12a | |

e Employee's first name and initial    Last name
CHAKE PETROSSIAN
REDACTED
SUN VALLEY CA 91352

b Employer identification number
13-3324058
14 Other   CASDI   30.23
d Employee's social security number
REDACTED

f Employee's address and ZIP code

| 15 State | Employer's state I.D. number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| CA | 08139842 | 3778.70 | 7.01 | | | |

Copy 2 To Be Filed With Employee's State, City, or Local Income Tax Return   OMB No. 1545-0008   (Rev. February 2002)   Dept. of the Treasury - IRS

**PROOF OF SERVICE**

      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction this service was made. My business address is 2 North Lake Avenue, Suite 930, Pasadena, California 91101.

      On December 9, 2013, I served the following documents on all interested parties in this action as follows: **Defendant's Notice of Removal to Federal Court, Civil Case Cover Sheet, Federal Summons, Certification of Interested Parties, and Conformed Copy of State Complaint**

Nancy P. Doumanian, Esq.
DOUMANIAN & ASSOCIATES
2626 Foothill Blvd., Suite 250
La Crscenta, CA 91214
Telephone: (818) 248-4700
Facsimile: (818) 248-4701

/ X /    (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

/ /    (BY PERSONAL SERVICE) I caused to be delivered by an authorized courier or driver of NATIONWIDE the documents listed above to be received and delivered on the same date by the person(s) listed below.

/ /    (BY OVERNITE EXPRESS) I am readily familiar with the firm's practice for collection and processing correspondence by overnight delivery. Under that practice it would be deposited in a box or other facility regularly maintained by Overnite Express for overnight delivery.

/ /    (BY FACSIMILE) This document was transmitted by using a facsimile machine that complies with the California Rules of Court rule 2.301, telephone number (626) 628-1725. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is on file at the firm. The names and facsimile numbers of the person(s) served are as set forth below.

/ /    (BY EMAIL) By agreement of the parties, I sent a true copy thereof to the last known email address to the identified addresses below.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct. Executed on December 9, 2013, at Pasadena, California.

Amy Cowell